**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **TIFFANY NICOLE DIXON** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No.: 4:26-cv-04418** |
| | § | |
| **HARRIS COUNTY, TEXAS** | § | |
| | § | |
| *Defendant* | § | |

### DEFENDANT HARRIS COUNTY'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendant Harris County (the "County") files its Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support, the County respectfully shows the Court as follows:

### I.    NATURE AND STATE OF PROCEEDING

1. On June 4, 2026, Plaintiff filed her Complaint For Employment Discrimination ("Complaint") (Doc. 1). Plaintiff, a former employee of the County, alleges discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act of 1990 ("ADA") (Doc. 1, p. 3). On June 24, 2026, Plaintiff served the County with summons through a process server (Doc. 6). The County now moves for dismissal of Plaintiff's lawsuit pursuant to FRCP 12(b)(6) because Plaintiff fails to state a claim upon which relief can be granted, and the Complaint must therefore be dismissed as a matter of law.

### II.    RELEVANT FACTS

2. Plaintiff filed her *pro se* Complaint against the County alleging race discrimination and retaliation under Title VII, along with disability discrimination and failure to accommodate under the ADA (Doc. 1, pgs. 4, 5). Plaintiff was formerly employed as a paralegal in the Harris County

District Attorney's Office and was terminated on August 16, 2024 (Doc 1, p. 5). Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on August 30, 2024 (Doc. 1-1, p. 5), and an additional Charge on February 12, 2025 (Doc. 1-1, p. 10).

3. The EEOC issued Plaintiff a Determination and Notice of Rights ("Notice of Right to Sue") on March 5, 2026. (Doc. 1-1, p.1).

4. Plaintiff received her Notice of Right to Sue on March 5, 2026. (Doc. 1, p. 6).

5. Plaintiff filed her Complaint on June 4, 2026, ninety-one (91) days after receiving her Notice of Right to Sue. (Doc. 1).

### III.   ISSUES TO BE RULED UPON BY THE COURT

6. Plaintiff failed to state a claim upon which relief can be granted. A Plaintiff is required to file a Title VII and ADA complaint within 90 days of receiving a Notice of Right to Sue. *See* 42 U.S.C. § 2000e-5 (f)(1) and 42 U.S.C. § 12117(a) (incorporating by reference the procedures applicable to Title VII for actions under the ADA). Plaintiff filed her Complaint ninety-one (91) days after receiving her Notice of Right to Sue. Because Plaintiff did not file the Complaint within ninety (90) days of receipt of her right-to-sue notice, Plaintiff's Complaint fails to state a claim upon which relief can be granted. Therefore, the Court must dismiss Plaintiff's lawsuit in accordance with Fed. R. Civ. P. 12(b)(6).

7. In the alternative, Plaintiff failed to properly exhaust administrative remedies as to allegations in Plaintiff's Charge that arose prior to the 300 day statutory limitation. Having a properly filed Charge is a mandatory prerequisite to filing a civil action. *See Bering v. Tex. Dep't of Criminal Justice-PFCMOD*, No. 02-24-00033-CV, 2024 WL 4455843, at *2 (Tex. App.—Fort Worth Oct. 10, 2024, no pet.). Consequently, such claims are time barred and cannot be the basis for Plaintiff's lawsuit and therefore must be dismissed.

## IV.  STANDARD OF REVIEW

8.  If a complaint fails to state a claim upon which relief can be granted, a trial court may dismiss the complaint as a matter of law.  *See* Fed. R. Civ. P. 12(b)(6); *see also Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002). A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claims stated in the complaint and must be evaluated solely on the basis of the pleadings.  *See Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986); *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996).

9. A charge of discrimination "shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred," except that in states with a state or local fair employment practice agency, the deadline is extended to 300 days. 42 U.S.C. § 2000e-5 and 42 U.S.C. § 12117 (Americans with Disabilities Act incorporates Title VII's enforcement procedures). Texas has a state fair employment practice agency (the Texas Workforce Commission Civil Rights Division). Therefore, plaintiff was required to file his Charge within 300 days of the alleged discriminatory action or lose the ability to recover for it. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002).

## V.  ARGUMENT

### A.  Plaintiff filed her Complaint Outside the 90-Day Statutory Deadline

10. A plaintiff alleging discrimination under Title VII or the ADA must exhaust administrative remedies before filing suit in court. *See* 42 U.S.C. § 2000e-5 and 42 U.S.C. § 12117.

11.  "Exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002).

