**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

United States Courts
Southern District of Texas
F I L E D

AUG 0 4 2026

Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| **TIFFANY NICOLE DIXON** | § | |
| Plaintiff, | § | |
| | § | |
| **V.** | § | Civil Action No. 4:26-cv-04418 |
| | § | |
| **HARRIS COUNTY, TEXAS** | § | |
| Defendant. | § | |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S**
**MOTION TO DISMISS**

COMES NOW, TIFFANY NICOLE DIXON, Plaintiff *pro se*, in the above-captioned civil action, and respectfully files this Response in Opposition to Defendant Harris County's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), and in support thereof would show the Court as follows:

**I. INTRODUCTION**

1. Defendant moves to dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6), arguing primarily that the claims are time-barred under the 90-day filing period and, alternatively, that Plaintiff failed to exhaust administrative remedies.

2. Plaintiff respectfully responds that equitable tolling is available and appropriate under the circumstances of this case because the EEOC investigator provided affirmatively incorrect information regarding when the Notice of Right to Sue would become available.

3. Defendant's exhaustion argument mischaracterizes the effect of Plaintiff's amended EEOC charge.

4. Defendant fails to explain the basis for its purported November 11, 2024 cutoff date.

5. Plaintiff adequately exhausted her administrative remedies before filing this action.

6. Accordingly, Defendant's Motion to Dismiss should be denied in its entirety.

## II. FACTUAL AND PROCEDURAL BACKGROUND

The procedural history of this matter extends beyond the filing of Plaintiff's original EEOC Charge. Because Defendant's Motion challenges the timeliness of Plaintiff's claims, the legal effect of the amended Charge, and Plaintiff's exhaustion of administrative remedies, the chronology below includes those events necessary to place the disputed issues in their proper context. Several post-charge events are included because they explain why Plaintiff sought to amend her Charge and because Defendant's Motion places those matters at issue. The Court may therefore read the chronology not merely as a recitation of dates, but as the factual context necessary to understand the arguments that follow.

7. Plaintiff was initially employed by Harris County in January 2019 through a staffing agency. She was officially hired on or about March 11, 2019 as a Paralegal and assigned to the Asset Forfeiture Division of the Harris County District Attorney's Office ("HCDAO").

8. Plaintiff was placed on paid administrative leave on August 5, 2024, without receiving any formal discipline or being placed on any Performance Improvement Plan ("PIP").

9. Plaintiff was given the option to resign or be fired on August 15, 2024 during a telephone call with HCDAO Human Resources Director Elizabeth Stevens.

10. Plaintiff's employment was terminated on Friday, August 16, 2024, after Plaintiff informed Ms. Stevens that she would not resign because she believed she had acted within her rights and had not engaged in conduct warranting termination.

11. On Monday, August 19, 2024, Plaintiff initiated the administrative process to file a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") in person at its Houston District Office.

12. On August 30, 2024, Plaintiff executed the initial charge of discrimination under EEOC Charge No. 460-2024-08085.

13. On or about September 19, 2024, members of the Asset Forfeiture Division met, in part, to discuss a litigation preservation email issued after Defendant received notice of Plaintiff's EEOC Charge of Discrimination.

14. On or about September 19, 2024, Plaintiff also contacted the Texas Workforce Commission Civil Rights Division ("TWCCRD") regarding EEOC Charge No. 460-2024-08085. TWCCRD subsequently advised Plaintiff that the EEOC had retained jurisdiction over the charge, that the matter had been dual-filed, and that TWCCRD would dismiss its duplicate proceeding. Plaintiff was directed to continue pursuing her administrative remedies through the EEOC.

15. On September 20, 2024, Plaintiff contacted the U.S. Department of Labor ("DOL") regarding her discrimination claims. On October 2, 2024, a Department of Labor investigator advised Plaintiff that the EEOC was the appropriate agency to handle her claims.

16. On or about September 25, 2024, the Human Resources Director, Elizabeth Stevens, announced her resignation, which was to be effective the following month in October 2024. This heightened Plaintiff's concerns regarding the preservation of evidence.

17. On or about October 8, 2024, Plaintiff learned that Shannon Burkhart, a Paralegal assigned to the Asset Forfeiture Division and identified in Plaintiff's original EEOC Charge, had

admitted deleting information after the issuance of a litigation preservation directive. Plaintiff viewed this information as evidence of potential spoliation and requested that the EEOC draw an adverse inference.

