## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **TIFFANY NICOLE DIXON** | § | |
| Plaintiff, | § | |
| | § | |
| **-v-** | § | **Civil Action No. 4:26-cv-04418** |
| | § | |
| **HARRIS COUNTY, TEXAS** | § | |
| Defendant. | § | |

### LIST OF EXHIBITS

Exhibit A    Plaintiff's December 8, 2024 Request for First Amendment of EEOC Charge No. 460-2024-08085

Exhibit B    Communications with the Texas Workforce Commission Civil Rights Division

- B-1  September 19, 2024 email from Alex Stewart

- B-2  September 30, 2024 email dismissing inquiry as duplicate

- B-3  September 30, 2024 email and attached TWCCRD Inquiry Transfer Notice letter



Tiffany Dixon
12313 Winebrook Drive
Pearland, Texas 77584
Phone: (281) 450-4674
E-mail: Tdixon2313@yahoo.com

December 8, 2024

Equal Employment Opportunity Commission – Houston District Office
Mickey Leland Federal Building
1919 Smith Street, 6th Floor
Houston, TX 77002

Re: Charging Party's Request for First Amendment of EEOC Charge Number 460-2024-08085

To Whom It May Concern:

I respectfully request to amend my original EEOC charge to incorporate additional claims and clarifications regarding the discrimination and retaliation I experienced during my employment. As outlined in my response to the Respondent's position statement, I have already included the proposed amended language that further details the incidents and actions that support my claims. I kindly ask that the EEOC formally accept this amended language as part of my charge to ensure that all relevant facts and issues are considered during the investigation.

The amended language is as follows:

I. In Spring 2023, I observed a significant disparity in the assignment of new cases within the Asset Forfeiture Division, with the majority being disproportionately assigned to my fellow paralegals, Dionda Jones and Patricia Smith. Chief Alexis Mitchell, under the direction of then-Division Chief Angela Beavers, was responsible for the disbursement of these cases. I believe cases were assigned to Ms. Smith to obscure the fact that Ms. Jones was the true target of this inequitable workload. During this time, I drafted a 128 Motion to Compel with approximately 90 pages of exhibits for a monetary seizure case, which Alexis settled around February 14, 2023, without consultation with myself or Mrs. Beavers, whom had set the final settlement offer. The settlement offer made my efforts to draft the motion immediately moot.

Additionally, I noticed that Mrs. Mitchell ensured the least amount of cases were assigned to herself and her paralegal, Ms. Burkhart, further highlighting inequities in the distribution process. On August 7, 2023, Ms. Beavers confronted Mrs. Mitchell about these practices in the presence of Ms. Jones, and on August 15, 2023, I personally confronted Mrs. Mitchell regarding her handling of my case. Following these events and the investigation initiated by Ms. Beavers, I believe Mrs. Mitchell retaliated against both me and Ms. Jones."

On or about August 11, 2023, while Ms. Beavers was assigning new tasks to the Asset Forfeiture paralegals, I suggested that the paralegals renew our previous proposal to petition the DA Administration for a raise. On August 15, 2023, I confronted Mrs. Mitchell about her decision to settle one of my cases without ever working on or supervising it herself.

On or about August 25, 2023, Mrs. Stevens arranged a meeting with District Attorney Kim Ogg and First Assistant Chief of Staff Vivian King to ambush Ms. Beavers, only revealing that the meeting was to address "some paralegal issues."

On August 30, 2023, Mrs. Stevens and Mrs. King informed the paralegals that they were taking away the paralegals ability to extend settlement offers and that they would be reviewing the Asset Forfeiture system for changes. During this meeting, I personally handed Mrs. Stevens a copy of the most recent paralegal proposal and informed her that we were preparing another one to ask for a raise.

