**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **TIFFANY NICOLE DIXON** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **Civil Action No.: 4:26-cv-04418** |
| | § | |
| **HARRIS COUNTY, TEXAS** | § | |
| | § | |
| *Defendant* | § | |

**DEFENDANT HARRIS COUNTY'S REPLY TO PLAINTIFF'S RESPONSE**
**TO DEFENDANT'S MOTION TO DISMISS**

Defendant Harris County (the "County") files this Reply to Plaintiff's Response to Defendant's Motion to Dismiss and reasserts that dismissal should be granted because Plaintiff pleads no facts that support equitable tolling.

**I. NO FACTS SUPPORT EQUITABLE TOLLING.**

**A. Investigator's Remark Does Not Warrant Equitable Tolling.**

1. Plaintiff argues she should be granted equitable tolling because Investigator Salazar's verbal estimation of the date Plaintiff's Notice of Right to Sue would be available constituted an affirmative statement that misled the Plaintiff regarding her rights. [Doc. 14, pp. 7-8]. Plaintiff's argument does not make plausible sense due to her own factual admission that she received the Notice of Right to Sue on March 5, 2026. [Doc. 1. p. 6].

2. As an initial matter, the cases Plaintiff cites in support of her equitable tolling argument address the timeliness of filing a *Charge of Discrimination* with the Equal Employment

*Harris County's Reply*
*Page 1*

Opportunity Commission ("EEOC"), not the timeliness of filing a *lawsuit* after receipt of a Notice of Right to Sue.[1]

3. In *Baldwin Cnty. Welcome Ctr. v. Brown*, the Supreme Court identified four circumstances that may warrant equitable tolling of the 90-day *lawsuit* filing deadline: 1) when notice from the EEOC does not adequately inform the plaintiff of the 90-day statutory filing period; 2) where a motion for appointment of counsel is pending; 3) where the court itself has led the plaintiff to believe she has satisfied all statutory prerequisites; and 4) where the defendant has, through affirmative misconduct, lulled the plaintiff into inaction. *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984); *Espinoza v. Missouri Pac. R. Co.,* 754 F.2d 1247, 1251 (5th Cir. 1985).

4. None of the *Baldwin* situations apply here: 1) the EEOC adequately informed Plaintiff of the 90-day statutory filing deadline. [Doc 1-1, p.1.]; 2) there is no motion for appointment of counsel pending; 3) the court has not misled the Plaintiff regarding any statutory prerequisites; and 4) the County has not engaged in any affirmative misconduct that lulled Plaintiff into inaction.

5. Even assuming, for the sake of argument, that Plaintiff could invoke equitable tolling with a showing that the EEOC misled her regarding the nature of her rights, Plaintiff fails to meet that burden. Investigator Salazar's estimate of the latest date Plaintiff would receive her Notice of

---

[1] *Melgar v. T.B. Butler Publ'g Co., Inc*., 931 F.3d 375 (5th Cir. 2019) (5th circuit held that the plaintiff was not entitled to equitable tolling because the plaintiff did not act with due diligence in *filing his charge of discrimination* with the EEOC); *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874 (5th Cir. 2003) (5th Circuit held that the limitations period on *filing a charge of discrimination* was not subject to equitable tolling); *Rameriz v. City of San Antonio*, 312 F.3d 178 (5th Cir. 2002) (5th Circuit held that the plaintiff demonstrated no factual basis for equitable tolling to apply to the *filing of his charge of discrimination*); *Granger v. Aaron's, Inc*., 636 F.3d 708 (5th Cir. 2011) (Court found that there were "sufficiently rare circumstances" to support the application of equitable tolling for *filing of plaintiffs' charge of discrimination*); *Weathers v. Houston Methodist Hosp*., 116 F.4th 324 (5th Cir. 2024) (Court held that the 300 day time period for plaintiff to *file charge of discrimination* was equitably tolled because of delay attributable to the EEOC); *Price v. Sw. Bell Tel. Co*., 687 F.2d 74 (5th Cir. 1982) (Court did not decide issue of equitable tolling regarding plaintiff's *filing of a charge of discrimination*); *McKee v. McDonnell Douglas Tech. Servs. Co., Inc*., 700 F.2d. 260 (5th Cir. 1983) (Court remanded to district court to determine if equitable tolling should apply to plaintiff's *filing of charge of discrimination*).

*Harris County's Reply*
*Page 2*

Right to Sue was neither a representation of Plaintiff's legal rights or the applicable limitations period, nor an affirmatively incorrect statement about anything at all.

6. "The giving of notice to the claimant at the address designated by him suffices to start the ninety-day period unless the claimant, through no fault of his own, failed to receive the right-to-sue letter or unless, for some other equitable reason, the statute should be tolled **until he actually received notice**." *Espinoza,* 754 F.2d 1247 at 1250. (emphasis added).

7. Plaintiff cannot show that she failed to receive the Notice of Right to Sue.

8. Plaintiff acknowledged that she received her Notice of Right to Sue on March 5, 2026:

B.      The Equal Employment Opportunity Commission *(check one)*:

☐        has not issued a Notice of Right to Sue letter.

☒        issued a Notice of Right to Sue letter, which I received on *(date)*   March 5, 2026   .

*(Note:  Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

[Doc. 1, p. 6].

9.  The Notice of Right to Sue adequately informed Plaintiff she had 90 days from receipt to file her lawsuit. [Doc. 1-1, p. 1].

10. Plaintiff has not met her burden of showing that equitable tolling applies.

**B.  *Weathers'* does not support Plaintiff's position.**

11. In *Weathers,* the Court applied equitable tolling to the plaintiff's deadline for filing her *Charge of Discrimination* because the EEOC caused the delay in filing: it cancelled the plaintiff's interview and delayed gathering the information needed to file her charge. *Weathers v. Houston Methodist Hosp.*, 116 F.4th 324, 331 (5th Cir. 2024).

