UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED
SEP 0 8 2026
Nathan Ochsner, Clerk of Court

| | | |
|---|---|---|
| **TIFFANY NICOLE DIXON**<br>Plaintiff, | §<br>§ | |
| | § | |
| V. | § | **Civil Action No. 4:26-cv-04418** |
| | § | |
| **HARRIS COUNTY, TEXAS**<br>Defendant. | §<br>§ | |

**PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT LIMITED EXPEDITED DISCOVERY REGARDING PRESERVATION OF EVIDENCE, WITNESS COMMUNICATIONS, AND POTENTIAL SPOLIATION**

COMES NOW Plaintiff, TIFFANY NICOLE DIXON, appearing *pro se*, and respectfully moves the Court for leave to conduct limited expedited discovery regarding preservation of evidence, witness communications, and potential spoliation, and in support thereof would show the Court as follows:

## I. INTRODUCTION

Plaintiff is not seeking full merits discovery before the Rule 26(f) conference. Plaintiff seeks limited discovery concerning the scope, implementation, maintenance, and compliance with litigation holds, whether relevant electronically stored information ("ESI") was deleted, altered, moved, overwritten, restored, or otherwise affected after preservation obligations arose, and what employees were told about communicating with Plaintiff. That information concerns the integrity of the discovery process and may become unavailable if Plaintiff must wait until ordinary discovery after the Rule 26(f) process.

Plaintiff served a formal preservation demand on August 11, 2026. Defendant did not provide written confirmation in response to that demand. During the September 1, 2026 meet-and-confer process, Defendant's counsel stated that Harris County issued a litigation hold on or

about September 9, 2024, issued a subsequent litigation hold on or about July 7, 2026 after the Complaint was filed, that neither hold has been lifted, and that Harris County Universal Services was notified.

Defendant has not agreed to provide nonprivileged facts concerning who received the holds, what systems were covered, or whether deletion processes were suspended. Counsel also stated that Harris County will not produce the hold letters because it considers them work product, and that Defendant will not agree to limited expedited discovery while the Motion to Dismiss is pending.

Plaintiff also has evidence that preservation and deletion were discussed in the Harris County District Attorney's Office ("HCDAO") Asset Forfeiture Division after a preservation directive was issued, and text-message evidence reflecting reported deletion of information that appears connected to files or case records formerly assigned to or worked on by Plaintiff.

On September 2, 2026, counsel stated that Harris County's practice is to instruct management-level employees not to communicate with a former employee who is the subject of a litigation hold, and that Plaintiff should contact current management-level employees through counsel. That description does not establish what instructions were actually given, to whom they were given, when they were given, or whether they were limited to management-level employees. Plaintiff seeks limited discovery of any nonprivileged written directives, communications, or factual information concerning instructions given to employees during the relevant period in 2024, 2025, and 2026, including to non-management staff, concerning contact with Plaintiff.

Therefore, Plaintiff requests leave to conduct limited expedited discovery concerning hold implementation, relevant deletion and access logs, witness-communication instructions, and the handling of files identified in the October 2024 deletion evidence and related ESI.

## II. FACTUAL AND PROCEDURAL BACKGROUND

1. Plaintiff was employed by Harris County as a Paralegal in the Asset Forfeiture Division of the HCDAO until her termination on August 16, 2024.

2. Plaintiff initiated the EEOC process in person on August 19, 2024, and executed her initial Charge of Discrimination on August 30, 2024, under EEOC Charge No. 460-2024-08085.

3. On or about September 19, 2024, while Plaintiff's EEOC Charge was pending, Asset Forfeiture Division personnel received or were informed of a preservation email concerning documents or evidence. Plaintiff bases this date on the September 20, 2024 Asset Forfeiture meeting, during which Michael Butera referred to an email sent "yesterday" about preserving documents or evidence and stated that the email had gone out broadly to a large group of people. See Ex. C, Transcript Excerpt of September 20, 2024 Preservation-Related Meeting. On September 1, 2026, counsel for Defendant stated that Harris County issued a litigation hold on or about September 9, 2024. Plaintiff does not treat those dates as inconsistent for purposes of this Motion. Whether the first hold issued on September 9 or a preservation email reached the Division on or about September 19, a preservation directive or litigation hold was in place or had been communicated before the September 20, 2024 meeting and before the October 2024 deletion discussion.

4. On or about September 20, 2024, HCDAO Asset Forfeiture Division Chief Michael Butera conducted a division meeting during which he discussed the preservation directive with Asset Forfeiture Division personnel. In the relevant portion of the contemporaneous recording preserved by Plaintiff, Mr. Butera stated that personnel were under an obligation to preserve anything they had, described the directive as a "hold order" meaning "don't destroy anything," and explained that anyone with a practice or setting that deletes messages had a duty not to continue that practice. See Ex. C (Transcript Excerpt of September 20, 2024 Preservation-

Related Meeting).

5. On or about October 8, 2024, Plaintiff received contemporaneous text messages concerning a missing file after the September 2024 preservation directive. In that exchange, Alyssa Rios reported that Shannon Burkhart told Alexis Mitchell she "accidentally deleted it when [she] was deleting stuff when [she] got Cornelia's cases." Another participant asked, "Why is she deleting anything!!" Mrs. Rios also reported that Mrs. Mitchell told Ms. Burkhart that "IT can pull deleted stuff" and that she should call IT if the file could not be found. The same thread includes an image of an electronic case record assigned to "Hartman, Cornelia (2)," containing a prior status entry by Plaintiff and later entries by Ms. Burkhart after Plaintiff's termination. Plaintiff understood the electronic case record shown in the same thread to be connected to the missing or deleted item being discussed in the October 8, 2024 messages. Plaintiff understands the "Hartman, Cornelia (2)" designation to refer to cases associated with Assistant District Attorney ("ADA") Cornelia Hartman that Plaintiff previously handled as Ms. Hartman's assigned paralegal and that appear to have later been handled by Ms. Burkhart after Plaintiff's termination. See Dixon Decl. ¶¶ 71-87; Exs. E-1 through E-6 (October 8, 2024 Text Messages Concerning Reported Deletion of Files).

6. On December 7, 2024, Plaintiff submitted her Personal Statement and Rebuttal to Defendant's Position Statement to the EEOC, including evidence and allegations concerning post-Charge events, preservation issues, and potential spoliation, and requested that the EEOC consider an adverse inference based on the alleged deletion of evidence after a preservation directive had been issued.

7. On or about December 8, 2024, Plaintiff requested that EEOC Charge No. 460-2024-08085 be amended to incorporate additional allegations, clarifications, and preservation-related concerns. On February 12, 2025, the EEOC finalized Plaintiff's Amended Charge under the

same charge number.

8. Plaintiff further contends that, beginning on or about January 1, 2025, certain former coworkers and potential witnesses who had previously communicated with Plaintiff abruptly ceased communicating with her. January 1, 2025 was also the first day of the Sean Teare administration at the Harris County District Attorney's Office. Plaintiff includes this fact as background for her request for limited discovery concerning witness-communication instructions.

9. Plaintiff filed her Original Complaint in this Court on June 4, 2026.

10. On August 11, 2026, Plaintiff served Defendant with a formal preservation demand by electronic mail, First-Class Mail, and Certified Mail. The returned certified-mail green card reflects receipt by Defendant on or about August 17, 2026. See Exs. A-1 through A-6 (Plaintiff's August 11, 2026 formal preservation letter). Plaintiff's preservation demand requested written confirmation within seven (7) days that Defendant had implemented appropriate preservation measures and was preserving the categories of information described in the letter. Defendant did not provide written confirmation in response to that demand.

11. On August 28, 2026, Plaintiff attempted to confer with Defendant before filing this Motion. Plaintiff emailed Defendant's counsel regarding limited expedited discovery concerning preservation, litigation holds, witness communications, and potential deletion or loss of relevant documents or ESI. Plaintiff asked Defendant to state by September 1, 2026 whether it would agree to limited expedited discovery, oppose Plaintiff seeking leave, or participate in a short telephone or Zoom conference. See Ex. B-1, Plaintiff's August 28, 2026 Meet-and-Confer Email Regarding Limited Expedited Discovery.

12. On September 1, 2026, Plaintiff and Defendant's counsel conferred by telephone regarding Plaintiff's request for limited expedited discovery. During that conference,

Defendant's counsel stated that Harris County issued litigation holds on or about September 9, 2024 and July 7, 2026, that neither hold has been lifted, that Harris County Universal Services was notified, and that counsel had no personal knowledge of anyone deleting information after the first hold issued. Counsel also addressed Harris County's position concerning communications between Plaintiff and current or management-level employees. On September 2, 2026, counsel responded in writing with clarifications, including Harris County's position that its practice is to instruct management-level employees not to communicate with a former employee who is the subject of a litigation hold and that Plaintiff should contact current management-level employees through counsel. Defendant did not agree to limited expedited discovery before the Rule 26(f) conference. Plaintiff therefore seeks leave of Court under Rule 26(d)(1). See Exs. B-1 through B-5.

## III. LEGAL STANDARD

13. Federal Rule of Civil Procedure 26(d)(1) provides that, except in circumstances not applicable here, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)" unless the discovery is authorized by the Federal Rules, by stipulation, or by court order.

14. Although Rule 26(d)(1) does not set out a specific standard for early discovery, courts in the Southern District of Texas apply a good-cause standard when deciding whether to authorize expedited discovery before the Rule 26(f) conference. *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 239–40 (S.D. Tex. 2011).

15. In determining whether good cause exists, courts consider the reasonableness of the request in light of the circumstances, including the purpose of the requested discovery, the breadth of the requests, the burden on the responding party, whether the request is narrowly

tailored, and how far in advance of ordinary discovery the request is made. *St. Louis Grp.*, 275 F.R.D. at 240.

16. Any discovery authorized under Rule 26(d)(1) must also satisfy Rule 26(b)(1). Under Rule 26(b)(1), discovery must concern nonprivileged matter that is relevant to a party's claim or defense and proportional to the needs of the case, considering the importance of the issues, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense outweighs its likely benefit.

