**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **TIFFANY NICOLE DIXON** | § | |
| Plaintiff, | § | |
| | § | |
| -v- | § | **Civil Action No. 4:26-cv-04418** |
| | § | |
| **HARRIS COUNTY, TEXAS** | § | |
| Defendant. | § | |

**PROPOSED ORDER**

On this date, the Court considered Plaintiff Tiffany Nicole Dixon's Motion for Leave to Conduct Limited Expedited Discovery Regarding Preservation of Evidence, Witness Communications, and Potential Spoliation, any response, the record, and applicable law.

The Court finds that the Motion should be **GRANTED**.

It is therefore **ORDERED** that Plaintiff Tiffany Nicole Dixon is granted leave to conduct limited expedited discovery before the Rule 26(f) conference as follows:

1. Within seven (7) days after entry of this Order, Plaintiff may serve limited requests for production and no more than five (5) interrogatories confined to the following topics:

   a. nonprivileged factual information concerning the litigation holds or preservation directives that Defendant's counsel stated were issued on or about September 9, 2024 and July 7, 2026, including the date, current status, recipients, custodians notified, systems covered, categories of information covered, and whether routine deletion, retention, overwriting, backup rotation, account closure, mailbox deletion, or similar processes were suspended;

   b. deletion logs, audit logs, access logs, mailbox activity logs, file-activity records, backup records, restore logs, retention-policy records, account-closure records, device-return records, and associated metadata for Asset Forfeiture Division custodians and systems covered by the litigation holds or preservation directives described above, sufficient to determine whether relevant documents, emails, messages, files, folders, or ESI were created, modified, accessed, copied, transferred, deleted, restored, archived, overwritten, or otherwise changed;

   c. nonprivileged written instructions, emails, directives, or written records reflecting instructions issued to current or former HCDAO employees concerning whether they may communicate with Plaintiff about this case, Plaintiff's EEOC Charge, Plaintiff's Amended EEOC Charge, or nonprivileged facts relating to Plaintiff's employment; and

d. limited nonprivileged technical records and logs concerning the electronic files identified in Exhibits E-4 and E-5, and other Asset Forfeiture files reassigned to Shannon Burkhart or associated with "Hartman, Cornelia (2)" after Plaintiff's termination, sufficient to determine whether those files were accessed, moved, deleted, restored, archived, or otherwise changed after the September 2024 litigation hold or preservation directive.

2. Defendant shall serve written responses and objections within fourteen (14) days after service of Plaintiff's limited expedited discovery requests.
3. Defendant shall produce nonprivileged responsive materials within twenty-one (21) days after service of Plaintiff's limited expedited discovery requests, unless the parties agree in writing to a different production date or the Court orders otherwise.
4. To the extent Defendant withholds responsive materials on the basis of privilege, work product, confidentiality, or any other objection, Defendant shall provide a privilege log or other written identification sufficient to allow Plainuiff and the Court to evaluate the claim without disclosure of privileged information.
5. To the extent Defendant contends that any requested logs, technical records, ESI, or preservation-related information within the scope of this Order no longer exists, cannot be located, was deleted, was overwritten, was archived, was transferred, or cannot be restored, Defendant shall state that fact in writing and identify, to the extent known, what was searched, what steps were taken to locate or restore the information, and which custodians, systems, accounts, or repositories were searched.
6. The parties shall confer in good faith regarding reasonable limitations on custodians, date ranges, search terms, ESI format, privilege issues, confidentiality concerns, and any protective order that may be necessary for the limited expedited discovery authorized by this Order.
7. Nothing in this Order authorizes full merits discovery before the Rule 26(f) conference. The discovery authorized by this Order is limited to the preservation, technical-log, file-handling, and witness-contact issues identified above.

SIGNED on ______________________________, 2026.

______________________________
PETER BRAY
UNITED STATES MAGISTRATE JUDGE