**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **TIFFANY NICOLE DIXON** | § | |
| | § | |
| ***Plaintiff*,** | § | |
| | § | |
| **v.** | § | **Civil Action No.: 4:26-cv-04418** |
| | § | |
| **HARRIS COUNTY, TEXAS** | § | |
| | § | |
| ***Defendant*** | § | |

**DEFENDANT HARRIS COUNTY'S MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY IN RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT LIMITED EXPEDITED DISCOVERY**

Defendant Harris County (the "County") moves for a Protective Order to stay discovery in response to Plaintiff's Motion for Leave to Conduct Limited Expedited Discovery Regarding Preservation of Evidence, Witness Communications, and Potential Spoliation ("Motion for Leave to Conduct Limited Expediated Discovery" or "Plaintiff's Motion") and respectfully requests that Plaintiff's Motion be denied, and the Court grant the County's Motion for Protective Order to stay discovery.

## I. INTRODUCTION

1. On June 4, 2026, Plaintiff filed her *pro se* Complaint against the County alleging race discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), along with disability discrimination and failure to accommodate under the Americans with Disabilities Act of 1990 ("ADA"). [Doc. 1, pgs. 4, 5].

2. On July 15, 2026, the County timely filed a Motion to Dismiss [Doc. 9], to which Plaintiff responded on August 4, 2026 [Doc. 14], and the County replied on August 11, 2026 [Doc. 17].

3. The Initial Conference is scheduled for October 29, 2026. [Doc. 11].

4. The deadline for the parties Rule 26(f) conference is October 8, 2026.

5. The County's Motion to Dismiss is currently pending before the Court. [Doc. 9].

6. In it, the County has shown that Plaintiff's entire lawsuit should be dismissed as a matter of law because her Complaint was filed ninety-one (91) days after she received her Notice of Right to Sue, one day past the strict ninety-day deadline. [Doc. 9, pp. 3-4].

7. Therefore, the County moves for a Protective Order to stay discovery in response to Plaintiff's Motion for Leave to Conduct Limited Expedited Discovery.

## II. A PROTECTIVE ORDER

### A. A Protective Order staying discovery is appropriate because the County's dispositive Motion to Dismiss is pending before the Court.

8. "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

9. "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26.

10. It also "may be appropriate where the disposition of a motion to dismiss might preclude the need for discovery altogether thus saving time and expense." *Barrie v. Nueces Cnty. Dist. Attorney's Off.*, No. 2:17-CV-00204, 2017 WL 11713691, at *2 (S.D. Tex. Nov. 13, 2017*) quoting United States ex rel. Gonzalez*, 571 F. Supp. 2d at 768 (internal quotation marks omitted); *see also Landry v. Air Lines Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 435–36 (5th Cir. 1990), opinion modified on denial of reh'g (Apr. 27, 1990) (upholding the district court's grant of a stay pending the court's ruling on a motion for summary judgment because movants met their burden of showing the discovery sought would be unduly expensive and burdensome).

11. The County's dispositive Motion to Dismiss [Doc. 9] is pending before the Court. In it, the County has shown that Plaintiff's entire lawsuit should be dismissed as a matter of law because her Complaint was filed ninety-one (91) days after she received her Notice of Right to Sue, one day past the strict ninety-day deadline. [Doc. 9, pp. 3-4]. Until the Court resolves that threshold question, the County should not be compelled to shoulder the burden and expense of discovery — expedited or otherwise — in a case that may not survive the pleadings.

**B. A Protective Order staying discovery is appropriate because discovery has no bearing on the Motion to Dismiss.**

12. "At the Rule 12(b)(6) stage, [Plaintiff's] claims must rise or fall on the content of the existing allegations. After all, a plaintiff must plead plausible claims before she can unlock the doors of discovery." *Monson v. McClenny, Moseley & Assocs., PLLC,* No. 4:23-CV-00928, 2024 WL 5185686, at *1 (S.D. Tex. Oct. 3, 2024) *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

13. Nothing Plaintiff seeks, or may seek in the future, bears on whether her Complaint was timely filed. Because *any* requested discovery cannot affect the disposition of the pending Motion to Dismiss, the County respectfully requests that Plaintiff's Motion for Leave to Conduct Limited Expedited Discovery be denied, and that the Court grant the County a Protective Order to stay all discovery until the resolution of the County's Motion to Dismiss. Plaintiff's attempt to force the County to engage in discovery would impose an undue burden and unnecessary expense on the County at this time.

## III. PLAINTIFF DOES NOT SHOW GOOD CAUSE FOR EXPEDITED DISCOVERY

14. Even setting aside the pending Motion to Dismiss and the County's request for a Protective Order, Plaintiff's Motion for Leave to Conduct Expedited Discovery should (at the very least) be denied, because Plaintiff has not satisfied the standard for pre-conference discovery.

15. "The burden of showing good cause is on the party seeking the expedited discovery." *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011).

**A. Plaintiff's Motion confirms that the County has taken appropriate steps to preserve relevant evidence.**

16. When determining whether good cause exists, the Court should consider "the purpose for requesting the expedited discovery," among other things. *Greenthal v. Joyce*, No. 4:16-CV-41, 2016 WL 362312, at *2 (S.D. Tex. Jan. 29, 2016).

