United States District Court
Southern District of Texas
**ENTERED**
September 29, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Tiffany Nicole Dixon,<br>*Plaintiff*, | §<br>§<br>§ | |
| v. | § | Civil Action H-26-4418 |
| Harris County, Texas,<br>*Defendant*. | §<br>§<br>§ | |

**MEMORANDUM AND RECOMMENDATION AND ORDER**

Pending before the court are Defendant Harris County's Motion to Dismiss for Failure to State a Claim, ECF No. 9, and Plaintiff Tiffany Nicole Dixon's Motion for Leave to Conduct Limited Discovery, ECF No. 18. This case has been referred to the undersigned magistrate judge for all pretrial purposes. ECF No. 10. The court recommends that Defendant's Motion to Dismiss, ECF No. 9, be **GRANTED** and that this case be **DISMISSED with prejudice**. Dixon's Motion for Leave to Conduct Limited Discovery, ECF No. 18, is **DENIED as moot**.

***1. Background Facts and Procedural Posture***

Plaintiff Tiffany Nicole Dixon brings this case under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act of 1990 (ADA). ECF No. 1 at 2. Dixon alleges that she was terminated from her employment with Harris County, that she was provided unequal terms and conditions of employment, and that she was retaliated against due to her race and disability. *Id.* at 4. She also alleges that Harris County failed to accommodate her disability. *Id.*

Dixon alleges that she is a Black female who suffers from back, foot, and leg problems. ECF No. 1 at 5. She alleges she has significant mobility problems and requires ongoing medical

treatment. *Id.* Dixon states that she was working as a paralegal with the Harris County District Attorney's Office when, beginning in October 2023, she was "subjected to unequal treatment, heightened scrutiny, and a hostile work environment." *Id.* She reported the alleged unfair treatment and was placed on administrative leave and then fired. *Id.* She also alleges that she requested accommodations for her disabilities, but those requests for accommodations were denied. *Id.* She further alleges that she was fired while she was awaiting surgery on her back. *Id.*

Dixon alleges that she filed her charge of discrimination with the EEOC on August 30, 2024, and that she amended the charge on February 12, 2025. ECF No. 1 at 6. Dixon further states that she received the EEOC's Notice of Right to Sue letter on March 5, 2026. *Id.* Dixon attached a copy of the letter to her Complaint. ECF No. 1-1. The letter states that it was issued on March 5, 2026—the same day that Dixon says she received it. The letter also states, in bold letters, that any lawsuit must be filed within ninety days of receipt of the notice. *Id.* Dixon filed this case in federal court on June 4, 2026, which is ninety-one days after she received the Notice of Right to Sue letter.

In its Motion to Dismiss, Defendant argues that Dixon's case is time barred, and that Dixon failed to exhaust administrative remedies as to any causes of action arising more than 300 days prior to filing her EEOC charge. ECF No. 9 at 2. The court agrees that this case must be dismissed as time barred and does not reach the exhaustion issue.

***2. Legal Standard***

Rule 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 12(b)(6), the court determines whether the plaintiff's complaint contains "enough facts to state a claim to

relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Calogero v. Shows, Cali & Walsh, L.L.P.*, 970 F.3d 576, 580 (5th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. Ultimately, the "[f]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted).

A statute of limitations may support dismissal under Rule 12(b)(6) where it is clear from the plaintiff's pleadings that the action is time barred, and the pleadings fail to raise a basis for equitable tolling. *Kirkland v. Big Lots Store, Inc.*, 547 F. App'x 570, 572 (5th Cir. 2013) (citing *Jones v. Alcoa Inc.*, 339 F.3d 359, 366 (5th Cir. 2003)).

***3. Title VII's Filing Deadline***

Aggrieved employees who seek to file a lawsuit under Title VII or the ADA must do so within ninety days of receiving their right-to-sue letter. 42 U.S.C. § 2000e-5(f)(1); *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996) ("[T]he ADA incorporates by reference the procedures applicable to actions under Title VII . . . ."). The ninety-day period is strictly construed. *Washington v. City of Gulfport*, 351 F. App'x 916, 918 (5th Cir. 2009). "Indeed, the Fifth Circuit has affirmed dismissals of cases in which a plaintiff missed the ninety-day period by just one or two days." *Davis v. ComputerShare Loan Servs.*, No. 23-1542, 2023 WL 9005670, at *2 (S.D. Tex. Nov. 8, 2023) (collecting cases), *R. & R. adopted*, 2023 WL 9007275 (Dec. 27, 2023).

If the plaintiff files suit more than ninety days after receiving notice of their right to sue, the court will typically dismiss the action as time barred. *Gulfport*, 351 F. App'x at 918. However, in some circumstances, the court may apply equitable tolling to excuse a plaintiff's late filing. *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011). Courts have applied equitable tolling when (1) a plaintiff timely files suit in the wrong forum, (2) a plaintiff is unaware of the facts giving rise to the suit because the defendant intentionally concealed them, or (3) the EEOC misleads a plaintiff about her rights. *Id.* (noting that the list is not exhaustive). Equitable tolling should be applied sparingly. *Id.*

***4. Analysis***

Dixon affirmatively pleads that she received the Notice of Right to Sue letter on March 5, 2026. ECF No. 1 at 6. Again, that is the same date as the letter states that it issued. This lawsuit was filed ninety-one days later. Her claims are time-barred unless there is some basis to apply equitable tolling.

Dixon argues that equitable tolling should apply because on March 5, 2026, an EEOC investigator told her that the Notice of Right to Sue letter would be issued the next day—March 6th. ECF No. 14 at 4. The court takes this allegation as true, but it does not help Dixon's case. Dixon states that she received the letter on March 5th, so it does not matter what the EEOC investigator told her. The EEOC investigator did not mislead Dixon about her rights or prevent her from timely filing her lawsuit. The letter was dated March 5, 2026, and it states in bold letters that suit must be filed within ninety days. There is nothing in the record before the court to suggest that equitable tolling is warranted.

Because the facts set forth in Dixon's Complaint require dismissal of this case as time-barred, any amendment to the Complaint would be futile. Leave to amend is therefore **DENIED**.

***5. Conclusion***

Because Dixon's claims are time barred, the court recommends that Defendant's Motion to Dismiss, ECF No. 9, be **GRANTED**. The court further recommends that this case be **DISMISSED with PREJUDICE**.

Dixon's Motion for Leave to Conduct Limited Discovery, ECF No. 18, is **DENIED as moot**.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on September 29, 2026.

Peter Bray
United States Magistrate Judge