**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **TIFFANY NICOLE DIXON** | § | |
| Plaintiff, | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:26-cv-04418** |
| | § | |
| **HARRIS COUNTY, TEXAS** | § | |
| Defendant. | § | |

**DECLARATION OF TIFFANY NICOLE DIXON IN SUPPORT OF PLAINTIFF'S REPLY AND RESPONSE**

I, Tiffany Nicole Dixon, am over eighteen years of age, am competent to testify, and have personal knowledge of the facts stated below:

1. I am the Plaintiff in this action and make this declaration based upon my personal knowledge.

2. On September 1, 2026, I participated in a telephone conference with counsel for Defendant, Harris County, Texas, concerning my request for limited expedited discovery. I recorded that conference and have preserved the original audio recording.

3. The statements attributed to Defendant's counsel in this Declaration are based upon my personal participation in the conference and my review of the preserved recording. Any language appearing in quotation marks is transcribed from the preserved recording; the remaining descriptions accurately summarize the recorded conversation.

4. During the conference, Defendant's counsel stated that Harris County had identified "relevant parties" in connection with its litigation holds and that those relevant parties were identified in the hold letters.

5. Defendant's counsel stated that Harris County would not agree to early discovery

concerning the preservation issues I raised. Counsel further stated that I had the prerogative to serve interrogatories once discovery opened, including questions concerning preservation, and that Defendant would review those requests and respond accordingly through the ordinary discovery process.

6. Defendant's counsel also stated that, if the Court had not ruled on Defendant's Motion to Dismiss within a couple of weeks, Defendant would contact me to schedule the parties' Rule 26(f) conference. Counsel offered, because I am proceeding pro se, to prepare the initial outline of the Joint Discovery Case Management Plan ("JDCMP"), send it to me several days before the conference so that I could review it and provide proposed edits, feedback, and changes, confer with me regarding the parties' respective positions, and thereafter finalize and submit a joint document to the Court. Near the conclusion of the call, counsel reiterated that, if the parties had not heard from the Court concerning the Motion to Dismiss, Defendant would "get the ball rolling on the JDCMP stuff, the Rule 26 conference."

7. During the same conference, I asked Defendant's counsel whether current employees had been instructed not to communicate with me. Counsel stated, among other things, that "we don't control former employees" and explained that Harris County does not interfere with preexisting personal relationships or friendships with current employees. Counsel further stated that, as a "standard practice," management is instructed to cease communications related to ongoing litigation and that such communications should be directed to the Harris County Attorney's Office.

8. I then asked whether employees may have been instructed to stop communicating with me around January 1, 2025. Counsel responded that "it could be" and explained that, during active litigation, "part of our instructions are to cease communication," further

stating that Harris County did not want its employees "talking about the lawsuit." After I clarified that the cessation of communications occurred while my EEOC Charge was pending, counsel stated that an EEOC charge can lead to litigation and that litigation holds are issued when EEOC charges are received. Counsel also stated that she was not employed by Harris County at that time and would need to "do some digging" concerning what had occurred.

9. After the September 1, 2026 conference and before Defendant filed Doc. 20 on September 29, 2026, counsel for Defendant did not contact me to confer regarding a proposed motion for protective order, a request to stay all discovery, or whether I would agree to such relief.

10. I have preserved the complete September 1, 2026 audio recording and can provide it to the Court if requested.

11. Additionally, during the September 1, 2026 conference, Defendant's counsel stated that she had no personal knowledge of anyone deleting information after the September 2024 litigation hold was issued.

I declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct. Executed on this 6th day of October, 2026.



Tiffany Nicole Dixon
Plaintiff Pro Se
12313 Winebrook Drive
Pearland, Texas 77584
Telephone: (281) 450-4674
Telephone: (737) 382-0187
Tdixon2313@yahoo.com