United States District Court
Southern District of Texas
ENTERED
November 13, 2017
David J. Bradley, Clerk

EXHIBIT
D

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| JENEBA H. BARRIE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL NO. 2:17-CV-00204 |
| | § | |
| NUECES COUNTY DISTRICT ATTORNEY'S OFFICE, | § | |
| | § | |
| | § | |
| Defendant. | § | |

## ORDER

BE IT REMEMBERD that on November 13, 2017, the Court **GRANTED** Defendant's Opposed Motion for Temporary Stay of Discovery and Protective Order. Dkt. No. 12.

### I. Background

This is a race discrimination and retaliation action brought by Plaintiff on June 13, 2017, against Defendant under federal and state law. Dkt. No. 1 (citing to 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, and Texas Labor Code § 21.051). Plaintiff claims that she is "Black/African-American" and that Defendant discriminated against her on the basis of her race by failing to promote her. *Id.* at ¶ 18. Plaintiff additionally claims that Defendant retaliated against her by constructively discharging her. *Id.* Plaintiff claims that the decisionmakers who discriminated and retaliated against her are "White and/or non-African-American." *Id.* On July 11, 2017, Defendant filed a motion to dismiss in which it argues that Plaintiff failed to state a claim on which relief may be granted and that Plaintiff's state law claims are barred by law. Dkt. No. 4.

On October 4, 2017, Defendant filed a motion to stay discovery pending the outcome of its motion to dismiss. Dkt. No. 12. Defendant argues that Plaintiff's written discovery requests are "incredibly over broad" and that "[r]esponding to these requests would be unduly burdensome and waste important government resources." *Id.* at 1. In support of its motion, Defendant filed Plaintiff's September 22, 2017, interrogatories and requests for production. Dkt. No. 12-1. In particular, Defendant refers to interrogatory numbers eight (8), nine (9), ten (10), and eleven (11), and request for production number six (6) as overbroad and unduly burdensome. Dkt. No. 12 at 2; *see* Dkt. No. 12-1 at 6–7, 13. Defendant summarizes these requests by claiming, "[Plaintiff] wants all employment records and appearance records of all attorneys over a two year

period and search every email in the system."[1] Dkt. No. 1 at 2 (mistake in original). Defendant requests that the Court "issue a protective order temporarily staying all discovery in this case until the Court rules on the Motion to Dismiss." Dkt. No. 12 at 1–2.

In Plaintiff's October 5, 2017, response to Defendant's motion, Dkt. No. 13, Plaintiff distinguishes the cases Defendant cites in support of its motion from this case, *id.* at 1–3. Plaintiff argues that Defendant has "cited no relevant authority that supports its position in the motion to stay discovery." *Id.* at 3–4. For example, Plaintiff argues that the issue before the Fifth Circuit in *Landry v. Air Lines Pilots Association International AFL-CIO*, 901 F.2d 404 (5th Cir. 1990), on which Defendant relies, was whether the district court properly stayed ongoing discovery pending the disposition of a motion for summary judgment. *Id.* at 2. Plaintiff argues that "this is not a summary judgment case; nor is defendant seeking to 'cut off' discovery [that is ongoing]."[2] *Id.*

Pending before the Court is Defendant's motion to stay discovery. Dkt. No. 12. The Court grants the motion.

## II. Legal Standard

"District courts have broad discretion in all discovery matters." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006). However, "the issuance of a stay is by no means automatic." *United States ex rel. Gonzalez v. Fresenius Med. Care North America*, 571 F. Supp. 2d 766, 768 (W.D. Tex. 2008) (citation omitted). A district court has discretion to stay discovery "for good cause shown." FED. R. CIV. P. 26(c). Good cause may exist if the party seeking the stay demonstrates that "annoyance, embarrassment, oppression, or undue burden or expense" would result absent the stay. FED. R. CIV. P. 26(c). It also "may be appropriate where the disposition of a motion to dismiss might preclude the need for discovery altogether thus saving time and expense." *United States ex rel. Gonzalez*, 571 F. Supp. 2d at 768 (internal

---

[1] For example, interrogatory eight (8) states:

> Please identify the full name, race, address, telephone number and job of all employees employed in Nueces County defendant as assistant district attorneys between January 2014 and December 2016. Please also separately identify the name, race, address and telephone number of the person(s) who replaced the plaintiff and date(s) such person assumed such duties following her separation.

Dkt. No. 12-1 at 6–7 (mistake in original). Request for production six (6) states:

> Please produce all communications sent by anyone employed by the defendant or received by anyone employed by the defendant concerning the plaintiff between 2014 and the present date.

*Id.* at 13.

[2] Notwithstanding Plaintiff's contrary assertion, Defendant adequately supported its motion with relevant authority. Although the facts in this case are different than in *Landry*, the rule the Fifth Circuit employed in *Landry* applies here. The Fifth Circuit upheld the district court's stay in *Landry* because movants met their burden of showing the discovery sought would be unduly expensive and burdensome. *Landry*, 901 F.2d at 435–36. This Court must make the same determination as the *Landry* court to grant a stay of discovery.

quotation marks omitted); *see also Landry*, 901 F.2d at 435–36 (upholding the district court's grant of a stay pending the court's ruling on a motion for summary judgment because movants met their burden of showing the discovery sought would be unduly expensive and burdensome).

## III. Analysis

Defendant has shown good cause for a stay by demonstrating that the disposition of its motion to dismiss might preclude the need for discovery altogether, which would save time and expense. *See United States ex rel. Gonzalez*, 571 F. Supp. 2d at 768. Because Plaintiff's requests are extensive, Defendant's concerns about the cost and burden of discovery are reasonable. *See* Dkt. No. 1-1. Further, Plaintiff does not claim that a stay of discovery would prejudice her or her case. *See generally* Dkt. No. 13.

## IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's motion to stay discovery. Dkt. No. 12. The Court **STAYS** discovery pending disposition of Defendant's motion to dismiss.

SIGNED this 13th day of November, 2017.

Hilda Tagle
Senior United States District Judge