**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **TIFFANY NICOLE DIXON** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **Civil Action No. 4:26-cv-04418** |
| | § | |
| **HARRIS COUNTY, TEXAS** | § | |
| Defendant. | § | |

# PLAINTIFF'S OBJECTIONS TO THE MEMORANDUM AND RECOMMENDATION AND ORDER (DOC. 21)

## TABLE OF CONTENTS


TABLE OF CONTENTS.......... 1

TABLE OF AUTHORITIES.......... 3

I. NATURE AND STAGE OF THE PROCEEDING.......... 5

II. RELEVANT FACTS.......... 5

III. ISSUES PRESENTED AND STANDARDS OF REVIEW.......... 6

A. The District Court Reviews the Dispositive Recommendations in Doc. 21 De Novo.......... 6

B. The Order Denying Doc. 18 as Moot Is Reviewed Under Rule 72(a).......... 7

C. Rule 12(b)(6) Does Not Permit Dismissal Unless the Limitations Bar Is Established from the Pleadings.......... 7

IV. SUMMARY OF ARGUMENT.......... 8

V. OBJECTION ONE: THE M&R ERRED IN CONCLUDING THAT THE INVESTIGATOR'S MARCH 5 REPRESENTATION COULD NOT SUPPORT EQUITABLE TOLLING.......... 9

A. Plaintiff Alleged Affirmatively Wrong EEOC Information, Reasonable Reliance, and a Direct Connection to the One-Day Filing Difference.......... 9

B. The M&R Accepted the Investigator's Representation as True but Erroneously Treated March 5 Receipt as Dispositive of the Separate Equitable-Tolling Inquiry.......... 10

C. Fifth Circuit Precedent Recognizes That Affirmatively Wrong EEOC Information May Support Tolling Even After the Limitations Period Has Been Triggered.......... 12

D. At Minimum, Equitable Tolling Was Not Properly Resolved Against Plaintiff at the

Rule 12(b)(6) Stage....................13
VI. OBJECTION TWO: THE M&R REJECTED EQUITABLE TOLLING WITHOUT ADDRESSING PLAINTIFF'S DILIGENCE OR RELEVANT EQUITABLE CIRCUMSTANCES....................14
A. Plaintiff Expressly Pleaded and Briefed Her Diligence....................14
B. The M&R Does Not Address Plaintiff's Diligence....................15
C. Bernstein and Weathers Require Consideration of Diligence and Other Material Equitable Factors....................16
D. The Omission Independently Precludes Adoption of the Recommendation on the Present Record....................17
VII. OBJECTION THREE: THE M&R ERRED IN CONCLUDING THAT AMENDMENT WOULD BE FUTILE....................18
A. Plaintiff Expressly Requested Leave to Amend Rather Than Dismissal With Prejudice....................18
B. The M&R Denied Leave to Amend Solely Because It Concluded That Plaintiff's Claims Were Time-Barred....................19
C. Fifth Circuit Precedent Favors an Opportunity to Amend Unless the Defect Is Incurable, and the M&R Did Not Establish Incurability....................19
VIII. OBJECTION FOUR: DOC. 18 IS MOOT ONLY IF THE DISMISSAL RECOMMENDATION IS ADOPTED....................22
A. Doc. 18 Presented a Pending Discovery Dispute and Had Not Been Adjudicated on Its Merits....................22
B. The M&R Denied Doc. 18 as Moot Solely in Connection With Its Recommendation That the Action Be Dismissed....................22
C. If the Dismissal Recommendation Is Rejected, the Basis for the Mootness Ruling Disappears and the Order Should Be Set Aside Under Rule 72(a)....................23
IX. CONCLUSION & PRAYER....................23

# TABLE OF AUTHORITIES

## CASES

*Alvarado v. Mine Service, Ltd.*, 626 F. App'x 66 (5th Cir. 2015) ............................ 11–12, 16–17

*Baldwin County Welcome Center v. Brown*, 466 U.S. 147 (1984) ............................................ 17

*Bernstein v. Maximus Federal Services, Inc.*, 63 F.4th 967 (5th Cir. 2023) .................. 11–13, 16

*Collins v. Dallas Leadership Foundation*, 77 F.4th 327 (5th Cir. 2023) .................................... 8

*Freeman v. County of Bexar*, 142 F.3d 848 (5th Cir. 1998) ...................................................... 18

*Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305 (5th Cir. 2002) ........................................................................................................................ 18, 20

*Jones v. Alcoa, Inc.*, 339 F.3d 359 (5th Cir. 2003) ....................................................................... 7

*Manning v. Chevron Chemical Co.*, 332 F.3d 874 (5th Cir. 2003) ..................................... 10, 13

*Melgar v. T.B. Butler Publishing Co.*, 931 F.3d 375 (5th Cir. 2019) ......................................... 16

*Miller v. Stanmore*, 636 F.2d 986 (5th Cir. 1981) ........................................................................ 8

*Ogbebor v. Hardy*, No. 24-30403 (5th Cir. Feb. 24, 2025) (unpublished) ................................ 20

*Page v. U.S. Industries, Inc.*, 556 F.2d 346 (5th Cir. 1977) ................................................ 11–12

*Petrus v. Bowen*, 833 F.2d 581 (5th Cir. 1987) ........................................................................... 20

