**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **TIFFANY NICOLE DIXON** | § | |
| Plaintiff, | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:26-cv-04418** |
| | § | |
| **HARRIS COUNTY, TEXAS** | § | |
| Defendant. | § | |

**DECLARATION OF TIFFANY NICOLE DIXON IN SUPPORT OF PLAINTIFF'S OBJECTIONS TO DOC. 21**

I, Tiffany Nicole Dixon, am over eighteen years of age, am competent to testify, and have personal knowledge of the facts stated below:

1. I am the Plaintiff in this action and make this declaration based upon my personal knowledge.

2. I submit this Declaration in support of my Objections to the Memorandum and Recommendation and Order (Doc. 21), specifically to provide additional factual information and contemporaneous documentary evidence concerning my diligence in pursuing my administrative remedies, efforts to obtain legal representation, reliance upon information provided by the Equal Employment Opportunity Commission ("EEOC"), and preparation and filing of my federal Complaint.

## I. DILIGENCE DURING THE EEOC ADMINISTRATIVE PROCEEDINGS

3. Following my termination from employment with Harris County on August 16, 2024, I appeared in person at the EEOC's Houston District Office on August 19, 2024, to initiate the administrative process concerning my allegations of employment discrimination and retaliation. I subsequently executed my original Charge of

Discrimination on August 30, 2024, under EEOC Charge No. 460-2024-08085.

4. Throughout the administrative proceedings, I actively pursued my claims. On or about December 7, 2024, I submitted a 48-page Personal Statement and rebuttal to Harris County's Position Statement, supported by approximately 112 items of documentary evidence. I also requested amendment of my original Charge to include additional allegations and events arising during the investigation. The EEOC subsequently finalized my Amended Charge on February 12, 2025.

5. During the administrative proceedings, I also contacted the Texas Workforce Commission Civil Rights Division and the United States Department of Labor in an effort to determine whether additional administrative avenues were available. I was advised that the EEOC was handling the matter and that I should continue pursuing my claims through that agency.

6. On July 14, 2025, I contacted the EEOC's national contact center concerning my pending Charge of Discrimination. During that call, I learned that Harris County had submitted a response to my Amended Charge, but I had not received a copy of that response. I was provided contact information for my assigned EEOC investigator, Samantha Salazar.

7. That same day, I called Investigator Salazar directly and left a voicemail explaining that I had learned of Harris County's response, requesting access to that document, and asking whether she could provide any additional information concerning the status of my pending investigation.

8. Following my inquiry, I received notification that Harris County's response to my Amended Charge had been uploaded to the EEOC Public Portal. However, I did not

receive a substantive update concerning the investigation's status until Investigator Salazar contacted me on March 5, 2026.

9. I retained recordings of both July 14, 2025 telephone calls, including my communication with the EEOC's national contact center and the voicemail I left for Investigator Salazar.

## II. THE EEOC INVESTIGATOR'S REPRESENTATION AND MY UNDERSTANDING OF THE FILING DEADLINE

10. On March 5, 2026, Investigator Salazar contacted me by telephone to advise that the EEOC had completed its investigation and would be issuing a Determination and Notice of Rights.

11. During that conversation, Investigator Salazar informed me that I would have 90 days to file a lawsuit in federal court. Later in the same conversation, she instructed me to allow her until the following day, March 6, 2026, to upload the Notice of Right to Sue to the EEOC Public Portal, stating, "give me by tomorrow, I should have the right to sue uploaded." I understood these representations together to mean that the Notice would become available on March 6, 2026, and calculated my filing deadline accordingly. I retained a recording of that conversation.

12. Based upon Investigator Salazar's representations concerning when the notice would become available and the ensuing 90-day filing period, I understood June 4, 2026, to be my deadline for filing suit. I calculated the filing period from March 6, 2026, and proceeded in accordance with that understanding.

