EXHIBIT
E

# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 24, 2025

Lyle W. Cayce
Clerk

No. 24-30403

Edosa Addley Festus Ogbebor,

*Plaintiff—Appellant*,

*versus*

Kenneth Hardy; Tyler Daigle; Jacob Ortego; David Latisser; Earnest Payne; Et al.,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:24-CV-313

Before King, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:*

Edosa Addley Festus Ogbebor appeals the *sua sponte* dismissal of his pro se civil rights complaint as time-barred. We VACATE and REMAND.

I

Between August 2008 and September 2022, Ogbebor was arrested and prosecuted in Louisiana six different times. On February 29, 2024, he

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

sued the City of Lafayette, the Lafayette Police Department (LPD), several LPD officers, the University of Louisiana at Lafayette (ULL), ULL campus police officers, the District Attorney's Office, the Public Defender's Office, and the state district court (collectively, Defendants), under 42 U.S.C. § 1983 for various alleged constitutional violations.[1] His 164-page pro se complaint included allegations of unlawful arrest, excessive force, illegal search and seizure, due process violations, suppression of his free speech rights, ineffective assistance, prosecutorial misconduct, and systemic failures to train or supervise officers, protect him, or provide adequate redress for his complaints. He sought compensatory and punitive damages and injunctive relief.

A magistrate judge recommended that all Ogbebor's claims be *sua sponte* dismissed with prejudice for failure to state a claim because they were barred by the applicable statute of limitations—the one-year personal injury limitations period in the forum state of Louisiana. She found that the face of the complaint established that Ogbebor's claims were brought well beyond the expiration of the one-year period of limitations.

Ogbebor objected to the recommendation, arguing for the first time that his claims were timely because he had alleged "a coherent pattern of behavior by Defendants that collectively support[ed] a systemic violation of constitutional rights" through the date he filed his lawsuit. Citing *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), he argued that the "continuing violation doctrine" tolls the statute of limitations "in cases where a plaintiff experiences an ongoing pattern of discrimination or other

[1] The complaint also alleged claims against the U.S. Air Force, an Air Force reserve unit, and the Federal Aviation Administration for exposure to harmful chemicals and pesticides in October 2020. These parties are not listed as defendants on the district court's docket sheet, however.

illegal conduct," and the doctrine is "particularly applicable given the recurring interactions with law enforcement detailed in the complaint that cumulatively constitute a continuous violation of [his] rights." He also asserted that he had been arrested approximately two months after he filed his civil rights complaint; the arrest was "part of a continuous pattern of actions by" some of the defendants and, "like previous incidents, involved significant procedural irregularities and potential abuses of power;" and "[t]he recent judicial and prosecutorial actions are intrinsically linked to the historical pattern of misconduct detailed in [his] complaint."[2]

A judgment dated May 22, 2024, stated that the district court had conducted a de novo review, and it accepted the magistrate judge's recommendation and dismissed the complaint with prejudice for failure to state a claim. The judgment did not expressly address the application of the continuing violation doctrine or the new allegations and claims in Ogbebor's objections.

## II

### A

Ogbebor argues that the district court's dismissal of his complaint violated his due process rights. We liberally construe his pro se argument as challenging the district court's authority to *sua sponte* dismiss his non-prisoner, fee-paid action as untimely. *See EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) (noting that pro se filings are liberally construed).

---

[2] Ogbebor also alleged, for the first time, constitutional violations by the commissioner judge who signed the warrant for his post-complaint arrest, and he moved to recuse the judge in the criminal matter. Although the commissioner judge had also signed the warrant for Ogbebor's prior arrest in 2022, the judge was not named as a defendant in the complaint.

We review a district court's decision to *sua sponte* dismiss an action de novo. *See Miller v. Sam Houston State Univ.*, 986 F.3d 880, 888 (5th Cir. 2021).[3]

We have held that "the district court has a general power to dismiss cases *sua sponte*." *Carver v. Atwood*, 18 F.4th 494, 496 (5th Cir. 2021). For example, "a district court may dismiss a complaint on its own for failure to state a claim." *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006). While a district court is "authorized to consider the sufficiency of the complaint on its own initiative," *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 642 (5th Cir. 2007) (quotation omitted), we have previously cautioned against courts raising waivable affirmative defenses *sua sponte*, *Warnock v. Pecos County*, 116 F.3d 776, 778 (5th Cir. 1997) (noting that an affirmative defense under Rule 8(c) "generally should not [be] raise[d] *sua sponte*").