12. Here, Plaintiff received her Notice of Right to Sue on March 5, 2026:

(Doc. 1, p. 6).

B.　　The Equal Employment Opportunity Commission *(check one)*:

☐　　has not issued a Notice of Right to Sue letter.

☒　　issued a Notice of Right to Sue letter, which I received on *(date)*　March 5, 2026　.

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

13. Both Title VII and the ADA provide that "claimants have ninety days to file a civil action after *receipt* of" the Notice of Right to Sue. *Taylor*, 296 F.3d 376 at 379; *See also* 42 U.S.C. § 2000e-5 (f)(1) and 42 U.S.C. § 12117(a) (incorporating by reference the procedures applicable to Title VII for actions under the ADA).

14. Plaintiff was required to file her Complaint no later than Wednesday, June 3, 2026.

15. Instead, Plaintiff filed her Complaint on Thursday, June 4, 2026. (Doc. 1.)

16. The 90-day filing requirement is strictly construed. *Taylor*, 296 F.3d 376 at 379.

17. Because Plaintiff did not timely file her Complaint, this Court should dismiss her lawsuit outright.

**B. Plaintiff failed to timely exhaust administrative remedies**

In the alternative, the County asserts Plaintiff's allegations in her Charge that were raised untimely should be dismissed. Plaintiff contends that she was discriminated against because of her race and disability and retaliated against by the County (Doc. 1, p. 5). Plaintiff filed her initial EEOC Charge on August 30, 2024 (Doc. 1-1, p. 5) and an additional Charge on February 12, 2025 (Doc. 1-1. P. 10). Based on the dates of the alleged discriminatory actions in her Charges, most of Plaintiff's allegations are untimely. A claimant must file a Title VII discrimination claim with the EEOC within 300 days of the challenged discrimination. *Frank v. Xerox Corp.*, 347 F.3d 130, 136 (5th Cir. 2003). Consequently, any of Plaintiff's employment claims that occurred ***prior to***

*November 11, 2024*, are time-barred. *Id*. This would result in all of Plaintiff's allegations from paragraphs 1 through 7 of Plaintiff's Amended Charge (Doc. 1-1, p. 7-8) being completely dismissed.

While exhaustion is not jurisdictional, it "remains, as it always has, an absolute prerequisite to filing suit." *Griffin v. Inogen*, No. 4:23-CV-411-ALM-KPJ, 2024 WL 4052241, at *3 (E.D. Tex. Aug. 9, 2024), <u>report and recommendation adopted,</u> No. 4:23CV411, 2024 WL 4043452 (E.D. Tex. Sept. 4, 2024). Thus, As Plaintiff failed to exhaust her administrative remedies, her claims under Title VII and ADA that arose prior to November 11, 2024, must be dismissed as a matter of law. *See Donnelly v. Academic Partnerships, LLC,* 2021 WL 462052 at *2 (N.D. Tex. February 9, 2021).

### VI.    <u>CONCLUSION</u>

A.      For the reasons stated above, Plaintiff has failed to state a claim upon which relief can be granted against the County.  Accordingly, the County is entitled to dismissal of all of Plaintiff's claims against it as a matter of law.  In the alternative, the County asserts that the Court must dismiss all claims that are time barred based on Plaintiff's Charge filing date.

B.      The County further prays for such other relief, at law and in equity, to which it may be justly entitled.

Date: July 15, 2026

By:    */s/Radha Thiagarajan*
**RADHA THIAGARAJAN**
Senior Assistant County Attorney
State Bar No. 00784154
Federal Bar No. 20217
Radha.Thiagarajan@harriscountytx.gov
**AMBER MORRISON**
Assistant County Attorney
State Bar No. 24106344

Federal Bar No. 3838165
Amber.Morrison@harriscountytx.gov

**OFFICE OF THE HARRIS COUNTY ATTORNEY**
1010 Lamar, 11TH Floor
Houston, Texas 77002
Tel: (713) 274-5155 (direct)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I certify that on July 15, 2026, a copy of the foregoing document was served upon Plaintiff via certified mail to the address detailed below. I certify this document was also served via the ECF filing system pursuant to the Local Rules and Federal Rules of Civil Procedure.

Tiffany Nicole Dixon
12313 Winebrook Drive
Pearland, Texas 77584
Tdixon2313@yahoo.com
**PRO SE PLAINTIFF**

*/s/ Radha Thiagarajan*
RADHA THIAGARAJAN