18. On or about October 10, 2024, the Texas Workforce Commission ("TWC") issued a determination finding, "Our investigation found that your employer fired you for a reason that was not misconduct connected with the work." This rendered Plaintiff eligible for unemployment benefits.

19. Also on October 10, 2024, Asset Forfeiture Division Chief Michael Butera announced that paralegal caseloads would be reassigned to attorneys, substantially reducing the duties performed by the Division's paralegals. Plaintiff contends this action was retaliatory.

20. On or about October 25, 2024, Defendant submitted its Position Statement to the EEOC.

21. On December 7, 2024, Plaintiff provided her Personal Statement and rebuttal to the Defendant's Position Statement to the EEOC, which included a request that the EEOC amend her charge of discrimination to include additional background information and new allegations of retaliation and spoliation that arose after the original filing.

22. On February 12, 2025, the EEOC finalized the Amended Charge under the same charge number (460-2024-08085) and expressly identified itself as an amendment to Plaintiff's original Charge rather than as a new or separate charge.

23. On March 5, 2026, EEOC Investigator Samantha Salazar advised Plaintiff by telephone that the EEOC had completed its investigation and would be issuing a Determination and Notice of Rights. During that conversation, Investigator Salazar stated that the Notice of

Right to Sue would be available the following day, March 6, 2026, and asked Plaintiff to allow until that date for the Notice to become available. Plaintiff contemporaneously recorded the conversation.

24. Plaintiff filed her Original Complaint on June 4, 2026.

### III. LEGAL STANDARD

#### A. Rule 12(b)(6) Standard

25. Under Federal Rule of Civil Procedure 12(b)(6), the Court must accept the complaint's well-pleaded factual allegations as true and draw all reasonable inferences in Plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint survives if it contains sufficient factual matter to state a claim that is plausible on its face. *Iqbal*, 556 U.S. at 678. Plaintiff is not required to prove her case at this stage; she need only plead a plausible claim for relief. At this stage, the Court does not resolve factual disputes, weigh evidence, or determine the ultimate merits of Plaintiff's claims. *See Twombly*, 550 U.S. at 556.

26. In evaluating a motion under Rule 12(b)(6), the Court may consider the complaint, documents attached to or incorporated by reference in the complaint, and matters of which the Court may take judicial notice. *See Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).

27. Additionally, because Plaintiff proceeds *pro se*, her pleadings are entitled to liberal construction and are held to a less stringent standard than pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even so, a *pro se* complaint must still allege sufficient facts to state a plausible claim for relief. *Iqbal*, 556 U.S. 662, 678 (2009).

**B. Timeliness, Exhaustion, and Equitable Tolling**

28. Before bringing suit under Title VII or the Americans with Disabilities Act ("ADA"), a plaintiff generally must exhaust her administrative remedies by filing a timely charge of discrimination with the EEOC and commencing a civil action within ninety (90) days after receipt of the Notice of Right to Sue. Although mandatory, these requirements are claim-processing rules rather than jurisdictional prerequisites and therefore remain subject to equitable doctrines, including waiver, estoppel, and equitable tolling where appropriate. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Melgar v. T.B. Butler Publ'g Co.*, 931 F.3d 376, 380 (5th Cir. 2019).

29. The Fifth Circuit has recognized that equitable tolling is available in limited circumstances where a plaintiff has diligently pursued her rights but extraordinary circumstances prevented timely compliance with the applicable filing requirements. The doctrine may be appropriate where: (1) a suit between the same parties is pending in the wrong forum; (2) the plaintiff was unaware of the facts giving rise to the claim because of the defendant's intentional concealment; or (3) the EEOC misled the plaintiff regarding the nature of her rights. *Melgar v. T.B. Butler Publ'g Co.*, 931 F.3d 376, 380 (5th Cir. 2019); *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 881 (5th Cir. 2003).

30. The Fifth Circuit has further recognized that these traditional categories are *not exhaustive* and that other equitable circumstances may likewise warrant tolling. *Melgar*, 931 F.3d at 381 (citing *Hood v. Sears Roebuck & Co.*, 168 F.3d 231, 232 (5th Cir. 1999)).

31. Likewise, EEOC regulations expressly provide that an amendment to a timely filed charge may relate back to the date the original charge was received when the amendment cures technical defects or omissions, clarifies or amplifies allegations, or alleges additional acts that are related to or grow out of the subject matter of the original charge. 29 C.F.R. § 1601.12(b).