On or about September 1, 2023, Mrs. Mitchell submitted a proposal, without Ms. Beavers' review, to Human Resources Director Elizabeth Stevens, recommending a 'to-do' system that would transfer all paralegal caseloads to attorneys. This proposal appeared to be an effort by Mrs. Stevens and Mrs. Mitchell to extinguish the paralegals' leverage for wage negotiations and as retaliation by Mrs. Mitchell for confronting her for her actions in settling my case for a high settlement amount without my knowledge or the knowledge of Ms. Beavers.

Starting in or about October 2023, I was subjected to a hostile working environment and repeated harassment by my new supervising attorney, Ms. Cornelia Hartman. I reported to Ms. Beavers that I was being targeted and singled out for discipline disparately by Ms. Hartman, in combination with Mrs. Mitchell, numerous times in the form of repeated tattle-telling. To my knowledge, Ms. Hartman would say to Ms. Smith that she "missed [her]" during the height of Ms. Hartman's complaints against me, which coincided with my attempt to notify Ms. Beavers of the racially discriminatory environment created by Ms. Hartman. Ms. Hartman has complained about the looks on my face during meetings, nitpicking between if I brought a laptop or a notepad to meetings, wrongfully accused me of creating and transmitting settlement documents to opposing counsel without her review, wrongfully accused me of forging her signature on official documents, and repeatedly calling for supervisory intervention meetings with Ms. Beavers in order to address minor matters or anything related to my job performance. Further, Ms. Hartman began to intentionally ignore work that I would send her to review, which ultimately contributed to the accusation that I was not keeping up with my work prior to termination.

On or about February 20, 2024, I met with both Ms. Beavers and Ms. Hartman and I verbalized my concerns of a hostile working environment and disparate, discriminatory treatment from Ms. Hartman compared to the treatment of her previous white paralegal, Ms. Patricia Smith. Additionally, I also complained of Ms. Hartman assigning tasks to me that were not assigned to her previous paralegal, Ms. Smith, nor any of the other paralegals in the Asset Forfeiture division.

I have made similar complaints about the disparate assignment of tasks to the current Division Chief, Michael Butera, coupled with the request that I be switched to a new supervising attorney and my concerns were disregarded.

On or about February 27, 2024, I met with Ms. Beavers and Denise Oncken, Executive Bureau Chief, regarding my concerns about a hostile work environment and being targeted by conduct from Mrs. Mitchell and Ms. Hartman, in combination.

To my knowledge since this time, Mrs. Mitchell has spread negative rumors about me to new staff hires in the division, specifically with Mrs. Bethany Belisle, to sabotage my working relationship with her and others. Because of Mrs. Mitchell's actions, I have observed the reluctance of the new staff to work

or communicate with me. To my knowledge, Mr. Butera was notified of this by Ms. Morgan Ybarra and Mrs. Mitchell was not disciplined or terminated for her actions.

To my knowledge on or about April 3, 2024, my co-worker and Paralegal, Shannon Burkhart, had called me "cancer" in front of other staff, which included Mrs. Mitchell, in Mrs. Mitchell's office and Ms. Burkhart was insinuating that they were working on cutting the cancer out of the division. Additionally, Ms. Burkhart has previously refused job directives from not only Ms. Hartman, but also her current supervising attorney, Kristal Snelson.

To my recent knowledge, both Ms. Burkhart and Ms. Eleanor Delgado were watching the 2024 Summer Olympics together and refused to answer incoming calls. To my knowledge, Ms. Beavers, Mr. Butera, Ms. Stevens, Mrs. Oncken, and Vivian King, First Assistant Chief of Staff, were all made aware of Ms. Burkhart's refusal to answer the phone. Neither Ms. Burkhart, nor Ms. Delgado were disciplined or terminated for their actions.

On or about June 18, 2024, Ms. Cornelia Hartman behaved unprofessionally by yelling at me because I had sent a set of gambling petitions to Mrs. Mitchell for review. Ms. Hartman was intentionally ignoring the work that I was sending her review and approximately two months had gone by before Mrs. Mitchell notified Ms. Hartman that I asked for her assistance for review. After the incident, Ms. Hartman completely misrepresented the matter by telling him that I had come to start a fight with her over a file.