12. *Weathers* concerns equitable tolling of the deadline to file an EEOC Charge of Discrimination—not a lawsuit. *Weathers*, 116 F.4th 324 at 329.

13. This distinction is important because the EEOC bears responsibility to assist a charging party in filing their charge, but the EEOC bears no responsibility for assisting a plaintiff in filing a lawsuit after receiving their notice of right to sue.

14. Here, Plaintiff's untimely filing of her lawsuit is a product of her own 3-month delay, not the EEOC's.

15. Therefore, equitable tolling does not apply.

**C. Plaintiff failed to act diligently to file her lawsuit.**

16. Plaintiff had 90 days to file her lawsuit.

17. Plaintiff took no action to file her lawsuit timely and offers no explanation for her failure to file suit within those 90 days.

18. Plaintiff did not act diligently, and "one who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." *Espinoza,* 754 F.2d 1247 at 1250 quoting *Cruce v. Brazosport Independent School Dist.*, 703 F.2d. 862, 864 (5th Cir. 1983).

**D. The 90-day period is strictly construed, even for *pro se* plaintiffs.**

19. While a *pro se* plaintiff may be afforded less stringent pleading standards, *pro se* plaintiffs are still bound by rules of civil procedure, statutory limitations, and procedural requirements.

20. "It is clear that a *pro se* plaintiff can no more maintain an action barred by the statute of limitations than can any other plaintiff." *Daniels v. Stovall*, 660 F. Supp. 301, 302 (S.D. Tex. 1987).

21. "*Pro se* litigants have a duty to prosecute their claims with due diligence, as do all other litigants, and must comply with all deadlines set by the court." *Morgan v. Fed. Exp. Corp.*, 114 F. Supp. 3d 434, 437 (S.D. Tex. 2015).

*Harris County's Reply*
*Page 4*

22. "Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Brown*, 466 U.S. 147 at 152.

23.  Plaintiff is correct that the Court must accept the complaint's well-pleaded factual allegations as true. [Doc. 14, ¶ 25].

24. Plaintiff pled that she received her Notice of Right to Sue on **March 5, 2026**:

B.       The Equal Employment Opportunity Commission *(check one)*:
☐       has not issued a Notice of Right to Sue letter.
☒       issued a Notice of Right to Sue letter, which I received on *(date)*   March 5, 2026   .
*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

[Doc. 1, p. 6].

25. Plaintiff was required to file her Complaint no later than Wednesday, June 3, 2026, within 90 days of receiving her Notice of Right to Sue.  *Taylor v. Books A Million, Inc*, 296 F.3d 376, 379 (5th Cir. 2002).; *See also* 42 U.S.C. § 2000e-5 (f)(1) and 42 U.S.C. § 12117(a) (incorporating by reference the procedures applicable to Title VII for actions under the ADA).

26. The 90-day filing requirement is strictly construed. *Taylor,* 296 F.3d 376 at 379.

27. "Strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Brown*, 466 U.S. 147 at 152.

28. Plaintiff filed her Complaint on Thursday, June 4, 2026 [Doc. 1.].

29. Therefore, Plaintiff filed her lawsuit a day late in violation of the procedural requirements and statutory limitations and therefore, it must be dismissed.

**II. ALL CLAIMS PRIOR TO NOVEMBER 11, 2023, ARE TIME-BARRED.**

30.  A claimant must file a Title VII discrimination claim with the EEOC within 300 days of the challenged discrimination.  *Frank v. Xerox Corp.*, 347 F.3d 130, 136 (5th Cir. 2003).

31. Plaintiff filed her initial charge on August 30, 2024 [Doc. 1-1, p.5].

32. All claims prior to November 11, 2023, are time-barred as they are acts that took place more than 300 days prior to the filing date of August 20, 2024. The County inadvertently stated the incorrect year in its Motion to Dismiss and corrects the date here.

33. This would result in all of Plaintiff's allegations from paragraphs 1 through 7 of Plaintiff's Amended Charge [Doc. 1-1, p. 7-8] being outside of the applicable filing deadline and therefore, should be dismissed as untimely.

### III. CONCLUSION

34. For the reasons stated above, Plaintiff has failed to state a claim upon which relief can be granted against the County. Accordingly, the County is entitled to dismissal of all of Plaintiff's claims against it as a matter of law. In the alternative, the County asserts that the Court must dismiss all claims that are time barred based on Plaintiff's Charge filing date.

35. The County further prays for such other relief, at law and in equity, to which it may be justly entitled.

Date: August 11, 2026

By:    */s/Amber Morrison*
**AMBER MORRISON**
Assistant County Attorney
State Bar No. 24106344
Federal Bar No. 3838165
Amber.Morrison@harriscountytx.gov
**RADHA THIAGARAJAN**
Senior Assistant County Attorney
State Bar No. 00784154
Federal Bar No. 20217
Radha.Thiagarajan@harriscountytx.gov

**OFFICE OF THE HARRIS COUNTY ATTORNEY**
1010 Lamar
11th Floor
Houston, Texas 77002
Tel: (713) 274-5134 (direct)

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I certify that on August 11, 2026, a copy of the foregoing document was served upon Plaintiff via certified mail to the address detailed below. I certify this document was also served via the ECF filing system pursuant to the Local Rules and Federal Rules of Civil Procedure.

Tiffany Nicole Dixon
12313 Winebrook Drive
Pearland, Texas 77584
Tdixon2313@yahoo.com
**PRO SE PLAINTIFF**

/s/ Amber Morrison
Amber Morrison