17. Preservation-related discovery is appropriate where the request concerns whether relevant ESI has been preserved, deleted, altered, or lost. Rule 37(e) addresses electronically stored information that should have been preserved in anticipation or conduct of litigation but is lost because a party failed to take reasonable steps to preserve it. Fed. R. Civ. P. 37(e). The duty to preserve arises when litigation is reasonably foreseeable, and parties may seek prompt judicial guidance when they cannot agree on preservation issues. See Fed. R. Civ. P. 37(e) advisory committee's note to 2015 amendment.

18. Plaintiff does not seek sanctions through this Motion. Instead, Plaintiff seeks limited expedited discovery to determine whether relevant evidence has been preserved, whether potentially relevant ESI has been deleted, altered, moved, or overwritten, whether litigation holds or preservation directives exist and were implemented, and whether communications exist concerning potential witnesses' ability to communicate about relevant facts.

19. Plaintiff does not seek counsel's mental impressions, legal strategy, or privileged communications. Attorney-client privilege protects communications, not underlying facts. *See Upjohn Co. v. United States*, 449 U.S. 383, 395–96 (1981). Accordingly, even if Defendant contends that the litigation-hold letters themselves are protected, Plaintiff may obtain

nonprivileged facts concerning the existence, dates, recipients, custodians, scope, systems covered, and implementation of any preservation measures.

20. The Southern District of Texas Local Rules require an opposed motion, except for certain motions not applicable here, to include an averment that the movant has conferred with the respondent and that counsel cannot agree about the disposition of the motion. S.D. Tex. L.R. 7.1(D). Plaintiff has satisfied this requirement. Plaintiff attempted to confer with Defendant by email on August 28, 2026, exchanged additional meet-and-confer communications with Defendant's counsel on September 1 and September 2, 2026, and conferred by telephone with Defendant's counsel on September 1, 2026. Defendant did not agree to the requested limited expedited discovery. Plaintiff therefore seeks Court intervention under Rule 26(d)(1).

## IV. GOOD CAUSE EXISTS FOR LIMITED EXPEDITED DISCOVERY

**A. Plaintiff has specific preservation concerns supported by the existing record.**

21. Good cause exists because Plaintiff's concerns are specific and tied to preservation of documents and ESI. Plaintiff is not seeking full merits discovery. The EEOC record, attached exhibits, and meet-and-confer record raise concrete questions about the September 2024 preservation directive, later reported file deletion, witness communications, and the scope, implementation, maintenance, and compliance with Defendant's litigation holds.

22. During the September 1, 2026 meet-and-confer process, Defendant's counsel stated that Harris County issued a litigation hold on or about September 9, 2024. Separately, the September 20, 2024 Asset Forfeiture Division meeting reflects that Asset Forfeiture Division personnel received or were informed of a preservation email concerning documents or evidence on or about September 19, 2024, because Michael Butera referred during that meeting to an email sent "yesterday" about preserving documents or evidence. On or about September 20,

2024, Mr. Butera conducted a division meeting concerning that preservation directive.

23. Plaintiff has preserved a recording of the September 20, 2024 Asset Forfeiture Division meeting that was provided to her by Dionda Jones, a Paralegal assigned to the HCDAO Asset Forfeiture Division. In the relevant portion of the recording, Mr. Butera stated that the preservation email had gone out broadly, that personnel were under an obligation to preserve anything they had, that the directive was a "hold order" meaning "don't destroy anything;" and that anyone with a practice or setting that deletes messages had a duty not to continue that practice. See Ex. C, Transcript Excerpt of September 20, 2024 Preservation-Related Meeting.

24. On or about October 8, 2024, Plaintiff received text-message evidence concerning reported deletion of information after the preservation directive had been discussed. In the exchange, Alyssa Rios, a former HCDAO Paralegal who was assigned to the Reintegration Court Division at the time, reported that Shannon Burkhart came to Alexis Mitchell and stated that she had found the item and had accidentally deleted it while deleting files after receiving Cornelia Hartman's cases. Mrs. Rios's office was located immediately next door to Mrs. Mitchell's office. Based on that office location and the text messages Plaintiff received, Plaintiff understood Mrs. Rios to be reporting information she heard from or near Mrs. Mitchell's office. See Dixon Decl. ¶¶ 78–82; Exs. E-1 through E-6.

25. The text-message evidence reflects more than a generalized deletion concern. Mrs. Rios reported that Ms. Burkhart could not locate a file or item, that Mrs. Mitchell told Ms. Burkhart to check e-file, and that Mrs. Mitchell also said "IT can pull deleted stuff somehow" if Ms. Burkhart could not find the item in e-file. See Ex. E-6.

26. The exchange also appears to connect the reported deletion issue to electronic case records formerly assigned to or worked on by Plaintiff. Michael "Mike" Martin, a Financial Specialist assigned to the Asset Forfeiture Division, shared images of an electronic case record

that appear to show a prior entry by Plaintiff and later activity by Cornelia Hartman and Shannon Burkhart after Plaintiff's termination. Plaintiff understands the "Hartman, Cornelia (2)" designation to refer to cases associated with ADA Cornelia Hartman that Plaintiff previously handled as Ms. Hartman's assigned paralegal and that appear to have later been handled by Shannon Burkhart after Plaintiff's termination. See Dixon Decl. ¶¶ 83-87; Exs. E-4 and E-5.

27. Plaintiff does not ask the Court to find at this stage that any particular record was destroyed, altered, or improperly handled. Rather, the September 20, 2024 recording and October 8, 2024 text messages together provide a specific factual basis for limited expedited discovery into hold implementation, deletion and access logs, IT or Harris County Universal Services involvement, restoration efforts, and the handling of relevant files and ESI after the preservation directive was discussed.

28. Plaintiff did not raise these preservation and deletion concerns for the first time in this Motion. On or about December 7, 2024, Plaintiff reported the deletion issue to the EEOC in her Personal Statement and Rebuttal to Respondent's Position Statement and requested that the EEOC consider an adverse inference based on the reported deletion of files after the issuance of a preservation directive. On or about December 8, 2024, Plaintiff requested that her EEOC Charge be amended to incorporate additional allegations, including the reported deletion of information after the preservation directive had been issued. The EEOC later included those preservation and deletion allegations in Plaintiff's February 12, 2025 Amended Charge.

29. Plaintiff's concerns are focused on a limited set of custodians, systems, and events. Plaintiff is not suggesting that every Harris County employee or every HCDAO employee presents a preservation risk. The concern is directed primarily toward specific custodians and decision-makers in or connected to the Asset Forfeiture Division who interacted with Plaintiff, participated in relevant events, maintained or handled potentially relevant files, or may have

knowledge of preservation directives, witness communications, deletion issues, or the handling of files identified in the October 2024 deletion evidence and related ESI.

**B. Limited discovery is needed to determine the scope, implementation, and compliance with Defendant's litigation holds and whether relevant ESI has been preserved, deleted, altered, or moved.**

30. Limited expedited discovery is necessary because the requested information concerns the integrity of the discovery process itself. Ordinary discovery may come too late to determine whether relevant ESI was preserved, whether deletion, access, audit, mailbox, file-activity, backup, or restore logs still exist, whether deleted information can be restored, or whether routine retention processes have overwritten relevant technical data.

31. During the September 1, 2026 meet-and-confer process, Defendant's counsel stated that Harris County issued litigation holds on or about September 9, 2024 and July 7, 2026, that neither hold has been lifted, and that Harris County Universal Services was notified. However, Defendant has not agreed to provide nonprivileged factual information concerning the scope of those holds, who received them, what custodians and systems were included, what categories of information were covered, whether routine deletion or retention processes were suspended, or what steps were taken to monitor compliance. See Ex. B-5.

32. The need for this discovery is heightened because contemporaneous text messages reflect uncertainty about who actually received the September 2024 preservation email. In those messages, Dionda Jones stated that "some people got an email about preserving their emails and not deleting anything," and later stated that Mr. Butera said the directive was "very broad" and went to "several people." However, Ms. Jones and Mr. Martin, who were also assigned to the Asset Forfeiture Division, stated in the same exchange that they did not receive the email.

Conswella Phipps, a Financial Specialist assigned to the Asset Forfeiture Division, was also a participant in the same exchange, and Plaintiff does not recall Mrs. Phipps stating in that exchange that she received the preservation email. Plaintiff also does not recall Ms. Jones, Mr. Martin, or Mrs. Phipps telling her before January 1, 2025 that they had received any later litigation-hold or preservation email concerning Plaintiff, Plaintiff's EEOC Charge, or Plaintiff's employment-related claims. This supports limited discovery into who received preservation instructions, whether relevant custodians were identified, whether any relevant employees were excluded, and whether the instructions reached employees with relevant documents, ESI, messages, files, or system access. See Dixon Decl. ¶¶ 42-54; Ex. D, September 20. 2024 Text Messages Concerning Preservation Email and Meeting.

33. Plaintiff is not seeking counsel's mental impressions, legal strategy, or privileged communications. Plaintiff seeks nonprivileged factual information concerning whether relevant evidence was preserved, what preservation measures were implemented, who received preservation instructions, what systems and categories of information were covered, whether any preservation measures were updated or maintained, and whether potentially relevant ESI was deleted, moved, altered, overwritten, restored, or made unavailable after preservation obligations arose.

34. To the extent Defendant contends that litigation-hold letters, communications, or preservation materials are privileged or protected work product, Plaintiff seeks only nonprivileged facts sufficient to identify the existence, dates, scope, recipients, custodians, systems covered, categories of information covered, implementation, maintenance, and compliance with any preservation directive or litigation hold, along with nonprivileged deletion, access, audit, file-activity, backup, restore, retention, or preservation-related records.

**C. Limited discovery is needed concerning witness communications and potential interference.**

35. The need for limited discovery is further supported by Defendant's September 2, 2026 written clarification during the meet-and-confer process. Defendant's counsel stated that Harris County's practice is to instruct management-level employees not to communicate with a former employee who is the subject of a litigation hold, that Plaintiff should contact current management-level employees through counsel, and that Plaintiff should go through counsel for current employees with whom Plaintiff does not have a personal relationship. See Ex. B-5. However, that description of Harris County's practice does not establish what instructions were actually given, to whom they were given, when they were given, or whether they were limited to management-level employees.