17. Additionally, "good cause typically exists where the party seeking expedited discovery demonstrates that the need for expedited discovery outweighs the prejudice to the responding party." *MODE Glob., LLC v. Kuriger*, 350 F.R.D. 271, 274 (N.D. Tex. 2025).

18. "A court should only issue an order for expedited discovery if there is some showing of good cause to justify the order." *El Pollo Loco, S.A. de C.V. v. El Pollo Loco, Inc.*, 344 F. Supp. 2d 986, 991 (S.D. Tex. 2004).

19. Plaintiff fails to show good cause. In Plaintiff's Motion she acknowledges and admits that (1) the County informed Plaintiff that it served litigation hold letters on the District Attorney's Office on September 9, 2024 and July 7, 2026 [Doc. 18, ¶ 12], (2) Asset Forfeiture Division personnel received or were informed of a preservation email concerning documents or evidence [Doc. 18, ¶ 3], (3) that the Asset Forfeiture Division Chief Michael Butera conducted a division meeting during which he discussed the preservation directive with Asset Forfeiture Division personnel [Doc. 18, ¶ 4], and that IT can pull deleted files [Doc. 18, ¶ 5].

20. Plaintiff's alleged need for expedited discovery, which she identifies as "preservation concerns" [Doc. 18, ¶ 21], is contradicted by her own judicial admissions above.

**B. Plaintiff relies on unreliable and inadmissible hearsay within hearsay.**

21. Plaintiff's only support for her alleged need for expedited discovery relies on unreliable and inadmissible hearsay within hearsay. By Plaintiff's own account, the exchange consists of one non-party (Alyssa Rios) reporting what a second non-party (Alexis Mitchell) relayed about what a third non-party (Shannon Burkhart) said — that Burkhart had "accidentally deleted it when [she] was deleting stuff when [she] got Cornelia's cases." [Doc. 18, ¶ 5].

22. Each layer is an out-of-court statement offered for its truth, and hearsay within hearsay can only be admissible "if each part of the combined statements conforms with an exception to the rule." Fed. R. Evid. 805. The Fifth Circuit enforces that requirement strictly—when analyzing a recorded statement, the Court stated a recording of one person's statement by another is a "classic example of hearsay within hearsay," and "both levels of hearsay must come within exceptions to the hearsay rule." *Rock v. Huffco Gas & Oil Co*., 922 F.2d 272 (5th Cir. 1991). It follows that the same analysis applies to more modern forms of communication like text messages.

23. Plaintiff identifies no exception for any link in this triple-hearsay chain. As such, the Court should give diminished weight, if any at all, to Plaintiff's sole support to her request.

**C. Plaintiff fails to identify any relevance of the alleged preservation concerns to her claims of discrimination.**

24. As a threshold matter, "a party's duty to preserve evidence comes into being when the party has notice that the evidence is relevant to the litigation or should have known that the evidence may be relevant." *Guzman v. Jones*, 804 F.3d 707, 713 (5th Cir. 2015). Said another way, a party is only under an obligation to preserve *relevant* evidence.

25. Plaintiff fails to provide any rationale, justification, or explanation on how the allegedly deleted items are in any way relevant to her claims of discrimination and retaliation.

## IV. CONCLUSION

26. The County respectfully requests that the Court deny Plaintiff's Motion for Leave to Conduct Limited Expedited Discovery because the County's dispositive Motion to Dismiss is still pending. Furthermore, Plaintiff fails to show that good cause exists to grant her leave for expedited discovery because she confirms the County has taken the appropriate steps to preserve relevant evidence, she only relies on unreliable and inadmissible hearsay within hearsay to support her request, and she fails to identify how the allegedly deleted files are relevant to her lawsuit.

27. Additionally, the County requests that the Court enter a Protective Order staying all discovery in this matter until the resolution of the dispositive Motion to Dismiss, because discovery has no bearing on the motion and the County should not be compelled to shoulder the burden and expense of discovery — expedited or otherwise — in a case that may not survive the pleadings.

28. The County further prays for such other and further relief, at law and in equity, to which it may be justly entitled.

By: *___/s/Amber Morrison___*
**AMBER MORRISON**
Assistant County Attorney
State Bar No. 24106344
Federal Bar No. 3838165
Amber.Morrison@harriscountytx.gov
**RADHA THIAGARAJAN**
Senior Assistant County Attorney
State Bar No. 00784154
Federal Bar No. 20217
Radha.Thiagarajan@harriscountytx.gov

**OFFICE OF THE HARRIS COUNTY ATTORNEY**
1010 Lamar
11th Floor
Houston, Texas 77002
Tel: (713) 274-5134 (direct)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF CONFERENCE

I certify that on September 1, 2026, I conferred with Plaintiff by telephone regarding her request for expedited discovery and informed Plaintiff that the County was opposed to such request because the County's Motion to Dismiss is still pending before the Court.

*/s/ Amber Morrison*
Amber Morrison

## CERTIFICATE OF SERVICE

I certify that on September 29, 2026, a copy of the foregoing document was served upon Plaintiff via certified mail to the address detailed below. I certify this document was also served via the ECF filing system pursuant to the Local Rules and Federal Rules of Civil Procedure.

Tiffany Nicole Dixon
12313 Winebrook Drive
Pearland, Texas 77584
Tdixon2313@yahoo.com
**PRO SE PLAINTIFF**

*/s/ Amber Morrison*
Amber Morrison