*PHH Mortgage Corp. v. Old Republic National Title Insurance Co.*, 80 F.4th 555 (5th Cir. 2023) ............................................................................................................................... 16

*Ramirez v. City of San Antonio*, 312 F.3d 178 (5th Cir. 2002) ............................................ 10, 13

*Taylor v. Books A Million, Inc.*, 296 F.3d 376 (5th Cir. 2002) .................................................... 8

*Thomas v. Dallas Independent School District*, No. 23-10882 (5th Cir. June 7, 2024) (unpublished) ............................................................................................................... 20

*United States v. Riascos*, 76 F.3d 93 (5th Cir. 1996) .................................................................. 20

*Weathers v. Houston Methodist Hospital*, 116 F.4th 324 (5th Cir. 2024) ........................ 8, 16–17

*Wilger v. Department of Pensions & Security*, 593 F.2d 12 (5th Cir. 1979) .............................. 20

**STATUTES**

28 U.S.C. § 636(b)(1) .......... 6, 17

28 U.S.C. § 636(b)(1)(A) .......... 7

Americans with Disabilities Act of 1990 .......... 5

Title VII of the Civil Rights Act of 1964 .......... 5

**FEDERAL REGULATIONS**

29 C.F.R. § 1601.12(b) .......... 21

**FEDERAL RULES OF CIVIL PROCEDURE**

Fed. R. Civ. P. 12(b)(6) .......... 7, 12–13, 16

Fed. R. Civ. P. 15(a)(2) .......... 14, 18–20, 23

Fed. R. Civ. P. 15(d) .......... 21, 23

Fed. R. Civ. P. 72(a) .......... 7, 23–24

Fed. R. Civ. P. 72(b)(3) .......... 6, 17

## I. NATURE AND STAGE OF THE PROCEEDING

Plaintiff, TIFFANY NICOLE DIXON, proceeding *pro se*, filed this employment-discrimination and retaliation action against Defendant Harris County, Texas, on June 4, 2026, pursuant to Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act ("ADA"). Defendant subsequently filed its Motion to Dismiss (Doc. 9), arguing that Plaintiff's claims were untimely and administratively defective. Plaintiff opposed the motion (Doc. 14), and Defendant filed a Reply (Doc. 17).

The Magistrate Judge issued the Memorandum and Recommendation and Order (Doc. 21), recommending that Defendant's Motion to Dismiss be granted and this action dismissed with prejudice, concluding that amendment would be futile, and denying Plaintiff's request for leave to amend. Doc. 21 also denied Plaintiff's Motion for Leave to Conduct Limited Expedited Discovery (Doc. 18) as moot. Plaintiff now objects to these determinations and submits a supporting Declaration, documentary evidence, and a Proposed First Amended Complaint (Exhibit B) for the District Court's consideration.

## II. RELEVANT FACTS

On March 5, 2026, EEOC Investigator Samantha Salazar informed Plaintiff that she had 90 days to file a federal lawsuit and stated, "give me by tomorrow, I should have the right to sue uploaded." Although Plaintiff entered March 5 in the receipt-date field of her original Complaint, she understood Salazar's representation to mean that the Notice would become available March 6 and calculated June 4, 2026, as her filing deadline. Plaintiff retained a recording of the conversation. See Doc. 14, ¶¶ 32–45; Declaration of Tiffany Nicole Dixon in Support of Plaintiff's Objections to the Memorandum and Recommendation and Order (Doc. 21) (hereinafter "Objections Declaration"), ¶¶ 10–13.

During the filing period, Plaintiff sought legal representation from multiple law firms. On June 3, 2026, believing that June 4 was the final day of her filing period, Plaintiff continued seeking legal representation by pursuing an additional attorney referral, while also securing assistance with the filing fee and completing preparation of her Complaint. On June 4, she contacted the Clerk's Office and filed her Complaint in person. See Objections Declaration, ¶¶ 14–24; Exs. A-1 through A-5.

## III. ISSUES PRESENTED AND STANDARDS OF REVIEW

The issues presented are whether the M&R erred in recommending dismissal with prejudice despite Plaintiff's equitable-tolling allegations and evidence of diligence; whether it improperly concluded that amendment would be futile; and whether the denial of Plaintiff's Motion for Leave to Conduct Limited Expedited Discovery (Doc. 18) as moot should be set aside if the action proceeds.

### A. The District Court Reviews the Dispositive Recommendations in Doc. 21 De Novo

1. Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the District Court must conduct a *de novo* review of those portions of a magistrate judge's proposed findings and recommendations to which a party specifically objects. The District Court may accept, reject, or modify the recommended disposition, in whole or in part. This standard requires an independent determination of the disputed issues rather than mere deference to the Magistrate Judge's conclusions.

2. Plaintiff specifically objects to the M&R's conclusions that equitable tolling is unwarranted, that amendment of her Complaint would be futile, and that Defendant's Motion to Dismiss (Doc. 9) should be granted with prejudice. Accordingly, Plaintiff respectfully requests

that the District Court independently evaluate the challenged findings and legal conclusions under the applicable *de novo* standard.