13. When completing the standardized *pro se* employment-discrimination Complaint form, I entered March 5, 2026, in the field requesting the date I received the Notice of

Right to Sue because that was the date printed on the Notice itself under "Issued On." That entry did not explain the separate circumstances concerning Investigator Salazar's oral representations or how I calculated my filing deadline in reliance upon those representations. The standardized Complaint form did not specifically request that additional information.

## III. EFFORTS TO SECURE LEGAL REPRESENTATION DURING THE 90-DAY FILING PERIOD

14. Following issuance of the Notice of Right to Sue, I continued pursuing my claims and made efforts to secure legal representation before commencing this lawsuit.

15. On March 9, 2026, I received an email from Oberti Sullivan LLP confirming that an attorney had reviewed the information I provided concerning my case. The firm declined representation and supplied referrals to other attorneys. A true and correct copy of that email is attached as Exhibit A-1.

16. On April 30, 2026, I received an email from Rob Wiley, P.C., acknowledging my inquiry, advising that the firm could not accept my matter, and providing referrals to other attorneys and legal organizations. A true and correct copy of that email is attached as Exhibit A-2.

17. On May 8, 2026, I received an email from HKM Employment Attorneys declining representation. A true and correct copy of that email is attached as Exhibit A-3.

18. On June 3, 2026, I received an email from Shellist Lazarz Slobin LLP advising that the firm would not be able to accept my case. This correspondence was received just one day before June 4, 2026, which I understood to be the applicable filing deadline, and reflects my continued efforts to obtain legal representation as that deadline

approached. A true and correct copy of the correspondence is attached as Exhibit A-4.

19. The June 3, 2026 correspondence also referred me to attorney Jeremy Wright of Kator, Parks, Weiser & Wright, P.L.L.C. At approximately 12:52 p.m. that same day, I called the telephone number provided in the referral, (512) 322-0600, continuing my efforts to secure legal representation. The outgoing call is documented in my AT&T wireless records, attached as Exhibit A-5. Telephone numbers unrelated to the calls discussed in this Declaration have been redacted from Exhibit A-5 for privacy purposes.

20. In addition to the law firms identified above, I contacted several other law firms seeking legal representation but either received no response to my inquiries or was verbally advised by telephone that the firms would not accept my case. I do not possess written documentation of every completed online questionnaire, telephone conversation, or verbal refusal. During several of these communications, I was informed that the firms either did not handle cases filed in federal court or, although they handled federal litigation, did not accept cases against government entities.

## IV. PREPARATION AND FILING OF THE FEDERAL COMPLAINT

21. On June 3, 2026, having been unable to secure legal representation despite my efforts, I decided to pursue my claims independently as a *pro se* plaintiff. I spoke with my brother, Christian Dixon, and explained that I had exhausted my efforts to find an attorney willing to represent me. I informed him of my decision to file the lawsuit myself and asked to borrow the money necessary to pay the federal court filing fee. My brother transferred the funds to me that day.

22. On June 3, 2026, I completed preparation of my Complaint after the Clerk's Office

had closed for business. I intended to file my Complaint in person the following day, which I understood to be the applicable statutory deadline.

23. On June 4, 2026, at approximately 9:29 a.m., I called the Clerk's Office of the United States District Court for the Southern District of Texas, Houston Division, at (713) 250-5500, to inquire about filing procedures. Later that day, I appeared in person at the courthouse, paid the filing fee, and filed my Complaint against Harris County. The outgoing telephone call is documented in my AT&T wireless records, attached as Exhibit A-5.

24. Exhibits A-1 through A-4 are true and correct copies of correspondence I received concerning my efforts to obtain legal representation, and I have retained the original electronic correspondence. Exhibit A-5 is a true and correct screenshot of call records displayed through my AT&T wireless account, reflecting the outgoing telephone calls described in paragraphs 19 and 23 of this Declaration.

I declare under penalty of perjury under the laws of the United States of America, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed on this 12th day of October, 2026, at Pearland, Texas.

Tiffany Nicole Dixon
Plaintiff Pro Se
12313 Winebrook Drive
Pearland, Texas 77584
Telephone: (281) 450-4674
Telephone: (737) 382-0187
Tdixon2313@yahoo.com