The statute of limitations is an affirmative defense that is usually waived if not timely pleaded by a defendant. Fed. R. Civ. P. 8(c); *Davis v. Huskipower Outdoor Equip. Corp.*, 936 F.2d 193, 198 (5th Cir. 1991). District courts may *sua sponte* raise a non-jurisdictional limitations defense "only in a limited number of particular circumstances." *Lebouef v. Island Operating Co., Inc.*, 342 F. App'x 983, 984 (5th Cir. 2009).[4] Those circumstances include habeas corpus proceedings, prisoner actions under 28 U.S.C. § 1915A, and *in forma pauperis* suits under 28 U.S.C. § 1915. *Id.* & n.1; *see Kiser v. Johnson*,

[3] Ogbebor asserts that the dismissal also "raises concerns about potential judicial retaliation and bias." Because he has failed to provide argument in support, he has abandoned this issue. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993) (holding that pro se appellant abandoned argument because of inadequate briefing). Even if considered, however, an adverse ruling, standing alone, does not support an allegation of bias by a court. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

[4] Although unpublished opinions issued on or after January 1, 1996, are not precedential, they may be considered persuasive authority. *See Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006); 5th Cir. R. 47.5.4.

163 F.3d 326, 328–29 (5th Cir. 1999). "[I]n an ordinary civil case, where the district court has no special duty to examine the pleadings, the affirmative defense of statute of limitations can be waived and may not be raised by the court *sua sponte.*" *Id.* (citing *Eriline Co. v. Johnson*, 440 F.3d 648, 657 (4th Cir. 2006)).[5]

Because he is not a prisoner or proceeding *in forma pauperis*, the district court erred in *sua sponte* dismissing Ogbebor's claims as time-barred.

B

Ogbebor contends that the district court erroneously dismissed his claims as time-barred without considering the evidence of "repeated and ongoing violations of [his] constitutional rights." In his objections to the magistrate judge's report, Ogbebor argued that the continuing violation doctrine applied, alleged ongoing violations that occurred since filing suit, and asserted claims against a new party.

Generally, a district court may construe allegations first raised in a pro se litigant's objection to a magistrate judge's report as a motion to amend a complaint. *See United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996). Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend a pleading once as a matter of course and thereafter with leave of court, which should be freely given when justice so requires. FED. R. CIV. P. 15(a). "Additionally, before *sua sponte* dismissing a pro se litigant's case with prejudice, a district court ordinarily must provide an opportunity to amend the complaint to remedy the deficiencies." *Carmouche v. Hooper*, 77 F.4th

[5] *See also Maalouf v. Islamic Republic of Iran*, 923 F.3d 1095, 1109 (D.C. Cir. 2019) ("It is well established that a statute of limitations, like other affirmative defenses, generally may not be invoked by the court on its own motion."); *United States v. Mitchell*, 518 F.3d 740, 748 (10th Cir. 2008) ("In general, a statute of limitations may not be raised *sua sponte* and all circuits to consider this issue have held so explicitly.") (collecting cases).

362, 368 (5th Cir. 2023). We review the denial of a motion to amend for abuse of discretion. *Riascos*, 76 F.3d at 94.

Here, the district court neither acknowledged nor addressed Ogbebor's new arguments, claims, or factual allegations in his objections, so it implicitly denied his motion to amend. *See Moler v. Wells*, 18 F.4th 162, 167–68 (5th Cir. 2021) (construing district court's order adopting the magistrate judge's report, which did not mention a claim first raised in plaintiff's objection to the report, as implicitly denying the motion to amend the complaint). The failure to construe Ogbebor's objections as a motion to amend and to consider the allegations and claims was an abuse of discretion. *See Riascos*, 76 F.3d at 94–95 (holding that district court's failure to liberally construe pro se filing as a motion to amend complaint was an abuse of discretion); *see, e.g., Welsh v. Lamb Cnty.*, No. 22-10124, 2023 WL 3918995, at *3 (5th Cir. June 9, 2023) ("Because Welsh was *pro se*, and because his added factual allegation defeats the sole basis for the dismissal of his claim, we conclude that the district court abused its discretion in failing to consider the added allegation in ruling on Welsh's objections."). We express no opinion as to the ultimate merits of Ogbebor's claims or whether his claims are in fact time-barred.

* * *

We VACATE the judgment of the district court and REMAND for further proceedings consistent with this opinion.