Under this regulation, qualifying amendments are treated as part of the original administrative charge rather than as separate charges. *See Edelman v. Lynchburg College*, 535 U.S. 106 (2002) (upholding the validity of 29 C.F.R. § 1601.12(b)'s relation-back provision).

## IV. TIMELINESS AND EQUITABLE TOLLING

**A. The EEOC Provided Affirmatively Incorrect Information Regarding the Availability of the Notice of Right to Sue**

32. Plaintiff respectfully submits that, to the extent the Court concludes this action was filed outside the statutory filing period, equitable tolling is warranted under the Fifth Circuit's recognition that tolling may apply when the EEOC gives a claimant affirmatively incorrect information that leads to an untimely filing. *See Manning v. Chevron Chem. Co.*, 332 F.3d at 881 (5th Cir. 2003); *Ramirez v. City of San Antonio*, 312 F.3d 178, 184 (5th Cir. 2002) (requiring a showing that the EEOC gave information that was "affirmatively wrong").

33. On March 5, 2026, EEOC Investigator Samantha Salazar, the investigator assigned to Plaintiff's charge, contacted Plaintiff by telephone to advise that the EEOC had completed its investigation and would not pursue further administrative action. During that conversation, and without prompting or inquiry from Plaintiff regarding the timing of the issuance of the Notice of Right to Sue, Investigator Salazar affirmatively volunteered that she needed until the following day, March 6, 2026, to upload the Determination and Notice of Rights to the EEOC Public Portal. Specifically, Investigator Salazar asked Plaintiff to "give [her] by tomorrow and [she] should have the Right to Sue uploaded."

34. Plaintiff bears the burden of establishing that equitable tolling is warranted. *Ramirez v. City of San Antonio*, 312 F.3d 178, 184 (5th Cir. 2002). As the Fifth Circuit has explained, "[i]t is not sufficient . . . to show that the EEOC failed to give [a plaintiff] some relevant

information; [a plaintiff] must demonstrate that the EEOC gave [her] information that was affirmatively wrong." Id. (quoted in *Weathers v. Houston Methodist Hosp.*, 116 F.4th 324 (5th Cir. 2024)).

35. Plaintiff has a contemporaneous recording of EEOC Investigator's statement. Plaintiff has preserved the complete, unedited audio recording of the March 5, 2026 telephone conversation. Plaintiff has intentionally quoted only those portions of the conversation relevant to this response to Defendant's Motion and, should the Court deem it necessary, is prepared to provide the complete recording to the Court and Defendant so that the conversation may be evaluated in its full context.

36. The EEOC Investigator's representation was ultimately inconsistent with the EEOC's subsequent actions. The Notice of Rights itself is dated March 5, 2026. The investigator's affirmative representation that the Notice would not be available until March 6 constituted affirmatively wrong information from the EEOC concerning the timing of the Notice and, by extension, what would be considered as the actual commencement of the 90-day filing period.

37. Plaintiff reasonably relied upon the EEOC investigator's affirmative representations in calculating the applicable filing deadline. To the extent the Court determines that the Complaint was filed one day beyond the statutory period, Plaintiff respectfully submits that such delay should be equitably tolled because any delay was influenced by the EEOC's own affirmative representations rather than by any lack of diligence on Plaintiff's part. Plaintiff diligently pursued her administrative remedies and filed this action in accordance with her understanding of the information provided by the EEOC investigator.

**B. Alternatively, Extraordinary Circumstances Warrant Equitable Tolling**

38. Even if the Court concludes that Plaintiff has not established the traditional "EEOC misleading" category, equitable tolling remains available. The Fifth Circuit has recognized that the three traditional circumstances are not exhaustive and that other bases may warrant tolling. *Melgar v. T.B. Butler Publ'g Co.*, 931 F.3d 376, 381 (5th Cir. 2019) (citing *Hood v. Sears Roebuck & Co.*, 168 F.3d 231, 232 (5th Cir. 1999)); *see* also *Weathers v. Houston Methodist Hosp.*, 116 F.4th 324 (5th Cir. 2024).

39. In *Weathers*, the Fifth Circuit reversed the district court's refusal to apply equitable tolling because it failed to consider all relevant equitable factors, including delays and other equitable factors attributable to the EEOC's handling of the administrative process. The Court explained that a district court abuses its discretion when it fails to consider "relevant factor[s] that should have been given significant weight." *Weathers*, 116 F.4th at 330 (quoting *PHH Mortg. Corp. v. Old Republic Nat'l Title Ins. Co.*, 80 F.4th 555, 559 (5th Cir. 2023)).