III. In or about March 2024, I informed Mr. Butera and Ms. Hartman of my disabilities and need for physical therapy. On or about August 2, 2024, I submitted both an informal request for accommodations during trial preparation and a medical leave of absence for one week for my medical treatment. On or about August 5, 2024, I was abruptly placed on paid administrative leave by Ms. Stevens, pending an internal investigation regarding multiple concerns. On or about August 15, 2024, I was notified of Ms. Stevens' desire to end my employment contract and I was given the option to either resign, in lieu of termination, which I did not accept. On or about August 16, 2024, I was terminated based on approximately three areas of concern. Prior to my abrupt termination, I had not been given any prior disciplinary action plans, and my last performance rating in my employee evaluation was all better than average, if not outstanding.

On or about September 25, 2024, Kristal Snelson revealed that Mrs. Mitchell told her that set-up on Tiffany "was a long process." On or about October 14, 2024, Mrs. Snelson further revealed that she believed that Mrs. Mitchell was solely responsible for Tiffany's termination because Mrs. Mitchell had told her that she had been "keeping a file" on Tiffany for years.

On or about September 19, 2024, the Harris County District Attorney's Office issued a preservation email to various individuals, specifically those in the Asset Forfeiture Division, directing them to refrain from deleting any items. On or about September 20, 2024, Mr. Butera conducted a division meeting where he explicitly instructed staff to comply with the preservation directive and stated that no items should be deleted. Despite this clear directive, on or about October 8, 2024, Ms. Burkhart was overheard telling Mrs. Mitchell and Ms. Hartman that she had deleted multiple items from her computer.

On or about September 25, 2024, I learned that Human Resources Director Elizabeth Stevens announced her intent to retire from the Harris County District Attorney's Office, effective October 25, 2024. Given Mrs. Stevens' direct involvement in decisions that reinforced a hostile work environment,

racially discriminatory conduct, and retaliatory actions against me, I am deeply concerned about the timing of her retirement and its potential impact on this investigation. Her central role in the events outlined in my charge raises questions about the preservation of critical evidence and records, including emails, meeting notes, and other documentation related to my claims. I respectfully request that the EEOC ensure all relevant materials are preserved and that Mrs. Stevens is held accountable for providing testimony to fully address her actions during her tenure. Her departure should not hinder the investigation or the ability to uncover systemic issues within the workplace.

On or about October 10, 2024, I received an unemployment benefits determination letter from the Texas Workforce Commission, which stated that their investigation found the '...employer fired you for a reason that was not misconduct connected with the work.' This determination also confirmed my eligibility for unemployment benefits. On the same day, Mr. Butera convened a division meeting to announce that all paralegal caseloads would be transferred to the Asset Forfeiture attorneys by the end of the month.

IV. I believe I have been discriminated against because of my race (Black) and in retaliation for reporting the unlawful racial harassment, in violation of Title VII of the Civil Rights Act of 1964, as amended. I further believe I have been discriminated against because of my disabilities and being retaliated against for asking for a medical leave of absence, in violation of the Americans with Disabilities Act of 1990, as amended.


Best regards,


/s/ Tiffany Dixon

EXHIBIT
B-1

From:    Tiffany Dixon (tdixon2313@yahoo.com)

To:    alex.stewart@twc.texas.gov

Cc:    support@twc.zendesk.com

Date:    Thursday, September 19, 2024 at 06:28 PM UTC

Okay, thank you very much for your assistance Alex!

Best regards,

Tiffany Dixon

Sent from my iPhone

On Sep 19, 2024, at 1:26 PM, Stewart,Alex E <alex.stewart@twc.texas.gov> wrote:

Good Afternoon,

EEOC Charge 460-2024-08085 is filed with the EEOC's Houston District Office. Although it is dual filed, the EEOC retained jurisdiction and did not forward a copy of the charge.