36. Plaintiff's concern is not that Defendant's counsel may properly represent Defendant or communicate with County employees. Plaintiff recognizes that Defendant may communicate with its employees, may preserve privileged communications, and may instruct employees regarding preservation obligations. The concern is whether witnesses or custodians were discouraged, warned, instructed, or directed not to preserve evidence, communicate relevant nonprivileged facts, cooperate with Plaintiff, or voluntarily speak with Plaintiff about factual matters relevant to this case.

37. Plaintiff has identified concerns that certain former coworkers and potential witnesses, after previously communicating with her about matters relevant to this case, abruptly ceased communicating with her on or about January 1, 2025. That same date was the first day of the Sean Teare administration at the Harris County District Attorney's Office. Before that abrupt cessation of communications, Plaintiff had submitted witness statements, text messages, and other supporting materials to the EEOC in connection with her Personal Statement and rebuttal

to Defendant's Position Statement on or about December 7, 2024. Those materials identified, or tended to identify, individuals who had communicated with Plaintiff or provided information relevant to her charge. Plaintiff cannot determine, without discovery, whether any nonprivileged internal communications, instructions, or witness-related directives were issued concerning communications with Plaintiff.

38. Plaintiff does not ask the Court to find, at this stage, that Defendant instructed witnesses not to communicate with Plaintiff. Plaintiff seeks limited discovery to determine whether any nonprivileged communications, instructions, warnings, expectations, policies, or directives exist concerning whether potential witnesses may speak with Plaintiff, communicate with Plaintiff, cooperate with Plaintiff, provide information to Plaintiff, report contact from Plaintiff, avoid contact with Plaintiff, or refer Plaintiff to counsel.

39. Plaintiff has also been informed that Michael Butera asked Michael Martin at least once whether Mr. Martin was communicating with Plaintiff after her termination. See Dixon Decl. ¶¶ 88–90. Plaintiff does not ask the Court to treat that inquiry as proof of witness interference. It is one additional reason to permit limited discovery into whether any nonprivileged instructions exist concerning contact with Plaintiff.

40. This discovery is narrow and directly tied to the fairness of the litigation process. Plaintiff cannot meaningfully evaluate whether witness communications have been affected without limited discovery into whether any such instructions or communications exist.

**D. Plaintiff acted diligently by sending a preservation demand and attempting to confer before filing this motion.**

41. Plaintiff acted diligently. On August 11, 2026, Plaintiff served Defendant with a formal preservation demand by electronic mail, First-Class Mail, and Certified Mail. Plaintiff

requested written confirmation within seven (7) days that Defendant had implemented appropriate preservation measures and was preserving the categories of information described in the letter. Defendant did not provide written confirmation in response to Plaintiff's preservation demand. See Ex. A-1.

42. Plaintiff's preservation demand specifically requested confirmation that relevant documents, ESI, litigation holds, deletion logs, audit logs, access logs, backup records, restore logs, mailbox activity logs, account-closure records, and other preservation-related information were being preserved. See Ex. A-1.

43. Plaintiff also attempted to confer with Defendant regarding whether Defendant would agree to limited expedited discovery concerning preservation of evidence, witness communications, and potential spoliation. Plaintiff initiated the meet-and-confer process by email on August 28, 2026. Defendant's counsel responded on September 1, 2026. Plaintiff and Defendant's counsel conferred by telephone on September 1, 2026. After the call, Plaintiff sent Defendant's counsel an email memorializing her understanding of what was discussed, and Defendant's counsel responded with written clarifications on September 2, 2026. Defendant did not agree to the requested limited expedited discovery before the Rule 26(f) conference. See Exs. B-1 through B-5.

44. Plaintiff's request is timely. Plaintiff raised preservation and potential spoliation concerns during the EEOC process, served a formal preservation demand after this lawsuit was filed, attempted to confer with Defendant before filing this Motion, and now seeks limited Court-authorized discovery before potentially relevant ESI, logs, metadata, backup records, restoration records, or witness-communication evidence becomes unavailable or more difficult to locate.

**E. The requested discovery is narrow, proportional, and will not prejudice Defendant.**

45. The requested discovery is narrow and proportional to the needs of this case. Plaintiff does not seek full merits discovery, broad document production, depositions on all claims, or discovery into every issue raised in the Complaint. Plaintiff seeks limited discovery concerning preservation of evidence, litigation holds, potential deletion or alteration of ESI, witness communications, and the handling of files identified in the October 2024 deletion evidence and related ESI.

46. The requested discovery is also limited to information largely within Defendant's possession, custody, or control. Plaintiff cannot obtain Defendant's litigation-hold information, preservation directives, deletion logs, audit logs, access logs, mailbox activity logs, backup records, restore logs, or internal witness-communication records without discovery. Defendant, by contrast, is in the best position to identify what preservation steps were taken, what custodians were notified, what systems contain relevant information, and whether any relevant ESI was deleted, moved, restored, altered, overwritten, or made unavailable.

47. The requested discovery will not unfairly prejudice Defendant. Plaintiff seeks information that should already be preserved if Defendant has complied with its preservation obligations. A pending Rule 12(b)(6) motion does not suspend Defendant's preservation obligations or prevent the Court from authorizing limited discovery into whether those obligations have been carried out. The request is not designed to impose broad merits discovery before the Rule 26(f) conference. It is designed to protect the integrity of discovery, identify whether relevant evidence remains available, and determine whether further Court intervention is necessary.

48. Any burden is limited because Plaintiff seeks hold-implementation facts and technical logs, not depositions, full merits discovery, or a full ESI collection before the Rule 26(f)

conference.

49. Plaintiff respectfully submits that good cause exists because the requested discovery is limited, targeted, supported by specific facts, and directed to preservation and witness-communication issues that may become more difficult to address if delayed until ordinary discovery begins. Accordingly, Plaintiff requests leave to conduct the limited expedited discovery described below.

## V. REQUESTED LIMITED EXPEDITED DISCOVERY

50. Plaintiff respectfully requests leave to conduct limited expedited discovery narrowly directed to preservation of evidence, witness communications, and potential spoliation. Plaintiff does not seek full merits discovery before the Rule 26(f) conference. Plaintiff seeks only discovery necessary to determine whether relevant documents and ESI have been preserved; whether potentially relevant information has been deleted, altered, moved, restored, overwritten, or made unavailable; whether litigation holds or preservation directives were implemented, maintained, updated, and complied with; and whether communications exist concerning potential witnesses' ability to communicate with Plaintiff regarding relevant nonprivileged facts.

### A. Preservation/litigation-hold materials.

51. Plaintiff requests leave to obtain nonprivileged factual information concerning litigation holds, preservation directives, preservation notices, preservation emails, instructions not to delete, instructions to preserve, or similar preservation communications concerning Plaintiff, Plaintiff's EEOC Charge, Plaintiff's Amended EEOC Charge, or this lawsuit, including the litigation holds Defendant's counsel stated were issued on or about September 9, 2024 and July 7, 2026.

52. For each such litigation hold or preservation directive, Plaintiff seeks nonprivileged

factual information sufficient to identify the date, current status, recipients, custodians notified, systems covered, categories of information covered, and steps taken to implement, maintain, update, and monitor compliance with the hold or directive. Plaintiff also requests identification of any additional custodians or systems implicated by the October 2024 deletion messages.

53. Plaintiff also requests leave to obtain nonprivileged factual information and preservation-related records sufficient to show whether routine deletion, destruction, overwriting, purging, account closure, mailbox deletion, backup rotation, or other retention processes were suspended for the relevant custodians and systems covered by those holds.

54. Plaintiff does not seek counsel's mental impressions, legal theories, privileged attorney-client communications, or the litigation-hold letters themselves to the extent Defendant maintains that those letters are privileged or protected work product. Plaintiff seeks only the nonprivileged factual information identified above.

**B. Deletion, audit, and access logs.**

55. Plaintiff requests leave to obtain limited deletion logs, audit logs, access logs, mailbox activity logs, file-activity records, backup records, restore logs, retention-policy records, account-closure records, device-return records, and associated metadata necessary to interpret those records, for Asset Forfeiture Division custodians and systems covered by the September 9, 2024 and July 7, 2026 litigation holds. Plaintiff seeks records sufficient to determine whether relevant documents, emails, messages, files, folders, or ESI were created, modified, accessed, copied, transferred, deleted, restored, archived, overwritten, or otherwise changed after the September 2024 litigation hold or preservation directive.

56. This request is limited to technical records concerning relevant custodians, systems, accounts, shared drives, Teams or other messaging platforms, OneDrive or other cloud-storage

locations, network folders, mailboxes, and file repositories covered by the litigation holds or preservation directives described above.

57. Plaintiff requests this discovery because Plaintiff has specific evidence raising concern that files or ESI may have been deleted after a preservation directive had been issued. Plaintiff does not ask the Court to determine at this stage that spoliation occurred. Plaintiff seeks only limited technical discovery to determine whether potentially relevant ESI was deleted, altered, moved, overwritten, restored, or remains available.

**C. Communications about witness contact.**

58. Plaintiff requests leave to obtain nonprivileged written instructions, emails, directives, or written records reflecting instructions issued to current or former HCDAO employees concerning whether they may communicate with Plaintiff about this case, Plaintiff's EEOC Charge, Plaintiff's Amended EEOC Charge, or nonprivileged facts relating to Plaintiff's employment.

59. This request includes any nonprivileged written instruction to refer Plaintiff to counsel, report contact from Plaintiff, avoid contact with Plaintiff, decline to communicate with Plaintiff, or communicate with Plaintiff only through counsel. This request is limited to communications about contact with Plaintiff and does not seek Defendant's privileged communications with its own attorneys.

60. Plaintiff does not seek to bar Defendant from speaking with its employees or to interfere with counsel's representation of Defendant. Plaintiff seeks only the nonprivileged instructions actually given, if any, concerning employee or witness contact with Plaintiff.

**D. Records concerning handling of files identified in the October 2024 deletion evidence.**

61. Plaintiff requests leave to obtain limited nonprivileged technical records and logs

sufficient to show how the electronic case records identified in Exhibits E-4 and E-5, and other Asset Forfeiture files reassigned to Shannon Burkhart or associated with "Hartman, Cornelia (2)" after Plaintiff's termination, were accessed, moved, deleted, restored, archived, or otherwise changed after the September 2024 litigation hold or preservation directive.