**B. The Order Denying Doc. 18 as Moot Is Reviewed Under Rule 72(a)**

3. The portion of Doc. 21 denying Plaintiff's Motion for Leave to Conduct Limited Expedited Discovery (Doc. 18) as moot constitutes a nondispositive pretrial order governed by Federal Rule of Civil Procedure 72(a) and 28 U.S.C. § 636(b)(1)(A). Under Rule 72(a), the District Court must modify or set aside any portion of a magistrate judge's nondispositive order that is "clearly erroneous or contrary to law."

4. Plaintiff separately objects to the denial of Doc. 18 because the mootness determination rests upon the recommended dismissal of this action. If the District Court rejects that recommendation, the stated basis for denying Doc. 18 as moot would no longer exist. Accordingly, Plaintiff requests review of that ruling under Rule 72(a), independently of the *de novo* review applicable to the dispositive recommendations. Plaintiff addresses this objection more fully in Section VIII below.

**C. Rule 12(b)(6) Does Not Permit Dismissal Unless the Limitations Bar Is Established from the Pleadings**

5. Under Federal Rule of Civil Procedure 12(b)(6), the Court must accept well-pleaded factual allegations as true and draw reasonable inferences in the plaintiff's favor. A statute of limitations may support dismissal only where the bar is evident from the pleadings and the pleadings fail to raise a basis for equitable tolling or other avoidance of the limitations period. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). Accordingly, the mere existence of an apparent filing-date discrepancy does not eliminate the Court's obligation to consider whether a legally sufficient basis for equitable tolling exists.

6. The Fifth Circuit also requires liberal construction of pleadings filed by litigants proceeding *pro se*. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (citing *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)); *Weathers v. Houston Methodist Hospital*, 116 F.4th 324, 329 (5th Cir. 2024) (citing *Collins v. Dallas Leadership Foundation*, 77 F.4th 327, 330 (5th Cir. 2023)). Although liberal construction does not excuse noncompliance with statutory deadlines, it requires that a *pro se* plaintiff's factual allegations be fairly evaluated under the applicable pleading standards.

7. In *Taylor*, the plaintiff failed to allege a specific date on which he actually received his Notice of Right to Sue, and the Fifth Circuit applied a presumption of receipt. 296 F.3d at 379–80. Here, Plaintiff entered March 5, 2026, in the receipt-date field of her standardized *pro se* Complaint because that was the date printed on the Notice of Right to Sue under "Issued On." Plaintiff subsequently explained the surrounding circumstances concerning the EEOC investigator's representations, her reasonable reliance upon those representations, and her resulting calculation of June 4, 2026, as the filing deadline. See Doc. 14, ¶¶ 33–47. Plaintiff does not contend that her Response automatically amended her Complaint or that *Taylor*, standing alone, establishes the timeliness of her filing. Rather, Plaintiff submits that these expressly presented circumstances raise a distinct equitable-tolling issue that warrants consideration and, if additional pleading allegations are necessary, support her previously requested opportunity to amend rather than dismissal with prejudice.

## IV. SUMMARY OF ARGUMENT

The M&R erroneously recommends dismissal with prejudice without adequately considering whether Plaintiff's reliance upon affirmative EEOC representations, diligence, and other relevant equitable circumstances warrant tolling of the 90-day filing period. It further

concludes that amendment would be futile without evaluating the additional allegations presented in Plaintiff's Proposed First Amended Complaint (Exhibit B). Finally, because the denial of Plaintiff's Motion for Leave to Conduct Limited Expedited Discovery (Doc. 18) as moot rests upon the recommended dismissal, that ruling should be reconsidered if the action proceeds. Plaintiff therefore requests that the District Court reject the challenged recommendations and grant the relief specified herein.

## V. OBJECTION ONE: THE M&R ERRED IN CONCLUDING THAT THE INVESTIGATOR'S MARCH 5 REPRESENTATION COULD NOT SUPPORT EQUITABLE TOLLING

### A. Plaintiff Alleged Affirmatively Wrong EEOC Information, Reasonable Reliance, and a Direct Connection to the One-Day Filing Difference

8. In her Response to Defendant's Motion to Dismiss, Plaintiff expressly alleged that EEOC Investigator Samantha Salazar provided affirmatively wrong information concerning the anticipated availability of her Notice of Right to Sue. On March 5, 2026, Investigator Salazar contacted Plaintiff to advise that the EEOC had completed its investigation. During that conversation, Salazar instructed Plaintiff to "give [her] by tomorrow and [she] should have the Right to Sue uploaded" to the EEOC Public Portal. See Doc. 14, ¶¶ 32–33. Plaintiff submits that this was an affirmative instruction to allow the investigator until the following day, March 6, 2026, to make the Notice available, rather than a statement Plaintiff independently inferred from silence or administrative inaction.

9. Plaintiff further alleged that the investigator's verbal representation was inconsistent with the Notice's apparent availability on March 5, 2026, and constituted affirmatively wrong information concerning the anticipated timing of its availability. See Doc. 14, ¶ 36. Relying upon the investigator's representation, Plaintiff understood March 6 to be the operative date for calculating the 90-day filing period, determined that June 4, 2026, was the applicable deadline,

and filed her Complaint that day. Id. ¶¶ 37, 45. Accordingly, Plaintiff specifically alleged a causal connection between the EEOC's affirmative representation and the disputed one-day filing difference.