40. The Fifth Circuit has repeatedly emphasized that delays or errors attributable to the EEOC are highly relevant in the equitable-tolling analysis and has declined to penalize claimants for mistakes or delays attributable to the EEOC. *Weathers*, 116 F.4th at 330–31 (discussing *Melgar*, 931 F.3d 376 (5th Cir. 2019); *Granger v. Aaron's, Inc.*, 636 F.3d 708 (5th Cir. 2011); *Galvan v. Bexar County*, 785 F.2d 1298 (5th Cir. 1986); *Price v. Southwestern Bell Tel. Co.*, 687 F.2d 74 (5th Cir. 1982); and *McKee v. McDonnell Douglas Tech. Servs. Co.*, 700 F.2d 260 (5th Cir. 1983)).

41. Here, the EEOC investigator's contemporaneously recorded statement regarding when the Notice of Right to Sue would become available is likewise a relevant equitable factor entitled to significant weight under *Weathers*. That representation created a reasonable understanding that the Notice would not be available until March 6, 2026. Plaintiff, proceeding

without the assistance of counsel during the EEOC process, reasonably relied upon the investigator's representation while diligently pursuing her rights throughout the administrative proceedings. Indeed, as the Fifth Circuit observed in *Price v. Southwestern Bell Tel. Co.*, 687 F.2d 74 (5th Cir. 1982), and later discussed in *Melgar* and *Weathers*, "it would not be unreasonable for [a claimant], unschooled in the law and without the aid of counsel, to take no further action" based upon the EEOC's communications.

42. To the extent the Court concludes that Plaintiff's Complaint was filed one day beyond the statutory period, any such delay was influenced by the EEOC's own communication rather than by any lack of diligence on Plaintiff's part. As in *Weathers*, the minimal length of the delay, Plaintiff's diligence, and the EEOC's role in creating the delay weigh strongly in favor of equitable tolling.

**C. Plaintiff Acted Diligently**

43. Additionally, Plaintiff bears the burden of showing diligence. *Ramirez v. City of San Antonio*, 312 F.3d 178, 184 (5th Cir. 2002). She has met that burden.

44. Plaintiff, proceeding *pro se*, diligently pursued her rights throughout the administrative process and did not sleep on those rights. She promptly initiated EEOC proceedings following her termination, timely executed her Charge of Discrimination, submitted a rebuttal and request for amendment after Defendant filed its Position Statement, cooperated with the EEOC throughout its investigation, and commenced this action based upon her understanding of the information provided by the assigned EEOC investigator.

45. Plaintiff did not initiate the March 5, 2026 telephone call. The EEOC investigator contacted her to report that the investigation was complete and that a Notice of Right to Sue would be issued. During that call, the investigator volunteered, without prompting, that the

Notice would be available the following day, March 6, 2026. Plaintiff reasonably relied on that representation, calculated the 90-day filing period from March 6, and filed this action on the day she understood to be the deadline. The resulting shortfall, if any, is only one day and was not the product of inattention or delay on Plaintiff's part.

46. The Fifth Circuit has long held that equitable tolling may apply where a claimant has vigorously pursued her action but inadvertently missed a deadline due to lack of sophistication with the procedural requirements of Title VII. *Rowe v. Sullivan*, 967 F.2d 186, 192 (5th Cir. 1992); *see also Weathers*, 116 F.4th 324, 330 (5th Cir. 2024); *Granger*, 636 F.3d 708, 712 (5th Cir. 2011) (noting that the Court is "more forgiving" when a claimant has exercised due diligence).

47. Defendant suffers ***no meaningful prejudice*** from a one-day difference in filing. As the Fifth Circuit observed in *Weathers*, the absence of prejudice remains an appropriate equitable consideration once a basis for tolling has been identified. *See Weathers*, 116 F.4th at 331.

## V. TIMELINESS OF THE EEOC CHARGE

### A. Plaintiff Timely Exhausted Her Administrative Remedies

48. Before commencing this action, Plaintiff fully exhausted her administrative remedies as required under Title VII and the Americans with Disabilities Act. Plaintiff timely initiated the administrative process by appearing in person at the EEOC's Houston District Office on August 19, 2024, three days after the termination of her employment. Plaintiff thereafter executed a formal Charge of Discrimination on August 30, 2024, under EEOC Charge No. 460-2024-08085. (Original Charge.)