The TWCCRD does not have jurisdiction – both agencies are prohibited from investigating the same allegations.  The EEOC does not provide a copy of the charge because they retained jurisdiction. If you submit any document related to 460-2024-08085, it will only have to forwarded to the EEOC.

V/R,

Alex Stewart
Employment Intake Supervisor
Texas Workforce Commission - Civil Rights Division
101 E. 15th Street, Room 154
Austin, TX  78778-0001
alex.stewart@twc.texas.gov
Direct #: 737-295-0332
Facsimile: 512-463-2643
**Office Hours: 7:00am – 4:00pm**

**From:** Texas Workforce Commission <support@twc.zendesk.com>
**Sent:** Thursday, September 19, 2024 12:25 PM
**To:** EEO Intake <eeointake@twc.texas.gov>; Tiffany Dixon <tdixon2313@yahoo.com>
**Subject:** Tiffany Dixon -- Complaint for TWC Civil Division

**CAUTION:** Email not from TWC System. Use care when clicking links and opening attachments.

Tiffany Dixon,
Thank you for contacting Texas Workforce Commission.  Your request has been received and is being reviewed by our support staff.  If you need to add additional comments, please reply to this email using *REPLY ALL*.

**REQUESTOR'S INFO**
**Name:** Tiffany Dixon
**Email:** tdixon2313@yahoo.com
**Phone Number:**  2814504674
**Ticket #:** (391696)
**I am:**  a Worker or Jobseeker
**I need help with:** - -  Employment Discrimination
**ISSUE Subject:**  Complaint for TWC Civil Division

------------------------------------------

Tiffany Dixon, Sep 19, 2024, 12:25 PM

Good Afternoon,

I am wondering if the TWC Civil Rights Division has received a copy of my EEOC Charge of Discrimination (460-2024-08085). I have attached a copy to this contact request. If not, please advise if I need to file my own complaint. I am finding it almost impossible get through when I call 1-800-628-5115. Any information helps. Thank you,

Tiffany Dixon

Attachment(s):

460-2024-08085_ChargeOfDiscrimination.pdf - https://twc.zendesk.com/attachments/token/sjJrEUbbVkDTox3LRVRmEm7Cr/?name=460-2024-08085_ChargeOfDiscrimination.pdf

Thank you,
Texas Workforce Commission

EXHIBIT

B-2

From:  EEO Intake (eeointake@twc.texas.gov)

To:    tdixon2313@yahoo.com

Date:  Monday, September 30, 2024 at 01:54 PM UTC

Greetings,

Thank you for contacting the Texas Workforce Commission Civil Rights Division (TWCCRD). EEOC has verified that you have filed complaint EEOC# 460-2024-08085. You will need to continue with the interview process with EEOC.

Please follow up with EEOC on the status of your complaint going forward. When complainants have interviews with EEOC, EEOC informs if they can file a Charge of Discrimination or not. Once you submitted your inquiry to EEOC, the *inquiry* is considered dually filed with TWCCRD already. EEOC will dual file a Charge with TWCCRD if they file one for you.

We are dismissing the complaint you submitted to TWCCRD as a duplicate.

Respectfully,

*TWC Civil Rights Division, Employment*

101 E. 15th Street, Room 154, Austin, TX  78778-0001

p: 888-452-4778/512-463-2642

f: 512-482-8465

EXHIBIT

B-3

From:  EEO Intake (eeointake@twc.texas.gov)

To:    tdixon2313@yahoo.com

Date:  Monday, September 30, 2024 at 03:59 PM UTC

Thank you for contacting the Texas Workforce Commission Civil Rights Division (TWCCRD). TWCCRD has thoroughly reviewed your complaint. it appears you may have already filed the same allegations with the EEOC. The TWCCRD is unable to file a charge on your behalf at this time because more information is required to determine appropriate jurisdiction of your inquiry. The information currently available shows your allegations may have been filed under EEOC case number