62. Plaintiff does not seek production of the full contents of her former caseload through this expedited request. Plaintiff seeks records sufficient to identify who accessed those files, whether files were deleted or restored, whether IT or Universal Services became involved, and which systems, custodians, or file locations should be addressed in ordinary discovery.

63. This request is limited to the files identified in the October 2024 messages and related IT, Universal Services, or restore activity.

## VI. REQUESTED SCHEDULE

64. Plaintiff respectfully requests that, if this Motion is granted, the Court authorize the following limited expedited discovery schedule.

65. Within seven (7) days after entry of an order granting this Motion, Plaintiff may serve limited requests for production and no more than five (5) interrogatories confined to the categories identified in Section V of this Motion.

66. Defendant should be required to serve written responses and objections within fourteen (14) days after service of Plaintiff's limited expedited discovery requests.

67. Defendant should be required to produce nonprivileged responsive materials within twenty-one (21) days after service of Plaintiff's limited expedited discovery requests, unless the parties agree in writing to a different production date or the Court orders otherwise.

68. To the extent Defendant withholds responsive materials on the basis of privilege, work product, confidentiality, or any other objection, Defendant should be required to provide a

privilege log or other written identification sufficient to allow Plaintiff and the Court to evaluate the claim without disclosure of privileged information.

69. To the extent Defendant contends that any requested logs, technical records, ESI, or preservation-related information within the scope of the authorized limited expedited discovery no longer exists, cannot be located, was deleted, was overwritten, was archived, was transferred, or cannot be restored, Defendant should be required to state that fact in writing and identify, to the extent known, what was searched, what steps were taken to locate or restore the information, and which custodians, systems, accounts, or repositories were searched.

70. The parties should be required to confer in good faith regarding reasonable limitations on custodians, date ranges, search terms, ESI format, privilege issues, confidentiality concerns, and any protective order that may be necessary for the limited expedited discovery authorized by the Court.

71. This limited expedited discovery should not replace ordinary discovery, alter the parties' Rule 26(f) obligations, or expand discovery beyond the limited preservation, technical-log, file-handling, and witness-contact issues identified in this Motion.

72. Either party may seek further relief if the limited expedited discovery shows that relevant ESI or preservation-related information cannot be restored or replaced, or if further Court intervention is necessary to preserve evidence or protect the integrity of the discovery process.

## VII. CONCLUSION & PRAYER

73. Plaintiff has shown good cause for limited expedited discovery under Rule 26(d)(1). Plaintiff does not seek full merits discovery before the Rule 26(f) conference. Plaintiff seeks limited discovery directed to preservation of evidence, witness-contact instructions, and potential

spoliation, including whether relevant documents and ESI have been preserved, deleted, altered, moved, overwritten, restored, or otherwise made unavailable.

74. Plaintiff's request is supported by the September 20, 2024 Asset Forfeiture Division recording concerning the preservation directive, October 2024 text messages reporting deletion of files after that directive, counsel's statements that Harris County issued litigation holds on or about September 9, 2024 and July 7, 2026, Plaintiff's August 11, 2026 formal preservation demand, Defendant's failure to provide written confirmation in response to that demand, Defendant's refusal to agree to limited expedited discovery, and Plaintiff's attempt to confer before seeking Court intervention.

75. The requested discovery is narrow, proportional, and directed to issues that may affect the integrity of the discovery process itself. Allowing limited expedited discovery will not unfairly prejudice Defendant because the requested materials concern preservation steps, litigation holds, technical logs, witness-contact instructions, and related nonprivileged factual information that should already be preserved.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Tiffany Nicole Dixon respectfully requests that the Court grant this Motion for Leave to Conduct Limited Expedited Discovery Regarding Preservation of Evidence, Witness Communications, and Potential Spoliation, authorize Plaintiff to serve the limited expedited discovery described herein, adopt the requested schedule or such other schedule as the Court deems appropriate, and grant Plaintiff all other relief, at law or in equity, to which she may be justly entitled.

Respectfully submitted,

Tiffany Nicole Dixon

Plaintiff Pro Se
12313 Winebrook Drive
Pearland, Texas 77584
Telephone: (281) 450-4674
Telephone: (737) 382-0187
Tdixon2313@yahoo.com

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **TIFFANY NICOLE DIXON** | § | |
| Plaintiff, | § | |
| | § | |
| -v- | § | **Civil Action No. 4:26-cv-04418** |
| | § | |
| **HARRIS COUNTY, TEXAS** | § | |
| Defendant. | § | |

## CERTIFICATE OF CONFERENCE

Pursuant to Southern District of Texas Local Rule 7.1(D), Plaintiff Tiffany Nicole Dixon certifies that she conferred in good faith with counsel for Defendant Harris County regarding the relief requested in this Motion.

Plaintiff initiated the meet-and-confer process by email on August 28, 2026, regarding limited expedited discovery concerning preservation of evidence, litigation holds, witness-contact instructions, potential deletion or alteration of ESI, and potential spoliation. Defendant's counsel responded on September 1, 2026. Plaintiff replied in writing the same day to clarify that she was seeking limited expedited discovery under Rule 26(d)(1), not full merits discovery before the Rule 26(f) conference.

Plaintiff and Defendant's counsel conferred by telephone on September 1, 2026. During that conference, Defendant's counsel stated that Harris County issued litigation holds on or about September 9, 2024 and July 7, 2026, that neither hold has been lifted, that Harris County Universal Services was notified, and that Harris County would not produce the hold letters because it considers them work product. Defendant's counsel also stated that Defendant would not agree to limited expedited discovery before the Rule 26(f) conference while Defendant's Motion to Dismiss is pending.

After the call, Plaintiff sent Defendant's counsel an email memorializing her understanding of what was discussed during the call. On September 2, 2026, Defendant's counsel responded with written clarifications, including that Harris County's practice is to instruct management-level employees not to communicate with a former employee who is the subject of a litigation hold, and that Plaintiff should contact current management-level employees through counsel. Defendant still did not agree to the requested limited expedited discovery before the Rule 26(f) conference.

Accordingly, after the parties' email communications and telephone conference, the parties were unable to resolve this matter without Court intervention. See Exs. B-1 through B-5.

Respectfully submitted,

Tiffany Nicole Dixon
Plaintiff Pro Se
12313 Winebrook Drive
Pearland, Texas 77584
Telephone: (281) 450-4674
Telephone: (737) 382-0187
Tdixon2313@yahoo.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **TIFFANY NICOLE DIXON** | § | |
| Plaintiff, | § | |
| | § | |
| -v- | § | **Civil Action No. 4:26-cv-04418** |
| | § | |
| **HARRIS COUNTY, TEXAS** | § | |
| Defendant. | § | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's Motion for Leave to Conduct Limited Expedited Discovery Regarding Preservation of Evidence, Witness Communications, and Potential Spoliation was served upon Defendant, **HARRIS COUNTY, TEXAS**, through its counsel of record:

**Amber Morrison**
Assistant County Attorney

**Radha Thiagarajan**
Senior Assistant County Attorney

Office of the Harris County Attorney
1010 Lamar, 11th Floor
Houston, Texas 77002

via United States Certified Mail, Return Receipt Requested (USPS Tracking No. 9589 0710 5270 3826 9635 70) and First-Class Mail, on this **8th** day of **September**, 2026.

Respectfully submitted,

Tiffany Nicole Dixon
Plaintiff Pro Se
12313 Winebrook Drive
Pearland, Texas 77584

Telephone: (281) 450-4674
Telephone: (737) 382-0187
Tdixon2313@yahoo.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **TIFFANY NICOLE DIXON** | § | |
| Plaintiff, | § | |
| | § | |
| -v- | § | **Civil Action No. 4:26-cv-04418** |
| | § | |
| **HARRIS COUNTY, TEXAS** | § | |
| Defendant. | § | |

## LIST OF EXHIBITS

| Exhibit | Description |
|---|---|
| **Exhibit A** | **Plaintiff's August 11, 2026 Formal Preservation Demand and Proof of Service** |
| A-1 | Plaintiff's August 11, 2026 Formal Preservation Demand |
| A-2 | Proof of Email Service |
| A-3 | Returned Green Card Showing Receipt by Harris County |
| A-4 | Certified-Mail Receipt / Postmarked Receipt |
| A-5 | USPS Payment Receipt |
| A-6 | USPS Tracking Webpage Showing Online Tracking Status |
| **Exhibit B** | **Meet-and-Confer Communications Regarding Limited Expedited Discovery** |
| B-1 | Plaintiff's August 28, 2026 Meet-and-Confer Email Regarding Limited Expedited Discovery |
| B-2 | Defendant's September 1, 2026 Response Email |
| B-3 | Plaintiff's September 1, 2026 Clarification Response Email |
| B-4 | September 1, 2026 Email Communications Scheduling Telephone Conference |
| B-5 | Defendant's September 2, 2026 Clarifications to Plaintiff's Post-Call Confirmation Email Regarding Limited Expedited Discovery |
| **Exhibit C** | **Transcript Excerpt of September 20, 2024 Preservation-Related Meeting** |

| Exhibit | Description |
|---|---|
| **Exhibit D** | **September 20, 2024 Text Messages Concerning Preservation Email and Meeting** |
| **Exhibit E** | **October 8, 2024 Text Messages Concerning Reported Deletion of Files** |
| E-1 | Text Messages Reporting Missing File and Discussion of E-File |
| E-2 | Text Messages Showing Electronic Case Record Shared in Group Exchange |
| E-3 | Enlarged Image of Electronic Case Record Shown in E-1 and E-2 |
| E-4 | Text Messages Reporting Deletion While Handling Cornelia Hartman's Cases |
| E-5 | Enlarged Image of Electronic Case Record Shown in E-4 |
| E-6 | Text Messages Concerning IT Recovery of Deleted Information |

EXHIBIT
A-1

**Tiffany Nicole Dixon**
12313 Winebrook Drive
Pearland, Texas 77584
Telephone: (281) 450-4674
Telephone: (737) 382-0187
E-mail: Tdixon2313@yahoo.com

August 11, 2026

*Via electronic mail, First-Class Mail, and Certified Mail*

**Amber Morrison**
Assistant County Attorney
amber.morrison@harriscountytx.gov

**Radha Thiagarajan**
Senior Assistant County Attorney
radha.thiagarajan@harriscountytx.gov

Office of the Harris County Attorney
1010 Lamar Street, 11th Floor
Houston, Texas 77002

RE: Litigation Hold / Preservation Demand – Tiffany Nicole Dixon v. Harris County, Texas, Civil Action No. 4:26-cv-04418

Dear Ms. Morrison and Ms. Thiagarajan:

Please treat this correspondence as a formal litigation preservation demand, including for purposes of Fed. R. Civ. P. 37(e). Harris County, including the Harris County District Attorney's Office, the Harris County Attorney's Office, and all relevant departments, divisions, offices, employees, former employees, officials, agents, representatives, attorneys, contractors, custodians, and information-technology personnel, is hereby placed on formal notice of its obligation to preserve all documents, electronically stored information ("ESI"), communications, metadata, and other evidence that may be relevant to the claims, defenses, allegations, witnesses, custodians, and issues in this action.