10. Plaintiff also informed the Court that she preserved the complete, unedited contemporaneous recording of the March 5 telephone conversation and expressly offered to provide it for examination. See Doc. 14, ¶ 35. Thus, Plaintiff's equitable-tolling argument was supported by identifiable factual allegations concerning the investigator's statement, Plaintiff's reasonable reliance, and the resulting deadline calculation, rather than a generalized assertion of confusion or unfamiliarity with the law.

11. In *Ramirez v. City of San Antonio*, 312 F.3d 178, 183–84 (5th Cir. 2002), and *Manning v. Chevron Chemical Co.*, 332 F.3d 874, 880–81 (5th Cir. 2003), the Fifth Circuit recognized that equitable tolling may apply where the EEOC provides affirmatively wrong information that causes an untimely filing. Unlike the insufficient showings in those cases, Plaintiff identified a specific affirmative representation and expressly alleged how her reliance upon it affected her filing deadline. The M&R acknowledged the investigator's statement and **accepted the allegation as true** for purposes of dismissal. See Doc. 21, p. 4. Plaintiff therefore submits that she presented a specific factual basis requiring consideration under the equitable-tolling framework, rather than an unsupported request to excuse an untimely filing.

**B. The M&R Accepted the Investigator's Representation as True but Erroneously Treated March 5 Receipt as Dispositive of the Separate Equitable-Tolling Inquiry**

12. The M&R expressly acknowledged Plaintiff's allegation concerning Investigator Salazar's March 5, 2026 representation, stating that "[t]he court takes this allegation as true, but it does not help Dixon's case." Doc. 21, p. 4. The M&R further reasoned that because Plaintiff

identified March 5 as the date of receipt, "it does not matter what the EEOC investigator told her." Id. Respectfully, this reasoning conflates two legally distinct inquiries: (1) when the statutory 90-day filing period commenced and (2) whether affirmatively wrong EEOC information warrants equitable tolling of that period.

13. Fifth Circuit precedent establishes that identifying the legally operative notice date does not independently resolve the equitable-tolling inquiry. In *Alvarado v. Mine Service, Ltd.*, 626 F. App'x 66, 70–71 (5th Cir. 2015) (unpublished), the court emphasized that the relevant consideration includes "the effect the EEOC's statements had on how Alvarado and his attorney decided to proceed with the case." Similarly, *Bernstein v. Maximus Federal Services, Inc.*, 63 F.4th 967, 970–72 (5th Cir. 2023), recognized that EEOC misinformation may support equitable tolling even where an earlier notice legally triggered the filing period. See also *Page v. U.S. Industries, Inc.*, 556 F.2d 346, 350–52 (5th Cir. 1977).

14. The relevant question is therefore not whether Investigator Salazar expressly used the word "deadline," but whether her affirmative representation concerning the Notice's anticipated availability reasonably misled Plaintiff in calculating the filing period. Plaintiff specifically alleged that she relied upon the investigator's representation, calculated the 90-day period from March 6, 2026, and filed her Complaint on June 4, 2026, believing that date to be the deadline. See Doc. 14, ¶ 45. Even assuming *arguendo* that March 5 constituted legal receipt, that determination does not, standing alone, foreclose equitable tolling. Plaintiff respectfully submits that the M&R erred by treating the receipt date as dispositive without separately evaluating the alleged effect of the EEOC's representations upon Plaintiff's filing decision.

**C. Fifth Circuit Precedent Recognizes That Affirmatively Wrong EEOC Information May Support Tolling Even After the Limitations Period Has Been Triggered**

15. In one of the two appeals resolved in *Page*, the EEOC issued a subsequent notice expressly advising the claimant that she had 90 days from that notice to file suit. *Page*, 556 F.2d at 350–51. The Fifth Circuit held that, even assuming an earlier EEOC communication provided adequate statutory notice, the court could not disregard the misleading effect of the subsequent notice. The court recognized the claimant's entitlement to rely upon the apparently authoritative representation of the EEOC. *Id.* at 351.

16. Similarly, in *Alvarado*, 626 F. App'x at 70–71, the Fifth Circuit concluded that equitable tolling was warranted even assuming an earlier right-to-sue notice triggered the limitations period. The court emphasized "the effect the EEOC's statements had on how Alvarado and his attorney decided to proceed with the case." *Id.* at 70. Thus, the legally operative notice date did not independently resolve whether the EEOC's representations justified tolling.

17. Most significantly, in *Bernstein*, 63 F.4th at 970–73, the Fifth Circuit held that receipt of the initial notice by the claimant's attorney commenced the 90-day period, notwithstanding the EEOC's subsequent communication incorrectly advising that the period began upon receipt of a later notice. Nevertheless, the court vacated dismissal under Rule 12(b)(6), holding that the district court erred by failing to recognize that affirmative EEOC misinformation could warrant equitable tolling. *Id.* The court further recognized that the claimant's diligence remained relevant to determining whether tolling was justified.