49. Throughout the administrative process, Plaintiff actively participated in the EEOC's investigation. After Defendant submitted its Position Statement, Plaintiff timely submitted a

written rebuttal together with a detailed Personal Statement and requested that the EEOC amend her Charge to include additional factual allegations and post-charge events that had arisen during the pendency of the investigation. (Ex. A.) The EEOC accepted Plaintiff's request, continued processing the matter under the same Charge Number and investigation, and ultimately finalized the Amended Charge on February 12, 2025. (Amended Charge.)

50. During the EEOC's investigation, Plaintiff developed concerns regarding potential spoliation of evidence and additional retaliatory conduct occurring after the filing of her original Charge. As a result, Plaintiff requested that the EEOC amend her pending Charge to include those related allegations on December 8, 2024. At no point during the EEOC proceedings was Plaintiff instructed that she was required to file a separate administrative charge regarding the additional allegations contained in her requested amendment.

51. Plaintiff also diligently pursued every administrative avenue reasonably available to her. On September 19, 2024, Plaintiff contacted the Texas Workforce Commission Civil Rights Division, which advised that EEOC Charge No. 460-2024-08085 had already been dual-filed, that the EEOC had retained jurisdiction over the Charge, and that TWCCRD would not investigate the same allegations. (Ex. B-1.) Plaintiff nevertheless attempted to pursue a complaint before the TWCCRD. On September 30, 2024, TWCCRD confirmed that it was dismissing Plaintiff's inquiry as a duplicate because the matter was already pending before the EEOC. (Exs. B-2, B-3.)

52. Plaintiff likewise contacted the United States Department of Labor on September 20, 2024 regarding her allegations and was advised that the EEOC was the appropriate agency to investigate her discrimination claims. Plaintiff preserved approximately three contemporaneous recordings of those conversations with the DOL and will produce them in their entirety if requested.

53. Those communications with the TWCCRD and DOL confirmed that the EEOC was the proper agency to continue processing Plaintiff's Charge and reinforced Plaintiff's understanding that she had pursued the appropriate administrative forum before commencing this action.

54. The EEOC did not dismiss Plaintiff's Charge for failure to exhaust administrative remedies, untimeliness, or any procedural defect. After completing its administrative processing of Plaintiff's Charge, the EEOC issued its Determination and Notice of Rights authorizing Plaintiff to pursue her claims in federal court. Plaintiff thereafter commenced this action. (Notice of Right to Sue.) Accordingly, before commencing this civil action, Plaintiff completed the administrative process required under Title VII and the ADA and fully exhausted her administrative remedies. *See* 29 C.F.R. § 1601.28. The only remaining dispute, therefore, concerns the legal effect of Plaintiff's February 12, 2025 amended Charge, not whether Plaintiff exhausted her administrative remedies.

**B. The EEOC Treated the February 12, 2025 Filing as an Amendment**

55. The EEOC's own handling of Plaintiff's administrative case demonstrates that it treated the February 12, 2025 filing as an amendment to the original Charge of Discrimination rather than as a new or separate administrative charge. The EEOC retained the same Charge Number (460-2024-08085), continued the same administrative investigation with the same assigned investigator, and ultimately issued a single Determination and Notice of Rights upon completion of its administrative processing. (Original Charge; Amended Charge; Notice of Right to Sue.) The EEOC never treated Plaintiff's amendment as requiring a separate administrative disposition.

56. Further, the EEOC did not require Plaintiff to initiate a new administrative proceeding, assign a new Charge Number, or assign a different investigator. Rather, the same EEOC investigator, Samantha Salazar, who initially handled Plaintiff's intake remained assigned to the Charge throughout the administrative process, including the amendment.

57. Defendant's characterization of the February 12, 2025 filing as an "additional charge" is therefore inconsistent with the manner in which the EEOC itself processed the matter. As discussed below, the legal significance of the EEOC's treatment is consistent with the EEOC's own regulations governing amendments to charges of discrimination.

**C. The Amendment Related Back to the Original Charge Under 29 C.F.R. § 1601.12(b)**

58. Defendant repeatedly characterizes Plaintiff's February 12, 2025 filing as an "additional charge." That characterization is inconsistent with the administrative record. On December 8, 2024, Plaintiff expressly submitted a document to the EEOC Portal entitled "Charging Party's Request for First Amendment of EEOC Charge Number 460-2024-08085," in which she specifically requested that the EEOC amend her original Charge and incorporate additional allegations into the pending administrative proceeding. (Ex. A.)