TWCCRD is a neutral third party and we do not offer legal advice. You may utilize the following at your own discretion:

• Lawyer Referral Service of Central Texas (Travis, Hays, Williamson counties) - 1-866-303-8303
• Texas State Bar Lawyer Referral Service - 1-800-252-9690
• Chat with a lawyer for free at TexasLawHelp.org

Sincerely,

TWC Civil Rights Division, Employment
101 E. 15th Street, Room 154, Austin, TX 78778
p: 888-452-4778/512-463-2642
f: 512-482-8465

If you have any questions or concerns, please go to twc.texas.gov/partners/civil-rights-discrimination or email us at eeointake@twc.texas.gov.

2024-09-30 Letter Tiffany Nicole DixonTransfer.pdf
153.4

# Texas Workforce Commission

A Member of Texas Workforce Solutions

Bryan Daniel, Chairman
Commissioner Representing the
Public

Alberto Treviño III Commissioner
Representing Labor

Joe Esparza
Commissioner Representing
Employers

Edward Serna
Executive Director

2024-09-30

Tiffany Nicole Dixon
12313 Winebrook Drive  Pearland, TX  77854

RE:    Tiffany Nicole Dixon's discrimination complaint against Harris County District Attorney's Office
**TWCCRD Inquiry Transfer Notice**

Dear Tiffany Nicole Dixon:

The Texas Workforce Commission Civil Rights Division (TWCCRD) programs facilitate the equal
employment opportunity (EEO) complaint process for current and former employees (or job applicants)
who believe they have experienced discrimination based on protected class or protected activity as defined
in the Texas Labor Code. TWCCRD works in cooperation with the federal Equal Employment Opportunity
Commission (EEOC) to resolve employment discrimination allegations.

The TWCCRD has reviewed your inquiry concerning possible employment discrimination by your
employer and it appears you may have already filed the same allegations with the EEOC.

The TWCCRD is unable to file a charge on your behalf at this time because more information is required
to determine appropriate jurisdiction of your inquiry. The information currently available shows your
allegations may have been filed under EEOC case number

101 E. 15th Street, Room 154 • Austin, Texas 78778-0001 • (512) 463-2642 (T) • (512) 463-2643 (F) • Relay Texas: 800-735-2989 (TDD) 800-735-2988 (Voice) • www.twc.texas.gov
Equal Opportunity Employer / Program
Auxiliary aids and services are available upon request to individuals with disabilities

TEXAS
WORKFORCE SOLUTIONS

TWCCRD is a neutral third party and we do not offer legal advice. In addition to the follow up agency, you may contact the below organizations for legal assistance. TWCCRD is not affiliated with any recommended organizations and you may utilize their services at your own discretion. Depending upon the details of your submitted complaint there may be additional resources that could be of assistance.

- Lawyer Referral Service of Central Texas (Travis, Hays, Williamson counties)
  Phone 1-866-303-8303
- Texas State Bar Lawyer Referral Service Phone 1-800-252-9690
- Chat with a lawyer for free at TexasLawHelp.org

For prompt response, direct all dismissal questions and concerns to TWCCRD Employment Intake eeointake@twc.texas.gov. Or visit our website at twc.texas.gov/partners/civil-rights-discrimination.

Sincerely

Bryan D. Snoddy, Director
Civil Rights Division

101 E. 15th Street, Room 154 • Austin, Texas 78778-0001 • (512) 463-2642 (T) • (512) 463-2643 (F) • Relay Texas: 800-735-2989 (TDD) 800-735-2988 (Voice) • www.twc.texas.gov
Equal Opportunity Employer / Program
Auxiliary aids and services are available upon request to individuals with disabilities
TEXAS
WORKFORCE SOLUTIONS