This preservation demand includes, but is not limited to, the following:

**Key Custodians**

Please ensure that a litigation hold is issued to, and that all relevant documents, ESI, metadata, and communications are preserved by and from, at least the following individuals and categories of custodians, along with any other persons who may possess discoverable information:

- Former District Attorney Kim Ogg and members of her administration or administrative staff who may possess information concerning Plaintiff's employment, complaints, administrative leave, termination, EEOC Charge, Amended EEOC Charge, preservation issues, or related matters;
- Current District Attorney Sean Teare and members of his administration or administrative staff to the extent they possess, received, sent, directed, discussed, maintained, or controlled communications, records, instructions, or ESI concerning Plaintiff, this lawsuit, Plaintiff's EEOC proceedings, relevant witnesses, preservation obligations, or witness communications;
- Vivian King, former First Assistant / Chief of Staff;
- Denise Oncken, former Executive Bureau Chief;
- Elizabeth Stevens, former Human Resources Director;
- Angela Beavers, former Asset Forfeiture Division Chief;
- Michael Butera, Asset Forfeiture Division Chief;
- Any individuals involved in the decision to place Plaintiff on administrative leave or terminate her employment;
- Any individuals who participated in, were present at, or were informed about the September 19, 2024 preservation-related meeting or any related preservation directive;
- Any individuals who discussed, observed, reported, or participated in the deletion, alteration, movement, destruction, archiving, purging, or preservation of documents or ESI after notice of Plaintiff's EEOC Charge;
- Any individuals who have communicated with potential witnesses, current employees, former employees, or custodians about Plaintiff, Plaintiff's claims, this lawsuit, the EEOC proceedings, whether witnesses may communicate with Plaintiff, or whether contact from Plaintiff should be reported, avoided, declined, or referred to counsel;
- IT, records-management, HR, and administrative personnel responsible for email accounts, Teams accounts, shared drives, OneDrive/cloud storage, personnel records, archived mailboxes, account closures, device returns, backup systems, audit logs, deletion logs, access logs, or litigation-hold implementation; and
- Any additional current or former supervisors, managers, attorneys, paralegals, administrative staff, human resources personnel, IT personnel, records-management personnel, Asset Forfeiture Division personnel, or other custodians who may possess, control, maintain, access, retrieve, restore, delete, archive, or have knowledge of potentially relevant documents, ESI, metadata, communications, records, preservation issues, witness communications, or allegations described in Plaintiff's EEOC Charge, Amended EEOC Charge, rebuttal, witness statements, pleadings, disclosures, unemployment materials, or related records.

**This demand is not limited to the individuals specifically named above.** It applies to any current or former employee, official, agent, representative, attorney, contractor, IT personnel, records-management personnel, custodian, or third party, whether employed by or affiliated with Harris County, the Harris County District Attorney's Office, Harris County Attorney's Office, or any other Harris

County department, office, division, agency, or entity, who may possess, control, maintain, access, retrieve, restore, delete, archive, or have knowledge of potentially relevant documents, ESI, metadata, communications, records, or witness-related information.

Further, the custodian descriptions and categories above are intended to help identify categories of information of particular concern and should not be construed to limit any custodian's broader obligation to preserve all potentially relevant documents, ESI, metadata, communications, and records.

**Categories of Information to Be Preserved**

1. All documents, communications, and ESI concerning Tiffany Nicole Dixon's employment, job duties, workload, complaints, requests for accommodation, medical leave request, administrative leave, termination, and related events from January 2019 to the present, including emails, text messages, Microsoft Teams messages, personnel files, performance evaluations, disciplinary records, internal memoranda, notes, meeting records, calendar entries, HR records, and investigation materials.
2. All documents and ESI related to EEOC Charge No. 460-2024-08085, including the original Charge, the Amended Charge, Defendant's Position Statement(s), Plaintiff's Personal Statement/rebuttal, witness statements, exhibits, and internal investigation materials.
3. All documents and ESI concerning post-Charge or post-lawsuit conduct, including:
    - The September 19, 2024 meeting in the Asset Forfeiture Division and any related preservation directive;
    - Any reassignment, redistribution, review, audit, deletion, transfer, or handling of Plaintiff's former caseload, paralegal assignments, files, records, documents, emails, folders, or work product;
    - Any communications, instructions, directions, warnings, expectations, or discussions concerning whether current employees, former employees, potential witnesses, or custodians may speak with Plaintiff, communicate with Plaintiff, cooperate with Plaintiff, provide information to Plaintiff, avoid contact with Plaintiff, report contact from Plaintiff, refer Plaintiff to counsel, or decline to communicate with Plaintiff concerning matters relevant to this litigation;
    - Any communications, instructions, directions, warnings, expectations, or discussions concerning Plaintiff's EEOC Charge, Amended EEOC Charge, this lawsuit, Plaintiff's claims, Plaintiff's witnesses, witness statements, potential witnesses, or any person believed to have supported, assisted, communicated with, or provided information to Plaintiff;
    - Any discussions or actions related to the deletion, alteration, movement, transfer, archiving, purging, overwriting, concealment, or destruction of documents or ESI after notice of Plaintiff's EEOC Charge, Amended EEOC Charge, administrative complaints, or this lawsuit; and

- Any litigation hold, preservation directive, instruction not to delete, instruction to preserve, or communication concerning preservation of documents, ESI, metadata, witness communications, or records relating to Plaintiff or this litigation.

4. All relevant ESI metadata, system records, and technical preservation data, including access logs, deletion logs, audit logs, mailbox activity logs, retention-policy records, backup records, restore logs, and records showing when relevant data was created, modified, accessed, copied, transferred, deleted, restored, archived, overwritten, or otherwise changed.
5. This demand also includes all ordinary business records, communications, and ESI that may be relevant to the claims or defenses in this action, even if they were created in the normal course of business.

Harris County must immediately suspend any routine destruction, automatic deletion, email purge, chat-message deletion, device wiping, backup rotation, retention schedule, account closure, mailbox deletion, or other process that could result in the loss, alteration, deletion, overwriting, or unavailability of potentially relevant information. Harris County must also instruct all relevant custodians not to delete, destroy, alter, overwrite, purge, move, conceal, or dispose of such materials.

Please confirm in writing within seven (7) days that an appropriate litigation hold has been issued, that routine destruction or deletion of potentially relevant information has been suspended, and that the categories of information described above are being preserved.

Plaintiff is simultaneously preserving all relevant documents and ESI in her possession, custody, or control, including the complete, unedited contemporaneous audio recording of her March 5, 2026 telephone conversation with EEOC Investigator Samantha Salazar.

Nothing in this letter limits the scope of discovery Plaintiff may seek. Plaintiff reserves all rights to seek expedited discovery, limited preservation discovery, sanctions, adverse inferences, evidentiary relief, or other appropriate relief if relevant evidence is lost, deleted, altered, destroyed, overwritten, concealed, withheld, or otherwise made unavailable.

Best regards,

Tiffany Nicole Dixon
Plaintiff *Pro Se*

Litigation Hold / Preservation Demand – Dixon v. Harris County, Texas, Civil Action No. 4:26-cv-04418

EXHIBIT A-2

From: Tiffany Dixon (tdixon2313@yahoo.com)

To: amber.morrison@harriscountytx.gov; radha.thiagarajan@harriscountytx.gov; tina.drewke@harriscountytx.gov; jacqueline.navarro@harriscountytx.gov

Date: Tuesday, August 11, 2026 at 07:30 PM CDT

Dear Ms. Morrison and Ms. Thiagarajan,

Please see the attached formal Litigation Hold / Preservation Demand in the above-referenced matter.

Kindly confirm receipt of this email and the attached letter. Thank you for your attention to this matter.

Best regards,

Tiffany Nicole Dixon
Plaintiff Pro Se
Tdixon2313@yahoo.com
(281) 450-4674

PDF Plaintiff's Litigation Hold-Preservation Demand Letter to Defendant (signed).pdf
59.9

EXHIBIT
A-3

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

HARRIS COUNTY ATTORNEY'S OFFICE
C/O AMBER MORRISON
1010 LAMAR STREET, 11TH FLOOR
HOUSTON, TEXAS 77002

9590 9402 0147 6110 6558 86

2. Article Number *(Transfer from service label)*

9589 0710 5270 3826 9635 94

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X ☐ Agent ☐ Addressee

B. Received by *(Printed Name)*

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

AUG 17 2026
Harris County Attorney

3. Service Type

- ☒ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☒ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- lail
- lail Restricted Delivery
- ))
- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053 Domestic Return Receipt

USPS TRACKING #

9590 9402 0147 6110 6558 86

United States
Postal Service

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

TIFFANY DIXON
12313 WINEBROOK DRIVE
PEARLAND, TEXAS 77584

LITIGATION HOLD / PRESERVATION DEMAND

EXHIBIT A-4

9589 0710 5270 3826 9635 94

**U.S. Postal Service™**

# CERTIFIED MAIL® RECEIPT

*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

HOUSTON, TX 77002

OFFICIAL USE

| | | |
|---|---|---|
| Certified Mail Fee $ | [illegible] | Postmark Here |
| Extra Services & Fees *(check box, add fee as appropriate)* | | |
| ☐ Return Receipt (hardcopy) | $ [illegible] | |
| ☐ Return Receipt (electronic) | $ [illegible] | |
| ☐ Certified Mail Restricted Delivery | $ [illegible] | |
| ☐ Adult Signature Required | $ [illegible] | |
| ☐ Adult Signature Restricted Delivery | $ | |
| Postage $ | [illegible] | 03/12/2026 |
| Total Postage and Fees $ | [illegible] | |

Sent To: HARRIS COUNTY ATTORNEY'S OFFICE (AMBER MORRISON)

Street and Apt. No., or PO Box No.: 1019 LAMAR ST, 11TH FLOOR

City, State, ZIP+4®: HOUSTON, TEXAS 77002

PS Form 3800, January 2023 PSN 7530-02-000-9047 See Reverse for Instructions

## Certified Mail service provides the following benefits:

- A receipt (this portion of the Certified Mail label).
- A unique identifier for your mailpiece.
- Electronic verification of delivery or attempted delivery.
- A record of delivery (including the recipient's signature) that is retained by the Postal Service™ for a specified period.