18. Plaintiff alleges that Salazar instructed her to allow until the following day for the Notice's anticipated upload, and that Plaintiff relied upon that representation when calculating

her deadline. See Doc. 14, ¶¶ 33–37, 45. Under *Ramirez*, 312 F.3d at 184, and *Manning*, 332 F.3d at 880–81, the relevant inquiry requires affirmatively wrong EEOC information and a causal connection to the untimely filing. The M&R therefore erred by treating Plaintiff's identification of March 5 as the receipt date as dispositive, without adequately evaluating whether the investigator's affirmative instruction and Plaintiff's reasonable reliance warranted equitable tolling.

19. The authorities cited in the M&R concerning strict enforcement of the 90-day filing requirement do not foreclose Plaintiff's separate equitable-tolling argument. See Doc. 21, pp. 3–4. Those authorities do not displace the published, controlling Fifth Circuit decision in *Bernstein*, 63 F.4th at 967, recognizing that affirmative EEOC misinformation may support equitable tolling notwithstanding an earlier operative notice. Plaintiff does not dispute that the statutory deadline is ordinarily strictly enforced. Rather, she objects to the M&R's failure to adequately consider whether the circumstances specifically alleged in her Response warrant application of the recognized equitable-tolling exception.

**D. At Minimum, Equitable Tolling Was Not Properly Resolved Against Plaintiff at the Rule 12(b)(6) Stage**

20. The Court need not conclusively determine that Plaintiff is entitled to equitable tolling to reject dismissal with prejudice. As the Fifth Circuit recognized in *Bernstein v. Maximus Federal Services, Inc.*, 63 F.4th 967, 972–73 (5th Cir. 2023), facts supporting equitable tolling may not appear in the original complaint, rendering dismissal at the pleading stage premature. Plaintiff respectfully submits that her specifically presented equitable-tolling allegations warranted consideration before concluding that no legally sufficient basis for tolling existed.

21. Accordingly, Plaintiff requests that the District Court reject the M&R's

recommendation to dismiss this action with prejudice. Alternatively, should the Court determine that additional factual allegations are necessary in the operative pleading, Plaintiff requests leave under Federal Rule of Civil Procedure 15(a)(2) to file her Proposed First Amended Complaint, attached as Exhibit B, as further addressed in Section VII below.

## VI. OBJECTION TWO: THE M&R REJECTED EQUITABLE TOLLING WITHOUT ADDRESSING PLAINTIFF'S DILIGENCE OR RELEVANT EQUITABLE CIRCUMSTANCES

### A. Plaintiff Expressly Pleaded and Briefed Her Diligence

22. Plaintiff expressly addressed her diligence in a separately designated subsection of her Response entitled "C. Plaintiff Acted Diligently." Doc. 14, ¶¶ 43–47. Her supporting allegations established a sustained course of administrative activity. On August 19, 2024, three days after her termination, Plaintiff appeared in person at the EEOC's Houston District Office; she subsequently executed her original Charge on August 30, 2024. She subsequently submitted a 48-page Personal Statement and rebuttal identifying approximately 112 supporting exhibits, requested amendment of her Charge to incorporate additional allegations, and contacted both the Texas Workforce Commission Civil Rights Division ("TWCCRD") and the United States Department of Labor to pursue available administrative avenues. See Doc. 14, ¶¶ 11–15, 21–22, 44, 48–53.

23. The Objections Declaration provides additional corroboration of Plaintiff's continued administrative diligence. On July 14, 2025, Plaintiff contacted the EEOC's national contact center, learned of Defendant's response to her Amended Charge, and subsequently contacted Investigator Salazar directly to request the response and inquire about the investigation's status. See Objections Declaration, ¶¶ 6–9. These additional facts corroborate the diligence Plaintiff previously asserted in Doc. 14.

24. Plaintiff's diligence also continued during the disputed 90-day filing period. Contemporaneous correspondence documents her efforts to obtain legal representation from Oberti Sullivan LLP, Rob Wiley, P.C., HKM Employment Attorneys, and Shellist Lazarz Slobin LLP between March 9 and June 3, 2026. Plaintiff continued pursuing legal representation through June 3, 2026, the day before what she reasonably believed was the final day of her filing period, while simultaneously preparing to file her Complaint without counsel. Following the June 3 attorney referral, Plaintiff contacted the recommended attorney's office that same day and called the federal Clerk's Office regarding filing procedures on June 4, before filing her Complaint. See Objections Declaration, ¶¶ 15–19, 22–23; Exs. A-1 through A-5. These records undermine Defendant's assertion that Plaintiff "took no action to file her lawsuit timely" by documenting her continued efforts to secure representation and concrete steps toward filing her Complaint. See Doc. 17, ¶ 17.

25. Plaintiff was entitled to utilize the statutory filing period; diligence does not require filing at the earliest possible opportunity. The pertinent question is whether Plaintiff actively pursued her rights and whether the disputed one-day difference resulted from the EEOC representation upon which she relied, rather than neglect. Plaintiff expressly presented that causal explanation in Doc. 14, ¶ 45. Accordingly, her diligence was a material issue already before the Magistrate Judge, not an argument newly raised through these Objections.