59. Plaintiff's request for amendment did not present new allegations in isolation. Rather, on or about December 8, 2024, Plaintiff simultaneously submitted her rebuttal to Defendant's Position Statement, supporting evidence, and her request for amendment to the EEOC Portal. The rebuttal addressed each of Defendant's assertions, responded to its defenses, and set forth in detail the additional factual allegations, supporting evidence, and related events that had arisen since the filing of the original Charge. The request for amendment simply asked the EEOC to formally incorporate those allegations into the existing Charge as part of the ongoing administrative investigation.

60. The Defendant's characterization of Plaintiff's Amended Charge is also inconsistent with the governing EEOC regulation. Under 29 C.F.R. § 1601.12(b), a timely filed charge "may be amended to cure technical defects or omissions, ... to clarify and amplify allegations made therein," and to allege "additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge." The regulation further provides that qualifying amendments "will relate back to the date the charge was first received."

61. Plaintiff's requested amendment falls squarely within that regulation. The amendment did not identify a new respondent, assert an unrelated employment dispute, or initiate a separate administrative proceeding. Instead, it provided additional factual detail, clarified and amplified allegations already before the EEOC, and included additional allegations concerning preservation of evidence and retaliation that arose during the pendency of the EEOC's investigation and grew out of the same nucleus of operative facts and subject matter underlying the original Charge.

62. Further, Defendant's apparent position assumes that Plaintiff's February 12, 2025 Amended Charge superseded or nullified the original Charge of Discrimination. Neither the EEOC's regulations nor the administrative record supports that conclusion. Rather, the amended Charge supplemented the original Charge by clarifying and amplifying existing allegations and incorporating additional related acts arising during the pendency of the EEOC investigation. Pursuant to 29 C.F.R. § 1601.12(b), qualifying amendments become part of the original administrative charge and relate back to the date the charge was first received; they do not extinguish the original Charge or create a new administrative filing date. Defendant's contrary characterization is therefore inconsistent with both the governing regulation and the EEOC's handling of Plaintiff's administrative case.

63. The Supreme Court has upheld the validity of 29 C.F.R. § 1601.12(b)'s relation-back provision and the EEOC's authority to permit qualifying amendments that relate back to the original filing date. *Edelman v. Lynchburg College*, 535 U.S. 106 (2002). Consequently, Defendant's attempt to characterize Plaintiff's amendment as a separate administrative charge is inconsistent with both the governing regulation and the Supreme Court's recognition of the EEOC's amendment procedure.

**D. Earlier Acts Remain Relevant to Plaintiff's Claims and Were Properly Preserved**

64. Because Plaintiff's February 12, 2025 amendment related back to the date of the original Charge pursuant to 29 C.F.R. § 1601.12(b), the factual allegations contained in the original Charge remained properly before the EEOC throughout the administrative process. The amendment did not abandon, supersede, or narrow Plaintiff's original allegations; rather, it clarified, amplified, and supplemented those allegations with related events that occurred while the EEOC investigation remained pending.

65. Accordingly, the earlier acts alleged in Plaintiff's original Charge were properly preserved for administrative review and remain relevant to Plaintiff's claims in this action. Any suggestion that the earlier allegations were abandoned or rendered irrelevant by treating the amendment as a separate administrative charge is inconsistent with both the EEOC's regulation and the administrative record. The earlier acts alleged in the original Charge therefore remain properly exhausted and relevant to Plaintiff's claims in this lawsuit.

**E. Defendant Improperly Seeks Dismissal of Allegations Properly Included in the Amended Charge**

66. Defendant asks the Court to dismiss all allegations contained in paragraphs 1 through 7 of Plaintiff's Amended Charge on the theory that those allegations became subject to a new

300-day limitations period when the EEOC finalized Plaintiff's amendment on February 12, 2025. That argument rests entirely upon Defendant's incorrect characterization of the amended Charge as an "additional charge." Because Plaintiff's amendment related back to the date the original Charge was received pursuant to 29 C.F.R. § 1601.12(b), Defendant's proposed November 11, 2024 cutoff has no basis under the governing regulation.