### Important Reminders:

- You may purchase Certified Mail service with First-Class Mail®, First-Class Package Service®, or Priority Mail® service.
- Certified Mail service is *not* available for international mail.
- Insurance coverage is *not* available for purchase with Certified Mail service. However, the purchase of Certified Mail service does not change the insurance coverage automatically included with certain Priority Mail items.
- For an additional fee, and with a proper endorsement on the mailpiece, you may request the following services:
  - Return receipt service, which provides a record of delivery (including the recipient's signature). You can request a hardcopy return receipt or an electronic version. For a hardcopy return receipt, complete PS Form 3811, ***Domestic Return Receipt***; attach PS Form 3811 to your mailpiece; for an electronic return receipt, see a retail associate for assistance. To receive a duplicate return receipt for no additional fee, present this USPS®-postmarked Certified Mail receipt to the retail associate.
  - Restricted delivery service, which provides delivery to the addressee specified by name, or to the addressee's authorized agent.
  - Adult signature service, which requires the signee to be at least 21 years of age (not available at retail).
  - Adult signature restricted delivery service, which requires the signee to be at least 21 years of age and provides delivery to the addressee specified by name, or to the addressee's authorized agent (not available at retail).
- To ensure that your Certified Mail receipt is accepted as legal proof of mailing, it should bear a USPS postmark. If you would like a postmark on this Certified Mail receipt, please present your Certified Mail item at a Post Office™ for postmarking. If you don't need a postmark on this Certified Mail receipt, detach the barcoded portion of this label, affix it to the mailpiece, apply appropriate postage, and deposit the mailpiece.

**IMPORTANT: Save this receipt for your records.**

PS Form **3800**, *January 2023 (Reverse)* PSN 7530-02-000-9047

EXHIBIT
A-5

UNITED STATES POSTAL SERVICE.

SILVER LAKE
2700 CULLEN BLVD
PEARLAND, TX 77584-0802
www.usps.com

08/12/2026 12:26 PM

TRACKING NUMBERS
9589 0710 5270 3826 9635 94

TRACK STATUS OF ITEMS WITH THIS CODE
(UP TO 25 ITEMS)

TRACK STATUS BY TEXT MESSAGE
Send tracking number to 28777 (2USPS)
Standard message and data rates may apply

TRACK STATUS ONLINE
Visit https://www.usps.com/tracking
Text and e-mail alerts available

PURCHASE DETAILS

| Product | Qty | Unit Price | Price |
| --- | --- | --- | --- |
| First-Class Mail® Letter | 1 | | $0.82 |
| Houston, TX 77002 | | | |
| Weight: 0 lb 1.00 oz | | | |
| Estimated Delivery Date Fri 08/14/2026 | | | |
| Certified Mail® | | | $5.55 |
| Tracking #: 9589 0710 5270 3826 9635 94 | | | |
| Return Receipt | | | $4.65 |
| Tracking #: 9590 9402 0147 6110 6558 86 | | | |
| Total | | | $11.02 |
| First-Class Mail® Letter | 1 | | $0.82 |
| Houston, TX 77002 | | | |
| Weight: 0 lb 0.80 oz | | | |
| Estimated Delivery Date Fri 08/14/2026 | | | |
| Flag 2026 Bklt | 1 | $16.40 | $16.40 |

Grand Total $28.24

Debit Card Remit $28.24
Card Name: VISA
Account #: XXXXXXXXXXXX0150
Approval #: 115122
Transaction #: 097
Receipt #: 097667
Debit Card Purchase: $28.24
AID: A0000000980840 Contactless
AL: US DEBIT

TO REPORT AN ISSUE
Visit https://emailus.usps.com

All hazardous labels/markings on reused

Houston, TX 77002
Weight: 0 lb 0.60 oz
Estimated Delivery Date
Fri 08/14/2026

| | | | |
|---|---|---|---|
| Flag 2026 Bklt | 1 | $16.40 | $16.40 |
| Grand Total: | | | $28.24 |
| Debit Card Remit | | | $28.24 |

Card Name: VISA
Account #: XXXXXXXXXXXX0150
Approval #: 115122
Transaction #: 097
Receipt #: 097667
Debit Card Purchase: $28.24
AID: A0000000980840 Contactless
AL: US DEBIT

TO REPORT AN ISSUE
Visit https://emailus.usps.com

All hazardous labels/markings on reused boxes MUST be completely removed/obliterated if they no longer match the contents.

In a hurry? Self-service kiosks offer quick and easy check-out. Any Retail Associate can show you how.

PREVIEW YOUR MAIL AND PACKAGES
Sign up for FREE at
https://informeddelivery.usps.com

Looking for a new opportunity? Join a team that delivers! The Postal Service is actively hiring for full and part-time positions. To learn more visit us at www.usps.com/careers

All sales final on stamps and postage.
Refunds for guaranteed services only.
Thank you for your business.

Customer Service
1-800-ASK-USPS
(1-800-275-8777)
Agents do not have any additional information other than what is provided on USPS.com.

Tell us about your experience.
Go to: https://postalexperience.com/Pos
or scan this code with your mobile device,

or call 1-800-410-7420.

UFN: 486891-1584
Receipt #: 840-57700672-2-11963889-2
Clerk: 13

ALERT: IMPACTS FROM TROPICAL STORM FIVE IN THE GULF REGION, AND FLOODING IN THE SOUTHW...

# USPS Tracking®

EXHIBIT A-6

FAQs >

**Track Packages Anytime, Anywhere**

Get the free Informed Delivery® feature to receive automated notifications on your packages

**Learn More**

Remove ✕

**Tracking Number:**

9589071052703826963594

**Copy** **Add to Informed Delivery**

## Latest Update

Your item is being held at the HOUSTON, TX 77002 post office at 9:55 am on August 14, 2026. This is at the request of the customer.

---

**Get More Out of USPS Tracking:**

**USPS Tracking Plus®**

## Delivery Attempt

**Held at Post Office, At Customer Request**

HOUSTON, TX 77002
August 14, 2026 9:55 AM

**Arrived at USPS Facility**

NORTH HOUSTON TX DISTRIBUTION CENTER
August 13, 2026 10:23 PM

**Arrived at USPS Facility**

SOUTH HOUSTON PROCESSING CENTER
August 13, 2026 7:04 AM

**Arrived at USPS Facility**

NORTH HOUSTON TX DISTRIBUTION CENTER
August 12, 2026 9:20 PM

**Departed Post Office**

PEARLAND, TX 77584
August 12, 2026 5:09 PM

**USPS in possession of item**

PEARLAND, TX 77584

Hide Tracking History

What Do USPS Tracking Statuses Mean?

**Text & Email Updates**

**USPS Tracking Plus®**

**Product Information**

**Postal Product:**
First-Class Mail®

**Features:**
Certified Mail™

**See tracking for related item: 9590940201476110655886**

See Less

Track Another Package

Enter tracking or barcode numbers

## Need More Help?

Contact USPS Tracking support for further assistance.

FAQs

Re: Meet and Confer Regarding Limited Expedited Discovery – Dixon v. Harris County, Texas, Civil Action No. 4:26-cv-04418

EXHIBIT
B-5

From: Morrison, Amber (CAO) (amber.morrison@harriscountytx.gov)
To: tdixon2313@yahoo.com
Cc: radha.thiagarajan@harriscountytx.gov; tina.drewke@harriscountytx.gov; jacqueline.navarro@harriscountytx.gov
Date: Wednesday, September 2, 2026 at 11:18 AM CDT

Ms. Dixon,

A few clarifications in red below. Apologies if it wasn't clear from our call.

Sincerely,

*Amber Morrison*
Assistant County Attorney – Employment Division
E: Amber.Morrison@harriscountytx.gov
P: (713) 274 – 5134
C: (713) 817 – 9861

Office of the Harris County Attorney
Abbie Kamin
cao.harriscountytx.gov

*CONFIDENTIAL: ATTORNEY-CLIENT PRIVILEGED; ATTORNEY WORK PRODUCT: Emails and attachments received from the Office of the Harris County Attorney may be protected by the attorney-client privilege, as attorney work-product or by virtue of other privileges or provisions of law. If you are not an intended recipient, please do not read, copy, use, forward, or disclose any such communications or attachments to others; immediately notify the sender by reply email; and delete the email and the reply from your system. Any unauthorized disclosure, copying, distribution, or use of emails from us or any attachments thereto is prohibited.*

---

**From:** Tiffany Dixon <tdixon2313@yahoo.com>
**Sent:** Tuesday, September 1, 2026 4:48 PM
**To:** Morrison, Amber (CAO) <Amber.Morrison@harriscountytx.gov>
**Cc:** Thiagarajan, Radha (CAO) <Radha.Thiagarajan@harriscountytx.gov>; Drewke, Tina (CAO) <Tina.Drewke@harriscountytx.gov>; Navarro, Jacqueline (CAO) <Jacqueline.Navarro@harriscountytx.gov>
**Subject:** Re: Meet and Confer Regarding Limited Expedited Discovery – Dixon v. Harris County, Texas, Civil Action No. 4:26-cv-04418

Ms. Morrison:

Thank you for speaking with me today.