**B. The M&R Does Not Address Plaintiff's Diligence**

26. Although Plaintiff expressly addressed diligence in a separately designated subsection of her Response, the M&R contains no analysis of that issue. See Doc. 14, § IV.C, ¶¶ 43–47. Instead, the M&R rejected equitable tolling based upon Plaintiff's identification of March 5 as the receipt date and the Notice's express 90-day filing warning. Doc. 21, p. 4. It did not address

Plaintiff's asserted diligence or its relevance to the equitable-tolling analysis. Plaintiff respectfully objects to this omission and requests that the District Court independently consider this material equitable factor under *de novo* review.

**C. Bernstein and Weathers Require Consideration of Diligence and Other Material Equitable Factors**

27. In *Bernstein*, 63 F.4th at 970–71, the Fifth Circuit reaffirmed that equitable tolling **requires** consideration of whether a claimant "has vigorously pursued his action." The court vacated the Rule 12(b)(6) dismissal and remanded for consideration of diligence, a required component of the equitable-tolling analysis. Id. at 971. Here, Plaintiff expressly presented that component of the analysis, yet the M&R contains no corresponding evaluation. See also *Melgar v. T.B. Butler Publishing Co.*, 931 F.3d 375, 380–81 (5th Cir. 2019) (recognizing that equitable tolling may arise from misleading EEOC information while emphasizing the claimant's obligation to exercise due diligence).

28. In *Weathers*, 116 F.4th at 330–32, the Fifth Circuit held that a district court **abuses its discretion** when it fails to consider "a relevant factor that should have been given significant weight." *Id.* at 330 (quoting *PHH Mortgage Corp. v. Old Republic National Title Insurance Co.*, 80 F.4th 555, 559 (5th Cir. 2023)). The court considered EEOC-attributable circumstances, the claimant's diligence, and the absence of prejudice collectively in reversing the denial of equitable tolling. Although Judge Lake reviews the challenged dispositive recommendations *de novo*, *Weathers* establishes the importance of considering material equitable circumstances rather than evaluating them in isolation.

29. The Fifth Circuit has also considered diligence demonstrated before issuance of a Notice of Right to Sue. In *Alvarado*, 626 F. App'x at 71–72 & n.7, the court considered the

claimant's prompt initiation of EEOC proceedings alongside subsequent efforts to advance his claims. Accordingly, Plaintiff's administrative efforts described in Section VI.A are relevant to whether she vigorously pursued her rights, particularly when considered together with her actions during the statutory filing period.

30. The absence of unfair prejudice is another equitable consideration Plaintiff expressly raised in Doc. 14, ¶¶ 47 and 79. In *Alvarado*, the Fifth Circuit found no unfair prejudice attributable to an additional twenty-day filing delay. 626 F. App'x at 72. Here, Plaintiff's disputed filing difference is **only one day**, Defendant participated in the underlying EEOC proceedings, and the M&R identifies no concrete prejudice attributable to that additional day. Although absence of prejudice does not independently justify tolling, it is relevant once a potentially sufficient basis exists. *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 152 (1984). Plaintiff respectfully submits that her alleged reliance upon affirmative EEOC misinformation, documented diligence, and the absence of identified prejudice warrant consideration together under the equitable principles recognized in *Weathers* and *Alvarado*.

**D. The Omission Independently Precludes Adoption of the Recommendation on the Present Record**

31. The M&R's failure to address Plaintiff's diligence and other material equitable circumstances provides an independent basis for rejecting its recommendation. Under Federal Rule of Civil Procedure 72(b)(3) and 28 U.S.C. § 636(b)(1), the District Court may independently evaluate those circumstances, receive further evidence, or recommit the matter for further consideration. Plaintiff respectfully submits that the recommendation should not be adopted without addressing the equitable factors she expressly placed before the Court.

32. Plaintiff further requests that the District Court exercise its discretion to consider her accompanying Objections Declaration and Exhibits A-1 through A-5 as supplemental evidence corroborating the diligence previously asserted in Doc. 14, ¶¶ 43–47. Although these materials existed before Plaintiff filed her Response, they are offered following the M&R's conclusion that nothing in the record warranted equitable tolling. Plaintiff's reliance and diligence were already before the Magistrate Judge and do not constitute newly asserted legal theories. In *Freeman v. County of Bexar*, 142 F.3d 848, 852–53 (5th Cir. 1998), the Fifth Circuit recognized the District Court's discretion to receive additional evidence when conducting *de novo* review. Accordingly, Plaintiff requests that the Court consider these supplemental materials, reject the recommendation of dismissal with prejudice, and deny Defendant's Motion to Dismiss (Doc. 9).

## VII. OBJECTION THREE: THE M&R ERRED IN CONCLUDING THAT AMENDMENT WOULD BE FUTILE

### A. Plaintiff Expressly Requested Leave to Amend Rather Than Dismissal With Prejudice

33. Plaintiff expressly requested leave to amend in her Response to Defendant's Motion to Dismiss, stating: "Should the Court conclude that any portion of Plaintiff's Complaint requires clarification or additional factual allegations, Plaintiff respectfully requests leave to amend rather than dismissal with prejudice." Doc. 14, pp. 21–22. Plaintiff specifically invoked Federal Rule of Civil Procedure 15(a)(2) and cited *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) in support of that request. Accordingly, Plaintiff's request for leave to amend was expressly before the Magistrate Judge and is not being raised for the first time through these Objections.