**F. Defendant's Purported November 11, 2024 Cutoff Date is Unsupported**

67. Defendant asserts that claims arising before November 11, 2024 are time-barred. Defendant, however, provides no explanation of how that date was calculated, identifies no triggering event from which a 300-day period was measured, and cites no authority supporting the calculation. As a result, the basis for Defendant's proposed cutoff is not apparent from the Motion.

68. More fundamentally, the cutoff rests on Defendant's incorrect premise that the February 12, 2025 Amended Charge constituted a new administrative charge that started a fresh 300-day limitations period. That premise is wrong. As demonstrated above, the EEOC treated the February 12, 2025 filing as an amendment to the original Charge under the same charge number, the same investigation, and the same file. Under 29 C.F.R. § 1601.12(b), a qualifying amendment relates back to the date the original Charge was received. *See Edelman*, 535 U.S. 106 (2002). Because the amendment related back, no new 300-day period began on February 12, 2025, and Defendant's proposed November 11, 2024 cutoff date has no legal foundation.

69. The allegations contained in both the original Charge and the Amended Charge were properly before the EEOC and remain timely and exhausted.

## VI. DEFENDANT HAS FAILED TO ESTABLISH ITS TIMELINESS DEFENSE

**A. Defendant Has Not Explained How the 300-Day Period Was Calculated**

70. Before the Court reaches the merits of Defendant's timeliness argument, it must first address a threshold deficiency in the Motion: Defendant never explains how it arrived at the November 11, 2024 cutoff date.

71. Defendant asserts that claims arising before November 11, 2024 are time-barred. Defendant, however, provides no explanation of how that date was calculated, identifies no triggering event from which a 300-day period was measured, and cites no authority supporting the calculation. The basis for the specific date Defendant has chosen is simply not apparent from the Motion. The Motion therefore provides the Court with no legal or factual basis upon which to evaluate the validity of Defendant's proposed cutoff date.

72. In addition, the cutoff rests on the premise that the February 12, 2025 Amended Charge started a new 300-day limitations period. As demonstrated in Section V, that premise is incorrect. The amendment related back to the original Charge under 29 C.F.R. § 1601.12(b). No new 300-day limitations period commenced on February 12, 2025, and Defendant's November 11, 2024 date therefore has no legal foundation.

**B. At a Minimum, Defendant's Timeliness Arguments Present Issues Unsuitable for Resolution on a Rule 12(b)(6) Motion**

73. A motion under Rule 12(b)(6) tests only the legal sufficiency of the complaint, accepting the well-pleaded factual allegations as true and drawing all reasonable inferences in the plaintiff's favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Dyer v. Houston*, 964 F.3d 374, 379 (5th Cir. 2020). It is not the

proper vehicle for resolving disputed factual questions or for making definitive rulings on issues that depend on a developed evidentiary record.

74. Defendant's timeliness arguments—both the 90-day Right-to-Sue deadline and the proposed November 11, 2024 cutoff—turn on precisely such questions. These include:

- the timing and circumstances of Plaintiff's receipt of the Notice of Right to Sue;

- the content and effect of the EEOC investigator's March 5, 2026 statements;

- the legal effect of the EEOC's treatment of Plaintiff's February 12, 2025 amendment under 29 C.F.R. §1601.12(b); and

- whether the specific circumstances warrant equitable tolling.

75. Although Defendant presents its timeliness arguments as purely legal issues, resolution of several of those arguments depends upon disputed factual matters and the application of law to a developed factual record. In particular, Plaintiff's equitable tolling argument turns on the circumstances surrounding the EEOC's communications with Plaintiff and Plaintiff's reliance upon those communications. Those issues extend beyond the face of the pleadings and therefore are not appropriately resolved on a Rule 12(b)(6) motion.

76. Even if the Court is not fully persuaded by Plaintiff's equitable-tolling or relation-back arguments at this stage, the existence of these fact-dependent issues supplies an independent reason to deny the Motion. At a minimum, the pleadings and matters properly considered under Rule 12(b)(6) do not conclusively establish that Plaintiff's claims are time-barred. Again, these issues should be resolved on a more fully developed evidentiary record rather than on a Rule 12(b)(6) motion.

## C. Even Under Defendant's Theory, Dismissal is Inappropriate

77. Even if the Court were to accept every premise underlying Defendant's timeliness arguments, including Defendant's characterization of the Amended Charge, its proposed November 11, 2024 cutoff date, and its contention that Plaintiff's Complaint was untimely filed, dismissal would still not be the proper remedy.