I understand Harris County does not agree to limited expedited discovery before the Rule 26(f) conference and prefers to wait for the ordinary October schedule because a motion to dismiss is pending.

I also understand you to have stated that:

- a litigation hold issued on or about September 9, 2024;
- a subsequent hold issued on or about July 7, 2026;
- neither hold has been lifted;
- Harris County Universal Services was notified;

- Harris County will not produce copies of the hold letters because it considers them work product;
- you have no personal knowledge of anyone deleting information after the hold issued; and
- it is Harris County's standard practice to instruct management-level employees not to communicate with former employees who are the subject of a litigation hold because of attorney-client privileged communications ~~me~~ and that I should go through counsel to contact current management-level employees. If you were represented by an attorney, an attorney would be required to contact current employees through counsel, and so I also respectfully requested that if there are any current employees who you do not have a personal relationship with, that you contact them through me as well.

If I have misstated Harris County's position, please correct me by the close of business tomorrow. Otherwise I will proceed with a motion for leave based on this understanding.

Respectfully,

Tiffany Nicole Dixon
Plaintiff Pro Se
Phone: (281) 450-4674
Phone: (737) 382-0187
E-mail: Tdixon2313@yahoo.com

On Tuesday, September 1, 2026 at 01:49:45 PM CDT, Morrison, Amber (CAO) <amber.morrison@harriscountytx.gov> wrote:

EXHIBIT
B-4

I will call you at 3:30pm at (281) 450-4674.

Sincerely,

*Amber Morrison*
Assistant County Attorney – Employment Division
E: Amber.Morrison@harriscountytx.gov
P: (713) 274 – 5134
C: (713) 817 – 9861

Office of the Harris County Attorney
Abbie Kamin
cao.harriscountytx.gov

*CONFIDENTIAL: ATTORNEY-CLIENT PRIVILEGED; ATTORNEY WORK PRODUCT: Emails and attachments received from the Office of the Harris County Attorney may be protected by the attorney-client privilege, as attorney work-product or by virtue of other privileges or provisions of law. If you are not an intended recipient, please do not read, copy, use, forward, or disclose any such communications or attachments to others; immediately notify the sender by reply email; and delete the email and the reply from your system. Any unauthorized disclosure, copying, distribution, or use of emails from us or any attachments thereto is prohibited.*

---

**From:** Tiffany Dixon <tdixon2313@yahoo.com>
**Sent:** Tuesday, September 1, 2026 1:41 PM
**To:** Morrison, Amber (CAO) <Amber.Morrison@harriscountytx.gov>
**Cc:** Thiagarajan, Radha (CAO) <Radha.Thiagarajan@harriscountytx.gov>; Drewke, Tina (CAO) <Tina.Drewke@harriscountytx.gov>; Navarro, Jacqueline (CAO) <Jacqueline.Navarro@harriscountytx.gov>
**Subject:** Re: Meet and Confer Regarding Limited Expedited Discovery – Dixon v. Harris County, Texas, Civil Action No. 4:26-cv-04418

Ms. Morrison:

Thank you for your response. 3:30 p.m. today works for me.
Please send the number I should call, or confirm that you will call me at either (281) 450-4674 or (737) 382-0187.

Respectfully,

Tiffany Nicole Dixon

**On Tuesday, September 1, 2026 at 12:48:12 PM CDT, Morrison, Amber (CAO) <amber.morrison@harriscountytx.gov> wrote:**

Ms. Dixon,

I am available today at 3:30pm for a telephone call to discuss, or tomorrow at 2pm. Do either of those times work for you?

Sincerely,

*Amber Morrison*
Assistant County Attorney – Employment Division
E: Amber.Morrison@harriscountytx.gov
P: (713) 274 – 5134
C: (713) 817 – 9861

Office of the Harris County Attorney
Abbie Kamin
cao.harriscountytx.gov

*CONFIDENTIAL: ATTORNEY-CLIENT PRIVILEGED; ATTORNEY WORK PRODUCT: Emails and attachments received from the Office of the Harris County Attorney may be protected by the attorney-client privilege, as attorney work-product or by virtue of other privileges or provisions of law. If you are not an intended recipient, please do not read, copy, use, forward, or disclose any such communications or attachments to others; immediately notify the sender by reply email, and delete the email and the reply from your system. Any unauthorized disclosure, copying, distribution, or use of emails from us or any attachments thereto is prohibited.*

EXHIBIT
B-3

**From:** Tiffany Dixon <tdixon2313@yahoo.com>
**Sent:** Tuesday, September 1, 2026 12:02 PM
**To:** Morrison, Amber (CAO) <Amber.Morrison@harriscountytx.gov>
**Cc:** Thiagarajan, Radha (CAO) <Radha.Thiagarajan@harriscountytx.gov>; Drewke, Tina (CAO) <Tina.Drewke@harriscountytx.gov>; Navarro, Jacqueline (CAO) <Jacqueline.Navarro@harriscountytx.gov>
**Subject:** Re: Meet and Confer Regarding Limited Expedited Discovery – Dixon v. Harris County, Texas, Civil Action No. 4:26-cv-04418

Ms. Morrison:
Thank you for your response.
Stating that Harris County has "internal processes in place regarding litigation holds" is not the same as confirming whether a litigation hold was implemented in this case, when it was implemented, who received it, what it covered, whether relevant custodians and systems were included, and whether preservation remains ongoing.

Also, I am not asking Harris County to disregard the Federal Rules, nor am I requesting the full merits discovery before the Rule 26(f) conference. My August 28, 2026 email asked whether Harris County would stipulate to, or otherwise agree to, limited expedited discovery under Rule 26(d)(1) concerning:

1. litigation holds and preservation implementation in this case;
2. deletion, access, audit, mailbox, and backup logs for a limited set of custodians and systems; and
3. communications concerning whether current or former employees, potential witnesses, or custodians may communicate with me.

Further, I also asked whether counsel was available for a short telephone or Zoom conference to discuss the issue. I am not attempting to start discovery by email. I am attempting to confer before filing a motion for leave.
Your email does not state that Harris County agrees to limited expedited discovery before the Rule 26(f) conference. Instead, your email refers to the ordinary October 8, 2026 discovery-planning deadline and the October 29, 2026 initial conference. Therefore, I understand Harris County does not agree to limited expedited discovery before the Rule 26(f) conference.
Unless Harris County states otherwise by the close of business today, I will understand that Harris County does not agree to the requested limited expedited discovery before the Rule 26(f) conference.
Respectfully,

Tiffany Nicole Dixon
Plaintiff Pro Se
Phone: (281) 450-4674
Phone: (737) 382-0187
E-mail: Tdixon2313@yahoo.com

On Tuesday, September 1, 2026 at 07:01:25 AM CDT, Morrison, Amber (CAO) <amber.morrison@harriscountytx.gov> wrote:

EXHIBIT B-2

Good morning Ms. Dixon,

The county has internal processes in place regarding litigation holds.

Unfortunately, I am unsure what exactly you are requesting regarding discovery. We will follow the Federal Rules of Civil Procedure regarding discovery and respectfully request that you do the same. Our Initial Conference is scheduled for October 29, 2026. Our deadline to meet and confer to plan for discovery is October 8, 2026. I will be in touch in the coming weeks for us to schedule a time to discuss our Joint Discovery Case Management Plan, as required under the Federal Rules of Civil Procedure.

Sincerely,

*Amber Morrison*
Assistant County Attorney – Employment Division
E: Amber.Morrison@harriscountytx.gov
P: (713) 274 – 5134
C: (713) 817 – 9861

Office of the Harris County Attorney
Abbie Kamin
cao.harriscountytx.gov

*CONFIDENTIAL: ATTORNEY-CLIENT PRIVILEGED; ATTORNEY WORK PRODUCT: Emails and attachments received from the Office of the Harris County Attorney may be protected by the attorney-client privilege, as attorney work-product or by virtue of other privileges or provisions of law. If you are not an intended recipient, please do not read, copy, use, forward, or disclose any such communications or attachments to others; immediately notify the sender by reply email, and delete the email and the reply from your system. Any unauthorized disclosure, copying, distribution, or use of emails from us or any attachments thereto is prohibited.*

---

EXHIBIT B-1

**From:** Tiffany Dixon <tdixon2313@yahoo.com>
**Sent:** Friday, August 28, 2026 1:32 PM
**To:** Morrison, Amber (CAO) <Amber.Morrison@harriscountytx.gov>; Thiagarajan, Radha (CAO) <Radha.Thiagarajan@harriscountytx.gov>; Drewke, Tina (CAO) <Tina.Drewke@harriscountytx.gov>; Navarro, Jacqueline (CAO) <Jacqueline.Navarro@harriscountytx.gov>
**Subject:** Meet and Confer Regarding Limited Expedited Discovery – Dixon v. Harris County, Texas, Civil Action No. 4:26-cv-04418

Ms. Morrison and Ms. Thiagarajan:
I write in a good-faith effort to confer regarding limited expedited discovery in the above-referenced case.
As you know, I served a formal Litigation Hold / Preservation Demand on August 11, 2026. Certified-mail tracking reflects delivery on August 17, 2026. As I previously raised during the EEOC investigation process, I have specific concerns regarding the preservation of relevant documents and electronically stored information ("ESI"), communications with potential witnesses, and potential spoliation or deletion of evidence after notice of my EEOC Charge, Amended EEOC Charge, administrative complaints, and this lawsuit.
I am seeking to determine whether Harris County will stipulate to, or otherwise agree to, limited expedited discovery focused on:

- preservation of relevant documents and ESI;
- litigation holds, preservation directives, and related preservation efforts;
- communications with potential witnesses concerning Plaintiff, Plaintiff's EEOC proceedings, this lawsuit, or whether witnesses may communicate with Plaintiff; and
- potential deletion, alteration, movement, transfer, or loss of relevant documents or ESI after notice of Plaintiff's EEOC Charge, Amended EEOC Charge, administrative complaints, or this lawsuit.