34. Plaintiff now tenders her Proposed First Amended Complaint as Exhibit B to these Objections, identifying the additional allegations she seeks to plead concerning the EEOC investigator's representations, Plaintiff's reasonable reliance, her diligence, and the resulting

filing-deadline calculation. The proposed pleading provides the Court with a concrete basis to evaluate Plaintiff's previously requested amendment under Rule 15(a)(2).

**B. The M&R Denied Leave to Amend Solely Because It Concluded That Plaintiff's Claims Were Time-Barred**

35. The M&R concluded: "Because the facts set forth in Dixon's Complaint require dismissal of this case as time-barred, any amendment to the Complaint would be futile. Leave to amend is therefore DENIED." Doc. 21, p. 5. This futility determination rests entirely upon the M&R's underlying equitable-tolling conclusion, without separately evaluating whether additional factual allegations concerning Plaintiff's reliance and diligence could cure the identified pleading deficiency. If that underlying analysis is legally incomplete, it cannot independently establish that amendment would necessarily be futile.

36. Furthermore, although Defendant advanced alternative arguments concerning the administrative timeliness of certain allegations, the M&R did not adjudicate those arguments or identify another independent basis requiring dismissal of Plaintiff's entire action. See Doc. 9. Accordingly, the M&R did not establish an incurable defect that would independently justify denying leave to amend and dismissing the action with prejudice.

**C. Fifth Circuit Precedent Favors an Opportunity to Amend Unless the Defect Is Incurable, and the M&R Did Not Establish Incurability**

37. Plaintiff's proposed amendment supplies factual allegations omitted from her original standardized *pro se* Complaint without altering the Notice's March 5, 2026 "Issued On" date or the March 5 entry in her original Complaint's receipt-date field. The standardized form provided no designated space to explain Investigator Salazar's oral representations, Plaintiff's reliance, or her resulting deadline calculation. Plaintiff's Proposed First Amended Complaint (Exhibit B, ¶¶

16–20) supplies these additional facts, which are directly relevant to whether equitable tolling is warranted.

38. Federal Rule of Civil Procedure 15(a)(2) directs courts to freely grant leave to amend when justice so requires. The Fifth Circuit recognizes that **plaintiffs ordinarily should receive an opportunity to cure pleading deficiencies before dismissal** unless the defects are clearly incurable or amendment could not avoid dismissal. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). In *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987), the Fifth Circuit permitted a *pro se* plaintiff an opportunity to amend notwithstanding dismissal of his claims against the originally named defendants. See also *Wilger v. Department of Pensions & Security*, 593 F.2d 12, 13 (5th Cir. 1979).

39. Particularly instructive is *Thomas v. Dallas Independent School District*, No. 23-10882, slip op. at 11–12 (5th Cir. June 7, 2024) (unpublished). There, a *pro se* plaintiff's proposed amended complaint alleged that an EEOC investigator incorrectly advised her when the 90-day filing period would commence. The Fifth Circuit recognized that those allegations "indicate a colorable argument for equitable tolling" and remanded for further consideration after rejecting the grounds underlying the district court's futility determination. *Id.* at 12. Although the court did not decide whether equitable tolling ultimately applied, *Thomas* demonstrates that specific allegations concerning EEOC misinformation may present a legally viable basis for amendment notwithstanding an apparent limitations defense.

40. The Fifth Circuit also recognizes that a district court may construe allegations raised in a *pro se* litigant's objections to a magistrate judge's recommendation as a request to amend. *United States v. Riascos*, 76 F.3d 93, 94–95 (5th Cir. 1996); *Ogbebor v. Hardy*, No. 24-30403, slip op. at 5–6 (5th Cir. Feb. 24, 2025) (unpublished). Here, Plaintiff requested leave before the

M&R issued and now tenders a complete Proposed First Amended Complaint as Exhibit B. Accordingly, Plaintiff respectfully requests that the District Court consider the proposed pleading when independently reviewing the determination that amendment would be futile.

41. Nor do Defendant's alternative administrative-timeliness arguments establish that the entire action is incurably defective. Plaintiff executed her original EEOC Charge on August 30, 2024, fourteen days after her termination, and previously presented evidence supporting dual-filing with the TWCCRD. See Doc. 14, ¶¶ 48–54. Plaintiff also explained that her February 12, 2025 Amended Charge retained the original charge number and asserted that its related allegations qualified for relation back under 29 C.F.R. § 1601.12(b). Id. ¶¶ 55–69. Even if the timeliness of certain earlier allegations remains disputed, that dispute does not establish that every claim must be dismissed. The relevant question is whether amendment would be futile, not whether Plaintiff has already conclusively established entitlement to equitable tolling. Because Exhibit B supplies additional allegations supporting equitable tolling, Plaintiff submits that dismissal with prejudice without permitting amendment is unwarranted. To the extent Exhibit B also includes allegations concerning Defendant's counsel's September 1, 2026 statements, Plaintiff alternatively requests leave under Federal Rule of Civil Procedure 15(d), if supplementation is necessary.