78. Any allegations Defendant contends are administratively untimely under its proposed November 11, 2024 cutoff date arise from the same nucleus of operative facts and the same alleged course of conduct as the timely allegations of discrimination, retaliation, and disability discrimination. Because Defendant's timeliness arguments depend upon both legal and factual issues, including the application of equitable tolling and the effect of Plaintiff's amended EEOC Charge, the more appropriate course is to permit further development of the record rather than dismiss portions of the Complaint at the pleading stage. *See Weathers*, 116 F.4th 324 (5th Cir. 2024) (remanding for further proceedings after concluding equitable tolling applied).

79. Defendant likewise has not demonstrated that it would suffer any meaningful prejudice if this action proceeds. Defendant received notice of Plaintiff's allegations during the EEOC proceedings, responded to those allegations, twice, in each of its Position Statements, and had the opportunity to address Plaintiff's rebuttal and request for amendment before the EEOC concluded its investigation. Under these circumstances, Defendant has not shown that allowing Plaintiff's claims to proceed beyond the pleading stage would result in unfair surprise or prejudice.

80. In short, even under Defendant's own theory of the case, the proper course is to deny the Motion to Dismiss and permit the parties to develop the factual record through the ordinary course of litigation. Defendant has not demonstrated that Rule 12(b)(6) provides a basis for

dismissing Plaintiff's claims as a matter of law. A Rule 12(b)(6) dismissal on limitations grounds is appropriate only when the complaint itself affirmatively demonstrates that the action is time-barred and fails to raise any basis for tolling or avoidance. Here, Plaintiff has alleged facts supporting both equitable tolling and the relation-back of her amended EEOC Charge.

## VII. CONCLUSION & PRAYER

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss in its entirety. Plaintiff respectfully submits that her Complaint was timely filed or, alternatively, that equitable tolling applies under the circumstances presented. Plaintiff has further demonstrated that she timely exhausted her administrative remedies, that her February 12, 2025 Amended Charge properly related back to her original Charge pursuant to 29 C.F.R. § 1601.12(b), and that Defendant has failed to establish any legal or factual basis for its proposed November 11, 2024 cutoff date.

Should the Court conclude that any portion of Plaintiff's Complaint requires clarification or additional factual allegations, Plaintiff respectfully requests leave to amend rather than dismissal with prejudice. Leave to amend is particularly appropriate where a plaintiff proceeds pro se and any perceived pleading deficiency may be cured through amendment. Fed. R. Civ. P. 15(a)(2); *see also Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Brown v. Brown*, 842 F. App'x 948, 949 (5th Cir. 2021) ("Generally a district court errs in dismissing a pro se complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend.").

WHEREFORE, PREMISES CONSIDERED, Plaintiff, TIFFANY NICOLE DIXON, appearing *pro se*, respectfully prays that Defendant's Motion to Dismiss be denied in its entirety,

that this action proceed on the merits, and that Plaintiff be granted such other and further relief,

at law or in equity, to which she may be justly entitled.

Respectfully submitted,

Tiffany Nicole Dixon
Plaintiff Pro Se
12313 Winebrook Drive
Pearland, Texas 77584
Telephone: (281) 450-4674
Telephone: (737) 382-0187
Tdixon2313@yahoo.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **TIFFANY NICOLE DIXON** | § | |
| Plaintiff, | § | |
| | § | |
| -v- | § | **Civil Action No. 4:26-cv-04418** |
| | § | |
| **HARRIS COUNTY, TEXAS** | § | |
| Defendant. | § | |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Plaintiff's Response in Opposition to Defendant's Motion to Dismiss was served upon Defendant, **HARRIS COUNTY, TEXAS**, through its counsel of record:

**Radha Thiagarajan**
Senior Assistant County Attorney

**Amber Morrison**
Assistant County Attorney

Office of the Harris County Attorney
1010 Lamar, 11th Floor
Houston, Texas 77002

via United States Certified Mail, Return Receipt Requested (USPS Tracking No. 9589 0710 5270 3826 9636 17) and by United States First-Class Mail, on this **4**th day of **August**, 2026.

Respectfully submitted,

Tiffany Nicole Dixon
Plaintiff Pro Se
12313 Winebrook Drive
Pearland, Texas 77584
Telephone: (281) 450-4674
Telephone: (737) 382-0187
Tdixon2313@yahoo.com