Please advise by the close of business on Tuesday, September 1, 2026, whether Harris County will agree to limited expedited discovery on these topics, whether Harris County opposes Plaintiff seeking leave of Court to conduct such discovery, or whether counsel is available for a short telephone or Zoom conference to discuss the issue before a motion is filed.

If Harris County is willing to discuss the scope of limited expedited discovery, I am willing to confer regarding reasonable limits on custodians, time periods, search terms, categories of ESI, privilege issues, confidentiality concerns, and any appropriate protective order.

As of this email, I have not received written confirmation regarding the implementation, maintenance, or communication of a litigation hold in response to my August 11, 2026 preservation demand. If Harris County does not respond to this meet-and-confer request by the deadline above, I will understand that Harris County does not agree to the requested limited expedited discovery and will proceed accordingly.

Thank you for your attention to this matter.

Respectfully,

Tiffany Nicole Dixon
Plaintiff Pro Se
Phone: (281) 450-4674
Phone: (737) 382-0187
Email: Tdixon2313@yahoo.com

EXHIBIT
C

**TRANSCRIPT EXCERPT OF SEPTEMBER 20, 2024 PRESERVATION-RELATED MEETING**

**HCDAO Asset Forfeiture Division**

**Approximate Time Stamp: 45:53–47:52**

***Note:*** *This exhibit is Plaintiff's transcript excerpt of a relevant portion of an audio recording provided to Plaintiff by Dionda Jones. The audio recording itself is not attached. Plaintiff has preserved the complete recording and can provide it if requested by the Court. This transcript excerpt was prepared to the best of Plaintiff's ability and covers the relevant portion of the recording from approximately 45:53 to 47:52.*

**[00:45:53] Michael Butera:** Last thing—

**[00:45:54] Unidentified Speaker:** [interrupting] I'm not calling you.

**[00:45:55] Michael Butera:** [laughs] I'm sure, um, if you did get it, you know, if you didn't get it, you know we don't need to talk about it, but if you got an e-mail yesterday about preserving some documents or evidence . . . everything, that went out very broadly to a huge group of people. So, be very aware of that. I take that extremely seriously. You're under an obligation to preserve anything you may have. Obviously, things you don't have, you don't have. So—

**[00:46:19] Unidentified Speaker:** [interrupting] How do you preserve voicemail?

**[00:46:21] Michael Butera:** Um . . .

**[00:46:24] Dionda Jones:** They're in your e-mail.

**[00:46:25] Alexis Mitchell:** They're in your e-mail, right?

**[00:46:26] Michael Butera:** It should be. Yeah, so my view of the e-mail is just don't delete. I delete, like, the wellness things from the County or whatever. I-I keep, you know, I probably should keep those.

**[00:46:35] Unidentified Speakers:** [laughter]

**[00:46:36] Michael Butera:** Uh, but you know what I mean. Just be thoughtful . . . you're individually responsible for your own actions, so follow the instructions. Um, I did ask a clarifying—

**[00:46:45] Eleanor Delgado:** [interrupting] Does that mean at one point we can be subpoenaed for that?

**[00:46:49] Michael Butera:** We won't talk about any particular details. It will take the course that it takes. If you are, you will be. If you're not, you won't be. You know, that'll just take its own course. Um, I did ask a clarifying question because something in the e-mail said something about, like, "start collecting"—

**[00:47:02] Unidentified Speaker:** [interrupting] Yes.

**[00:47:03] Michael Butera:** Or so, I was like, "Oh, do we need to—?" So, here's the clarifying observation I got. It's a hold order, meaning don't destroy anything. If something is in danger of being destroyed, you should take some action to prevent that from happening. But we're not in a process where we're like collecting and boxing up stuff or anything like that. I hope that clarifies that. For me, for example, I keep—

**[00:47:26] Kristal Snelson:** [interrupting; unintelligible] I was headed to the shredder right now.

**[00:47:27] Unidentified Speakers:** [whispering]

**[00:47:30] Michael Butera:** —my e-mails, my messages, my everything is saved. It's in no danger of being destroyed because, well I hope not, I wouldn't destroy it. But like, the office is backing up and everything.

**[00:47:36] Alexis Mitchell:** Mm-hmm.

**[00:47:36] Unidentified Speaker:** Correct.

**[00:47:37] Michael Butera:** But that clarified it for me. There's no need to print out and have a stack of e-mails or something, but there is a duty, if you have a practice of deleting messages or something set that deletes messages at a certain point, to not do that. Is that clarifying enough for everyone?

**[00:47:51] Unidentified Speakers:** Mm-hmm. Yes. Yes.

**[00:47:52] Michael Butera:** Um, I think that's it. [unintelligible] Thank y'all so much.

EXHIBIT D


9:35
631
DJ
MM
CP
3 People
Dionda Jones
Apparently yesterday some people got an email about preserving their emails and not deleting anything
DJ
Omg that PIA is gonna be pure fire 🔥🔥🔥
Conswella Phipps
Did he bring this up in the meeting
CP
Also, I just got off the phone with the Department of Labor and they're going to get back with me next week
Dionda Jones
Yes Swe. He said it was very broad and went to several people
I didn't get it
DJ
Mike Martin
I didn't either.
MM
Conswella Phipps
I'm shocked he brought it up in the meeting with everyone
CP
Mike Martin
Cash

EXHIBIT
E-1

2:43

< 622

AR MM CP

4 People

Uh oh someone is asking oatmeal for some pdf thing that she sent and she can't find it and she can't find the file. She told mcgruff she knows she mailed it and mailed it certified as well. But she doesn't know what to do now cause she can't find the file

AR She's currently in McGruffs office

Lol!



Alyssa Rios

HA HA

AR Mcgruff told oatmeal to check efile

Mike Martin

MM I wish you knew the name

HA HA

MM I would go in her k drive and hide it

Omg!!! Hahaha

First comment



Text Message

Cash

EXHIBIT
E-2

3:00

621

AR DJ MM CP

4 People



MM

Alyssa Rios

😂

AR

Lol

Consumed by hate

Dionda Jones

That's that day she came in here acting like an asshole

DJ

Mike Martin

Probably made it up about being in the black cabinet

MM

Dionda Jones

I'm amused that's she's still mentioning Tiffany 2 months after getting her fired

DJ

Text Message

Cash

EXHIBIT E-3

Charged Type: State

DWOP Date

Dis. Deadline

PTC Date

By Whom: Hartman, Cornelia (2)

Trial Date

Assigned To: Hartman, Cornelia (2)

Status: Served

Notes

Add Status Note

Status
**HARTMAN_CORNELIA** *wrote on* Sep 17 2024 10:40AM

9/17/24/CH/spent a considerable amount of time looking for the file. It was in the black filing cabinet in Tiffany's (old) office. All the other files had been moved to the hallway file cabinet by TD.

Status
**HARTMAN_CORNELIA** *wrote on* Sep 17 2024 10:39AM

CRIM 11/19/24

Status
**HARTMAN_CORNELIA** *wrote on* Aug 13 2024 12:38PM

8/13/24/CH/ CRIM 9/16/24

Status
**DIXON_TIFFANY** *wrote on* Jul 10 2024 9:05AM

Respondent acquired another narc [illegible] case (POSS CS PG 1/1-B >=400G [F1]) on 7/4/2024 and he is currently in HCJ. His next criminal court date for this case [illegible] for 7/8/24 (Hurricane Beryl)

R's underlying criminal c[illegible] 10/23/2024 (MFC filed to reset this August trial date)

A Motion to Revoke [illegible] bail (for his active underlying criminal cases) that was filed on 7/3/24 states, "On July 2nd, 2024, the Defendant was arr[illegible] possession of 4 kilograms of methamphetamine pills, along with multiple other controlled substances, in violation of his co[illegible] ... bond [illegible]

EXHIBIT
E-4

2:50

622

AR DJ MM CP

4 People

Mike Martin

MM: Maybe Oatmeal didn't save a copy of what she sent in certified



Conswella Phipps

CP: Oatmeal and bunny have been there for 2 years and they still don't know how to do their job!! WTH!!

I feel badly for all of you, having to deal with these amateurs

Alyssa Rios

AR: She probably doesn't. The case she was talking about was probably Barbie's. Because she just came to mcgruff and said i found it i accidentally deleted it when i was deleting stuff when i got Cornelia'a cases.

Text Message

Cash

[redacted]

Related Criminal Conduct: Gambling

Charged Type: (Select One)

*Status*

| | | | |
|---|---|---|---|
| Status Date | 10/23/2024 | By Whom | Hartman, Cornelia (2) |
| DWOP Date | | Trial Date | |
| Dis. Deadline | | Assigned To | Hartman, Cornelia (2) |
| PTC Date | | Status | (Select One) |

Notes

Add Status Note

**Status**
**BURKHART_SHANNON** ***wrote on*** Oct 3 2024 1:44PM

10/3/24//SB// USPS tracking #9589071052700174170070 shows service mailing was picked up from a postal facility on 10/2/24 at 4:33pm;

**Status**
**BURKHART_SHANNON** ***wrote on*** Sep 25 2024 3:38PM

9/25/24/SB/ Updated cause and court number in DDP - check services;

**Status**
**BURKHART_SHANNON** ***wrote on*** Sep 25 2024 3:03PM

9/25/24 filed petition with Crim Intake - pending cause #;

**Status**
**BURKHART_SHANNON** ***wrote on*** Sep 23 2024 8:49AM

9/23/24 updated gambling petition on 9/20/24 - sent to CH for review on 9/23/24;

**Status**
**DIXON_TIFFANY** ***wrote on*** Jun 21 2024 10:10AM

6/20/24: Received corrected affidavit from [illegible]. Correcting draft for review

EXHIBIT
E-5

EXHIBIT
E-6

2:52

622

AR MM CP
4 People

Oatmeal and McGruff will conspire against her like they did with docket back in the day.

Alyssa Rios

Becareful with that because mcgruff told oatmeal that IT can pull deleted stuff somehow

She told her to call IT if she couldn't find it in efile

Conswella Phipps

Replied to a message:
Why is she deleting anything!!

She's deleting things and I was accused of deleting things

This is absolutely getting written down

Mike Martin

Enron asked me if I know anyone on the transition team.

I said yes. I know most of them.

Text Message

Cash