42. Moreover, Defendant's own Motion to Dismiss initially asserted a November 11, 2024 cutoff under the 300-day administrative filing requirement. Doc. 9, p. 5. In its Reply to Plaintiff's Response to Defendant's Motion to Dismiss, Defendant revised that date to November 11, 2023, while incorrectly identifying August 20, 2024, as the filing date of Plaintiff's original Charge. Doc. 17, ¶¶ 31–32. Based upon the actual August 30, 2024 filing date, the 300-day lookback date would be November 4, 2023, assuming that filing period applies. Defendant's own

Motion to Dismiss and subsequent Reply demonstrate that even submissions prepared by licensed counsel may contain material date discrepancies, as Defendant attempted to correct its original limitations calculation while simultaneously misstating the filing date of Plaintiff's Charge. These discrepancies underscore the importance of examining the underlying facts and applicable filing periods with precision, particularly where Defendant seeks dismissal of Plaintiff's entire action based upon alleged untimeliness.

## VIII. OBJECTION FOUR: DOC. 18 IS MOOT ONLY IF THE DISMISSAL RECOMMENDATION IS ADOPTED

### A. Doc. 18 Presented a Pending Discovery Dispute and Had Not Been Adjudicated on Its Merits

43. Plaintiff's Motion for Leave to Conduct Limited Expedited Discovery (Doc. 18) sought narrowly tailored discovery concerning evidence preservation, witness communications, and potential spoliation. The motion remained pending when the Magistrate Judge issued Doc. 21, which denied Doc. 18 solely "as moot." Doc. 21, p. 5. The M&R did not evaluate Plaintiff's showing of good cause, the scope of the requested discovery, or the merits of her preservation and witness-communication concerns. Accordingly, the denial constituted a mootness determination rather than an adjudication of the motion's substantive merits.

### B. The M&R Denied Doc. 18 as Moot Solely in Connection With Its Recommendation That the Action Be Dismissed

44. The M&R's recommendation to grant Defendant's Motion to Dismiss (Doc. 9) and dismiss this action with prejudice provides the sole identified basis for its disposition of Doc. 18. See Doc. 21, p. 5. The M&R identifies no independent circumstance that would render the discovery dispute moot if the action proceeds.

**C. If the Dismissal Recommendation Is Rejected, the Basis for the Mootness Ruling Disappears and the Order Should Be Set Aside Under Rule 72(a)**

45. Under Federal Rule of Civil Procedure 72(a), the District Court must modify or set aside any portion of a magistrate judge's nondispositive order that is "clearly erroneous or contrary to law." If the District Court rejects the recommendation to dismiss this action, the predicate for the mootness ruling disappears, and maintaining that ruling would be contrary to law. Accordingly, Plaintiff respectfully requests that the District Court set aside the denial of Doc. 18 as moot and permit the motion to be considered on its merits.

## IX. CONCLUSION & PRAYER

46. For the foregoing reasons, Plaintiff respectfully submits that the M&R's recommendation of dismissal with prejudice should not be adopted because it fails to adequately address Plaintiff's equitable-tolling allegations, diligence, and other material equitable circumstances, and improperly concludes that amendment would be futile.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, TIFFANY NICOLE DIXON, appearing *pro se*, respectfully prays that the District Court:

a. **SUSTAIN** Plaintiff's Objections and **REJECT** the M&R's recommendation that Defendant's Motion to Dismiss (Doc. 9) be granted and this action dismissed with prejudice;

b. **DENY** Defendant's Motion to Dismiss (Doc. 9) and permit this action to proceed on its merits;

c. **ALTERNATIVELY**, reject the M&R's futility determination and grant Plaintiff leave pursuant to Federal Rule of Civil Procedure 15(a)(2) and, to the extent necessary, Rule 15(d), to file her Proposed First Amended Complaint, attached as

Exhibit B, with consideration of the accompanying Objections Declaration and supporting exhibits, and any additional factual development the Court deems necessary concerning equitable tolling;

d. **IF THE ACTION PROCEEDS**, **SET ASIDE**, pursuant to Federal Rule of Civil Procedure 72(a), the portion of Doc. 21 denying Plaintiff's Motion for Leave to Conduct Limited Expedited Discovery (Doc. 18) as moot, and direct that the motion be considered on its merits; and

e. **GRANT** Plaintiff such other and further relief, at law or in equity, to which she may be justly entitled.

Respectfully submitted,

Tiffany Nicole Dixon
Plaintiff Pro Se
12313 Winebrook Drive
Pearland, Texas 77584
Telephone: (281) 450-4674
Telephone: (737) 382-0187
Tdixon2313@yahoo.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **TIFFANY NICOLE DIXON** | § | |
| Plaintiff, | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:26-cv-04418** |
| | § | |
| **HARRIS COUNTY, TEXAS** | § | |
| Defendant. | § | |

## CERTIFICATE OF SERVICE

I hereby certify that on **October 12, 2026**, a true and correct copy of the foregoing Plaintiff's Objections to the Memorandum and Recommendation and Order (Doc. 21) was served on counsel of record for Defendant Harris County, Texas, through the Court's CM/ECF system, which will send notification to:

**Amber Morrison**
Amber.Morrison@harriscountytx.gov

**Radha Thiagarajan**
Radha.Thiagarajan@harriscountytx.gov

Tiffany Nicole Dixon
Plaintiff Pro Se
12313 Winebrook Drive
Pearland, Texas 77584
Telephone: (281) 450-4674
Telephone: (737) 382-0187
Tdixon2313@yahoo.com